UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, New York, N.Y.

v. 12 CR 973 (PGG)

MATHEW MARTOMA,

Defendant.

------------------------------x

January 3, 2013
11:35 a.m.

Before:

HON. PAUL G. GARDEPHE,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: ARLO DEVLIN-BROWN
Assistant United States Attorney

CHARLES STILLMAN
NATHANIEL MARMUR
Attorneys for Defendant

Also Present: Matthew Callahan, FBI

THE DEPUTY CLERK: All rise.

THE COURT: Please be seated.

(Case called)

THE DEPUTY CLERK: Is the government ready?

MR. DEVLIN-BROWN: Yes. Good morning, your Honor, Arlo Devlin-Brown for the government. With me at counsel table is Special Agent Matthew Callahan with the FBI.

THE DEPUTY CLERK: Defendant ready?

MR. STILLMAN: Yes, your Honor. Good morning, Charles Stillman and Nathaniel Marmur for Mathew Martoma.

THE COURT: Good morning.

MR. MARMUR: Good morning.

THE COURT: I believe we're here for purposes of arraigning the defendant, is that correct?

MR. STILLMAN: Yes, your Honor.

THE COURT: All right. Mr. Martoma, would you please rise?

You're here with Mr. Stillman and Mr. Marmur this morning as your attorneys, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Have you received a copy of the indictment which reflects the charges against you?

THE DEFENDANT: Yes, your Honor.

THE COURT: And have you had an opportunity to read the indictment?

THE DEFENDANT: Yes, your Honor.

THE COURT: And have you discussed it with your attorneys?

THE DEFENDANT: Yes, your Honor.

THE COURT: You should understand that in count one of the indictment you are charged with violating Title 18 United States Code, Section 371, which prohibits conspiring or agreeing to commit an offense against the United States, in this case securities fraud through an insider trading scheme involving the sale and short sale of stock in two companies, Wyeth and Elan Corporation.

You're charged in count two of the indictment with actually committing securities fraud through insider trading involving the sale or short sale of stock in Elan Corporation in violation of Title 15 United States Code, Section 78jb, and 78ff, and Rule 10(b)(5).

You are charged in count three of the indictment with another count of securities fraud through insider trading involving the sale or short sale of stock in Wyeth, again in violation of 15 United States Code, Section 78jb and 78ff, and Rule 10(b)(5).

Do you wish me to read the indictment to you now in open court?

THE DEFENDANT: No, your Honor.

THE COURT: With respect to count one of the

indictment, how do you plead, guilty or not guilty?

THE DEFENDANT: I plead not guilty, your Honor.

THE COURT: With respect to count two of the indictment, how do you plead, guilty or not guilty?

THE DEFENDANT: I plead not guilty, your Honor.

THE COURT: And with respect to count three of the indictment, how do you plead, guilty or not guilty?

THE DEFENDANT: I plead not guilty, your Honor.

THE COURT: You may be seated.

All right, Mr. Devlin-Brown, do you want to tell me about what the nature and magnitude of discovery in the case will be?

MR. DEVLIN-BROWN: Yes, your Honor. I can advise you of that, as well as our plan to produce it in the timeframe for doing so.

The discovery in this case consists primarily of trading records and phone records, as well as e-mails and other business records from various entities, but principally of relevance are from Elan, as well as the Hedge Fund and the Expert Networking Firm that are referred to in the indictment.

The Government's plan is to produce all of this discovery in electronic form, including limited productions that were made to the government in paper. And in most cases including with the voluminous discovery, such as discovery produced by the Hedge Fund, that means producing it in a format

that is going to be, we hope, in the means that can be loaded into any sort of database the defense chooses to use and can be searched through various fields, including the text of the document.

The vast majority of this discovery we are actually in the process of copying right now, and plan to provide, assuming the copying goes without issue, to the defense by the end of the day tomorrow.

The remaining discovery we expect to be substantially complete by January 15th. And there is only two caveats which I would add, your Honor. One is that there is an ongoing investigation in this and related matters, and it's of course entirely likely that in connection with those investigations, the government will receive new documents, and when we do we will provide those to the defense, assuming they're discoverable under the rules.

The second exception, of course, is to the extent the issues that are going to be disputed either legally or factually become clearer through motion practice, or as we prepare for trial, and there's other material that in light of that seems that it should be turned over to the defense, we will of course turn that material over as well. But we're going to obviously take a broad approach to discovery in the first instance and produce substantially all of it by January 15th.

