# EXHIBIT B



THE UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT *of* NEW YORK

**SEARCH THE SITE**

Search      SEARCH

HOME      ABOUT      MEET THE U.S. ATTORNEY      DIVISIONS      NEWS      PROGRAMS      EMPLOYMENT      CONTACT US

Home » News » Press Conferences 2012



PRESS CONFERENCES

UNITED STATES ATTORNEYS' OFFICES
**HOMEPAGE**

UNITED STATES ATTORNEYS'
**BRIEFING ROOM**

### U.S. V. Samir Barai, Et Al.
### Prepared Remarks For U.S. Attorney Preet Bharara
### February 8, 2011

*Press Conferences 2012*

Good afternoon. My name is Preet Bharara, and I am the United States Attorney for the Southern District of New York.

Today we announce yet another round of insider trading charges, this time against four hedge fund professionals. They are:

- Samir Barai, a hedge fund portfolio manager who led his own fund;

- Donald Longueuil, a former hedge fund managing director and portfolio manager;

- Noah Freeman, a former research analyst and portfolio manager; and

- Jason Pflaum, a hedge fund research analyst who worked for Mr. Barai.

Two of these men – Jason Pflaum and Noah Freeman – have already pled guilty to insider trading offenses and have agreed to cooperate with the ongoing investigation. These criminal charges are of course on top of those unsealed over the last three months against eight other defendants who were either so-called consultants for, or employees of, an expert networking firm.

The Complaint unsealed today is a sad chronicle not only of criminal conduct but also its brazen cover up.  It is precisely the type of pervasive and pernicious activity that causes average people to think that they would be better off pulling their money out of Wall Street and stuffing it in a mattress.

As alleged, the scheme touched half a dozen hedge funds, affected at least that many publicly-traded companies, and yielded millions of dollars in illicit profits.  As we allege, the defendants – while employed variously at many hedge funds – cultivated and paid off entire networks of corrupt insiders at different public companies for blatantly illegal inside information.  The charging documents do not describe people engaged in legitimate market research or innocent channel checking or otherwise benign behavior.  They allege hard core insider trading – in stock after stock after stock, people boldly trafficking in still-secret revenue numbers, gross margins, earnings per share, and other clearly material non-public information, so that they could cheat their way to more and more profit.  Given the scope of the allegations to date, we are not talking simply about the occasional corrupt individual; we are talking about something verging on a corrupt business model, for the defendants seem to have taken the concept of social networking and turned it into a criminal enterprise.

What's worse, last November, when two of the defendants – Barai and Longueuil – believed that federal authorities were closing in, according to the Complaint, they systematically set about to destroy any and all evidence tying them to the criminal enterprise.  I'll have more on that in a moment.

But first, let me introduce the other speakers here today.   I am joined today by Jan Fedarcyk, the Assistant Director in Charge of the New York Division of the FBI.  Also here is Rob Khuzami, the Director of Enforcement for the Securities and Exchange Commission, as well as George Canellos of the New York Regional Office of the SEC. I want to thank them and



**Community Outreach**

**Giving Back to the Community through a variety of venues & initatives.**



VWA
VICTIM WITNESS ASSISTANCE

**Making sure that victims of federal crimes are treated with compassion, fairness and respect.**



OFICINAS DE LOS FISCALES DE
LOS ESTADOS UNIDOS
EN ESPAÑOL



STAY CONNECTED

Twitter



**National Terrorism Advisory**

their dedicated teams for all the hard work and assistance. I especially want to thank the prosecutors from my Office. They are Christopher Garcia and Marc Berger, the Chief and Deputy Chief of our Securities and Commodities Task Force, and the AUSAs handling today's prosecutions, AUSAs Avi Weitzman and David Leibowitz and SAUSA Andrew Michaelson.

Let me now take a moment to talk about the particulars of today's charges. First, the insider trading charges. As I already mentioned and as the documents detail, Barai and Longueuil and Freeman – working directly on behalf of different hedge funds – acted in concert to buy and barter critical inside information about public companies. In particular and among other things, the Complaint alleges:

- That the defendants had frequent conference calls with insiders and each other during the quarterly reporting season;

- That they got specific, on-the-nose information about corporate earnings before they were made public;

- That, in a sort of triangle of trust, the three portfolio managers shared their sources and networks with each other and pooled their illegal inside information; and

- That, to avoid detection, Freeman and Longueuil tended to maintain their inside information on portable flash drives, rather than on hedge fund servers.

