# EXHIBIT D

Law Offices
## STILLMAN & FRIEDMAN, P.C.

425 Park Avenue
New York, NY 10022
www.stillmanfriedman.com

CHARLES A. STILLMAN
JULIAN W. FRIEDMAN
SCOTT M. HIMES
MARJORIE J. PEERCE
JOHN B. HARRIS
JAMES A. MITCHELL
MICHAEL J. GRUDBERG
NATHANIEL Z. MARMUR
BRIAN D. COAD

MARY MARGULIS-OHNUMA

NATHANIEL I. KOLODNY
ERIK M. ZISSU
LAURA P. WEXLER
ELAINE K. LOU

TELEPHONE
(212) 223-0200
FACSIMILE
(212) 223-1942

**VIA E-MAIL**

February 22, 2013

Arlo Devlin-Brown, Esq.
Assistant United States Attorney
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007

   Re: **United States v. Martoma, 12 Cr. 973 (PGG)**

Dear Mr. Devlin-Brown:

  I write on behalf of Mathew Martoma to request that the government provide a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, as follows:

1. Please identify the basis for the allegation in paragraph 5 that "Elan expressly forbade members of the SMC from disclosing 'any and all data, safety, efficacy, or otherwise' about the Drug Trial before the data was released to the public," including the source(s) for Elan's position as alleged.

2. Please identify the basis for the allegations in paragraph 6 that "[t]he Expert Networking Firm expressly advised its experts, including the CW, and employees of its financial industry clients, including . . . the defendant, that experts 'participating in clinical trials may not discuss the patient experience or trial results not yet in the public domain,'" including the source(s) for the position of the Expert Networking Firm as alleged.

3. With respect to the allegations in paragraph 8, please identify

  (a) the date, time and nature of the "42 consultations with the CW through the Expert Networking Firm" arranged by the defendant;

    (b) how defendant "[i]n these paid consultations, through an exploitation of [the defendant's] personal and financial relationship with the CW, . . . sought and obtained from the CW Inside Information about the Drug Trial," including the nature, means and circumstances of the "exploitation";

    (c) the specific "Inside Information" sought and obtained in connection with each consultation;

    (d) the purchases by defendant for his own portfolio of shares of Elan and Wyeth stock allegedly "[b]ased in part on this Inside Information," including the date of purchase, the number of shares purchased and the purchase price; and

    (e) the date, substance and circumstances of the recommendations by the defendant that "the founder and principal owner of the Hedge Fund (the 'Hedge Fund Owner') buy additional shares [of Elan and/or Wyeth stock] for the Hedge Fund, which the Hedge Fund Owner did," and the specifics of any shares purchased based on those recommendations.

4.    With respect to the allegations in paragraph 9, please identify

    (a) the means by which the CW "sent [defendant] the confidential presentation slides he had received from Elan";

    (b) the date and time the slides were sent;

    (c) any circumstances related to the defendant's ability to review the slides, including whether the slides were transmitted electronically with a password or encryption key for accessing the slides; and

    (d) any communications between the CW and the defendant concerning the CW's sending the slides to the defendant, including any communications to enable the defendant to review, access or obtain the slides.

5.    With respect to the allegations in paragraph 10, please identify

    (a) how the final results of the Drug Trial "were negative;" and

    (b) each of the transactions in or related to Elan and Wyeth securities, including sales, "'short sales'" and "various options trades," which the defendant "after receiving the negative confidential data from the CW . . . caused the Hedge Fund" to engage in, including the date, the number of shares or contracts and prices of such transactions.

6.    With respect to the allegations in paragraphs 12, please identify

    (a) the "others known and unknown" who allegedly conspired with the defendant to commit the offenses alleged; and

Law Offices
**STILLMAN & FRIEDMAN, P.C.**

    (b) the specific unlawful agreement.

7. With respect to the allegations in paragraph 13, please identify

    (a) the "devices, schemes and artifices to defraud";

    (b) the "untrue statements of material fact" allegedly made and the "material facts necessary in order to make the statements made . . . not misleading" allegedly omitted; and

    (c) the "acts, practices and courses of business" which allegedly operated and would operate as a fraud and deceit.

8. With respect to the allegations in paragraph 14(a), please identify

    (a) the specific "Inside Information about the Drug Trial" that the CW misappropriated;

    (b) the date(s) the CW misappropriated the specific Inside Information about the Drug Trial;

    (c) how the CW "misappropriated" Inside Information about the Drug Trial with respect to each instance of such misappropriation;

    (d) the "fiduciary and other duties of trust and confidence owed by the CW to Elan" allegedly violated by the CW, including the source(s) of such duties;

    (e) the "expectations of confidentiality regarding Elan information" allegedly violated by the CW, including the source(s) of such expectations of confidentiality and who had such expectations;

    (f) the "policies of Elan regarding the use and safekeeping of Inside Information" allegedly violated by the CW, including the source(s) of such policies;

    (g) how the CW "violated" each of the fiduciary and other duties of trust and confidence, the expectations of confidentiality, and the policies of Elan as alleged;

    (h) whether the CW owed, or was subject to or bound by, any duties of trust and confidence, expectations of confidentiality, or policies regarding the use and safekeeping of Inside Information with regard to any entity or person other than Elan, and, if so, the source(s) thereof;

    (i) whether the CW violated any duties of trust and confidence, expectations of confidentiality, or policies regarding the use and safekeeping of Inside Information owed or with regard to any entity or person other than Elan, and, if so, the nature and circumstances of such violation; and

3

Law Offices
**STILLMAN & FRIEDMAN, P.C.**

    (j) whether the defendant knew or had reason to know that the CW violated any fiduciary and other duties of trust and confidence, expectations of confidentiality, or policies as alleged.

9. With respect to the allegations in paragraph 14(b), please identify the circumstances of and manner by which the defendant "obtained the Inside Information about the Drug Trial from the CW through an exploitation of his personal and financial relationship with the CW," including the nature, means and circumstances of the "exploitation."

10. With respect to each of the Counts of the indictment, and the allegations of paragraph 9 in particular, please identify and describe

    (a) any personal benefit received by the CW, or expected to be received by the CW, in exchange for providing Inside Information to the defendant; and

    (b) the defendant's knowledge of any such personal benefit received, or expected to be received, by the CW.

11. Please identify separately for Count Two and Count Three of the indictment whether the government's theory of prosecution is the misappropriation or classical theory of unlawful insider trading in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and/or Title 17, Code of Federal Regulations, Section 240.10b-5.

                                    Sincerely,

                                    Nathaniel Z. Marmur

NZM:mm