THE COURT: All right. Mr. Stillman, do you anticipate any motions in the case?

MR. STILLMAN: At this point I'm not quite sure I have an answer for your Honor. The answer is that there may very well be, but for me to give you an answer now would just be meaningless in the circumstances.

I have -- Mr. Devlin-Brown and Mr. Marmur and I did have a chat this morning before coming here, and I could throw out to you what we have been talking about to see whether that fits with your Honor's view as to how you'd like the case to go forward, and that is this.

Taking Mr. Devlin-Brown, you know, as he has explained it to us, we, at his request, delivered to him a hard drive capable of carrying a terabyte of information. Four months ago I could not have told you what a terabyte was, but I can actually tell you that I know it's a thousand gigabytes. And now if you ask me what a thousand gigabytes is, now you'd be pushing go to another place, but I gather it's a lot of material.

And so what we planned is as follows, your Honor: That after we get the terabyte of material, we'll take a look -- we're going to get it loaded, we have a service already lined up ready to go, they're very competent, we used them earlier last year with four terabytes, and subject to some glitches and things, were able to make it work. Once we get

that, we will then, as soon as we get a sense of what we have, then get to Mr. Brown a Rule 16 discovery letter to the extent that we're trying to pick up things that are not on the, you know, included within the terabyte.

We had talked about trying to do that in 30 days. I will just -- and I apologize, but just tweak that to say to do it 30 days from the actual getting of the terabyte, and get him that. And then thought, your Honor, as a suggestion that we perhaps reconvene here, and the date we had talked about subject to your Honor's schedule, would be March the 5th, which is roughly about 60 days from today, and report to you as to where we are. And by that point we may have an idea of what motions we think are doable and ask your Honor to set a schedule and to determine whether or not we have any discovery-type issues.

The other thing I'd like to suggest is that because of this kind of experience that we had last year where, with no fault of anybody in the lawyering side of this, there was some technical issues with what was on the hard drives, we're not going to hold that back. If we see it, we'll be in touch with Mr. Devlin-Brown, report that to him and try to get all that technical stuff worked out so that we're working with the same material. And then, as I say, on the 6th of March hopefully be in a position to -- if we do have motions to make them. If I don't, I'll tell you that too. But if we do, review that with

your Honor, ask for a schedule, and go forward from there.

THE COURT: All right. Did you say the 5th or the 6th?

MR. STILLMAN: Oh, the 5th. I'm sorry. If you don't mind, your Honor, please. Yes.

THE COURT: Let me consult with my Deputy as to the 5th. All right, I can offer you 12:30 on the 5th. Is that convenient?

MR. STILLMAN: Yes, sir.

MR. DEVLIN-BROWN: That's fine, your Honor.

THE COURT: All right. I take it, Mr. Devlin-Brown, you're agreeable to everything that Mr. Stillman just said about the discovery process and so forth?

MR. DEVLIN-BROWN: That all sounds fine. And we too and the government are familiar with and will try to work with all of the technical issues that sometimes go along in cases like this.

MR. STILLMAN: I apologize to Mr. Devlin-Brown for not raising this with him outside of the courtroom, but I just want to ask him on the record, if I could, please. We're assuming that there are no Title III wiretaps involved in this lawsuit.

MR. DEVLIN-BROWN: We don't plan to produce any Title III wiretaps in discovery, and at this point have no reason to believe any would be relevant to this case.

MR. STILLMAN: Thanks.

THE COURT: Does the government wish to exclude time between now and March 5th?

MR. DEVLIN-BROWN: Yes, your Honor, so that defense can review the discovery.

MR. STILLMAN: And we consent to that, your Honor.

THE COURT: All right. Then I will exclude time between today and March 5th, 2013 under the Speedy Trial Act pursuant to Title 18 United States Code, Section 3161(h)(7)(a) to permit defense counsel to review the discovery materials to be produced by the government, to determine whether there will be any pretrial motions in the case. I do find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

I do have an order that you handed up. I haven't had an opportunity to read it yet. I'll read it back in chambers. If I have any problems with it, I'll let you know, but I understand it's been signed by both sides.

MR. DEVLIN-BROWN: Yes, your Honor.

MR. STILLMAN: Yes, sir.

THE COURT: Okay. Anything else we should take up this morning?

MR. STILLMAN: I think we're under way, your Honor.

THE COURT: All right.

MR. DEVLIN-BROWN: Nothing from the government.

THE COURT: All right, thank you.

(Adjourned to March 5, 2013 at 12:30 p.m.)