Now let me talk about the obstruction charges against Barai and Longueuil. On the night of November 19, 2010, media outlets posted stories on the Internet reporting that federal authorities were preparing insider trading charges against hedge fund managers and others in connection with a probe of so-called expert networking firms. We allege that, in response to those reports, that very same night, two of the defendants – Samir Barai and Donald Longueuil – took dramatic steps to "delete," "shred," "encrypt," "destroy," "chop," and "rip apart" evidence of the inside information they bought and traded on. What's more, Samir Barai allegedly directed research analyst (and now cooperating witness) Jason Pflaum to go into the office of their hedge fund that weekend to destroy evidence. He also allegedly asked Pflaum to bring over his laptop computer so that Barai could permanently delete any incriminating files.

Here's a portion of a blackberry messenger exchange between Barai and Pflaum:

- I think U just go into office

- Shred as much as u can

- Put all ur data files onto an encrypted drive

And here's what Donald Longueuil is alleged to have done. It was like something out of a bad movie:

Late on the night that the media reports were posted, Longueuil took two pairs of pliers to obliterate the flash drive where he kept inside information. It may be the first-ever documented use by a portfolio manager of pliers as a tool of the trade. In a recorded conversation, he described in his own words to Noah Freeman exactly what he did:

Here he is referring to his flash drive containing inside information:

"So I just [expletive] ripped it apart right there. . . . pulled the external drives apart. . . . Put them into four separate little baggies, and then at 2 a.m. . . . on a Friday night, I put this stuff inside my black North Face [u/i] jacket, . . . and leave the apartment and I go on like a twenty block walk around the city . . . and try to find a garbage truck . . . and threw the [expletive] in the back of like random garbage trucks, different garbage trucks . . . four different garbage trucks."

That exchange, by the way, is just the latest example of why we often have no choice but to use aggressive law enforcement methods to go after insider trading. That chart and this Complaint are Exhibit A for why we sometimes have to resort to wiretaps and body wires to investigate white collar crime on Wall Street. Generally speaking, when people frantically begin shredding sensitive documents and deleting computer files and smashing flash drives and chasing garbage trucks at 2 o'clock in the morning, as we will argue in Court, it is not because they have been operating legitimately; it is because they have broken the law, they know it, and they don't want to get caught.

Now, let me make something crystal clear. There is nothing inherently wrong or bad about

hedge funds or expert networking firms or aggressive market research, for that matter. Nothing at all. But if you have galloped over the line; if you have repeatedly made a mockery of market rules; if you have converted a legitimate enterprise into an illegal racket, then you have done something wrong and you will not get a pass.

If you've made criminal activity your business model, then business as usual has to stop. Or the consequences, as dozens of defendants have now discovered, will be severe. There are rules and there are laws, and they apply to everyone. No one is above the law.  And those who would excuse or rationalize brazen criminal conduct of the type alleged today are neither friends of Wall Street nor allies of business. And they are certainly not supporters of the investing public. The truest defenders of business and Wall Street are those who are aiding the effort to clean it up.

In the last 18 months, this Office, in close partnership with the FBI, has criminally charged 46 defendants with insider trading offenses. Of those, 29 have already pled guilty. Many are cooperating with us. And while we appear to have a long way to go still, we intend to be as systematic and methodical in attacking insider trading as we allege today's defendants were in practicing it.

Return to Top



| HOME | ABOUT | PRESS RELEASES | MEET THE US ATTORNEY | DIVISIONS | PROGRAMS | EMPLOYMENT | CONTACT US |
|------|-------|----------------|----------------------|-----------|----------|------------|------------|
|  | The District | Conferences | U.S. Attorney | Civil Division | Victim Witness | AUSAs | Telephone |
|  | Office History | Speeches | Senior | Criminal | Services | Support Staff | Mail |
|  |  |  | Leadership | Division |  | Intern Program | Webmaster |
|  |  |  |  |  |  |  | Report A Crime |

Site Map
Accessibility
FOIA
Privacy Policy
Legal Policies & Disclaimers

Justice.gov
USA.gov