**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

v.

MATHEW MARTOMA,

Defendant.

Criminal Case No.: 12 Cr. 973 (PGG)

**DEFENDANT MATHEW MARTOMA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS**

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel P. Roeser (DR2380)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

May 20, 2013

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................1

ARGUMENT ....................2

THE GOVERNMENT SHOULD PROVIDE PARTICULARS CONCERNING ANY ALLEGED INSIDE INFORMATION AND TRADES BASED THEREON ....................2

A. The Government Should Provide Particulars As To The Nature And Timing Of Mr. Martoma's Alleged Receipt Of Any Inside Information ....................2

B. The Government Should Provide Particulars As To Mr. Martoma's Alleged Trading On The Basis Of Inside Information ....................6

THE GOVERNMENT'S AGREEMENT TO PROVIDE THE IDENTITIES OF ALLEGED CO-CONSPIRATORS SHOULD BE FULFILLED BY JULY 31, 2013....................7

CONCLUSION....................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*United States v. Bin Laden*,
92 F. Supp. 2d 225 (S.D.N.Y. 2000)....................4, 5, 7

*United States v. Bortnovsky*,
820 F.2d 572 (2d Cir. 1987)....................5, 7

*United States v. Contorinis*,
09 Cr. 1083 (RJS), 2010 U.S. Dist. Lexis 74739 (S.D.N.Y. May 5, 2010) ....................3

*United States v. DeFabritus*,
605 F. Supp. 1538 (S.D.N.Y. 1985)....................4

*United States v. Gupta*,
No. 11 Cr. 907(JSR), 2012 WL 1066804 (S.D.N.Y. Mar. 27, 2012) ....................4

*United States v. Lino,*
No. 00 CR. 632(WHP), 2001 WL 8356 (S.D.N.Y. Jan. 2, 2001)....................6

*United States v. Nacchio*,
05 Cr. 545(EWN), 2006 WL 2475282 (D. Colo. Aug. 25, 2006) .................... 3-4

*United States v. Rajaratnam*,
No. 09 Cr. 1184(RJH), 2010 WL 2788168 (S.D.N.Y. July 13, 2010) .................... *passim*

*United States v. Saporta*,
270 F. Supp. 183 (E.D.N.Y. 1967) ....................4

*United States v. Savin*,
No. 00 CR. 45(RWS), 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001)....................4

Defendant Mathew Martoma respectfully submits this reply memorandum of law in further support of his Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f), seeking: (1) the specific substance of the inside information alleged in the Indictment and the dates on which Mr. Martoma allegedly received such information; (2) the manner in which the one specific instance of supposed information alleged in the Indictment (a PowerPoint presentation) was purportedly sent to Mr. Martoma; (3) Mr. Martoma's alleged trading—or the trading that he recommended—based on the supposed inside information; and (4) all alleged co-conspirators.[1]

**INTRODUCTION**

In its Opposition to Mr. Martoma's Motion for a Bill of Particulars ("Opposition" or "Opp."), the Government argues that it has provided sufficient particulars with respect to Mr. Martoma's first, second, and third requests. The crux of the Government's argument is that the case against Mr. Martoma is "straightforward" because "[t]his is a one defendant case, involving trades in two securities, both relating to the outcome of a single event: the public announcement of the Drug Trial results on July 29, 2008"—about which the Government argues it has provided sufficient particulars. (Opp. at 7.) Indeed, the Government now apparently concedes that no insider trading occurred prior to July 2008: it explains that the ***only*** trades at issue are those trades in which "[Mr. Martoma] and his employer . . . sold Elan and Wyeth securities over seven trading days prior to the public announcement." (*Id.*) Yet, in the next breath, in an effort to paint a falsely negative picture of Mr. Martoma, the Government purposefully conflates this limited conduct that allegedly occurred in July 2008 with activity that it describes only in vague terms as part of a conspiracy "stretching back in time to late 2006"—nearly two years prior to

[1] Unless otherwise noted, defined terms have the meaning set forth in Mr. Martoma's Memorandum of Law in Support of His Motion for a Bill of Particulars, April 29, 2013, Docket No. 24 ("Opening Memorandum" or "Opening Mem.").

the trading at issue. (*Id.*) The result is that the Government proclaims its allegations are narrow and that it need only particularize the limited information relevant to July 2008, but simultaneously accuses Mr. Martoma of much more extensive conduct that it argues it need not particularize because it does not constitute standalone instances of insider trading. The Government should not be allowed to have it both ways. To the extent the Government accuses Mr. Martoma of insider trading or conspiracy to commit insider trading prior to July 2008, it must particularize its allegations with at least the basic information necessary for Mr. Martoma to defend against those charges.

With respect to Mr. Martoma's fourth request, the Government has agreed to identify all known co-conspirators on or before July 31, 2013. (Opp. at 13.) Mr. Martoma is amenable to this time frame. (*Id.* at 13-14.) Mr. Martoma also agrees that the Government can amend its disclosure based on ***new*** information not in the Government's possession as of July 31, 2013. Mr. Martoma is concerned, however, that the Government's more involved position that would allow it to identify additional co-conspirators after July 31 based on new "analysis" could render the July 31 deadline meaningless. (*See id.* at 14.) As a result, Mr. Martoma respectfully submits that this condition should be rejected, and the Government should disclose the identities of ***all*** known co-conspirators based on ***all*** of the information in its possession as of July 31, 2013.

## ARGUMENT

### THE GOVERNMENT SHOULD PROVIDE PARTICULARS CONCERNING ANY ALLEGED INSIDE INFORMATION AND TRADES BASED THEREON.

### A. The Government Should Provide Particulars As To The Nature And Timing Of Mr. Martoma's Alleged Receipt Of Any Inside Information.

Mr. Martoma's first and second requests go to the nature and timing of his alleged receipt of inside information. As set forth in Mr. Martoma's Opening Memorandum (*id.* at 11-12), *United States v. Rajaratnam* makes clear that, in the insider trading context, the Government

must particularize "the substance of the information provided" and "the dates on which it was conveyed." No. 09 Cr. 1184(RJH), 2010 WL 2788168, at *4-9 (S.D.N.Y. July 13, 2010). The Government asserts that its insider trading allegations in the instant case, which are focused only on trading over a short period of time in July 2008, are "far simpler" than those at issue in *Rajaratnam*. (Opp. at 7, n.2.) However, the Government also claims that the Cooperating Witness provided Mr. Martoma with confidential information about the Drug Trial for nearly two years, beginning in late 2006. (*See id.* at 7, 9-10.) The Government attempts to incorporate these sweeping assertions into its case without providing particulars as to the two-year period, by arguing that they relate only to the conspiracy charge and do not involve substantive insider trading. (*See id.* at 7-10.)

First, the Government seeks "to distinguish between the substantive counts and the conspiracy count." (Opp. at 8.) *Rajaratnam* considered and rejected a similar attempt by the Government. Given "the fact-intensive nature" of insider trading allegations, the court held that—with respect to both the substantive ***and*** conspiracy counts—the Government must provide particulars regarding the content of any alleged inside information and the dates on which it was allegedly exchanged. 2010 WL 2788168, at *3. As the court explained:

> [T]o the extent the government seeks to prove the existence of the conspiracy by showing that the defendants received inside information, the defendants may defend against it by showing that they knew the information to be public or obviously immaterial. Defendants can only prepare this defense if they know more about the nature of the information. For the same reason, it matters when the information was conveyed; information about an upcoming acquisition may be material and nonpublic on one day, and public the next.

*Id.* at *3, n.3. Not surprisingly, "[t]here is precedent for directing the filing of a bill of particulars in an insider trading conspiracy case" because the merits of the charge necessarily "depend heavily on the facts and context." *Id.* at *2 (citing *United States v. Contorinis*, 09 Cr. 1083 (RJS), 2010 U.S. Dist. Lexis 74739, at *1 (S.D.N.Y. May 5, 2010); *United States v.*

*Nacchio*, 05 Cr. 545(EWN), 2006 WL 2475282, at *3, *5-9 (D. Colo. Aug. 25, 2006)).[2] Thus, to the extent the Government intends to prove that the Cooperating Witness provided Mr. Martoma with inside information, whether as part of its allegations of substantive insider trading or as part of an alleged conspiracy to commit insider trading, the Government must particularize the specific inside information that Mr. Martoma allegedly received and the specific dates on which he allegedly received it.[3] The Government has failed to do so in either its charging documents or in its response to Mr. Martoma's previous request for such information. (Opening Mem. at 6-7.) The Government's simple reiteration of its own vague allegations and its suggestion that Mr. Martoma search discovery material to obtain additional information are just as inadequate—particularly where the Government has now produced more than 5 million pages (and counting) in this case. (*See* Opp. at 2-4.)[4] Without more specificity, Mr. Martoma cannot determine the supposed inside information at issue and the dates on which he allegedly received it. *See, e.g.*, *Rajaratnam*, 2010 WL 2788168, at *2 (stating that the Government's identification of the

[2] In addition, the Government is routinely required to particularize the means and methods used to carry out alleged conspiracies in other contexts. *See, e.g.*, *United States v. Bin Laden*, 92 F. Supp. 2d 225, 235-40 (S.D.N.Y. 2000) (ordering the Government to provide particulars regarding overt acts committed pursuant to a conspiracy); *United States v. Savin*, No. 00 CR. 45(RWS), 2001 WL 243533, at *2-4 (S.D.N.Y. Mar. 7, 2001) (ordering the Government to particularize information related to each "intercompany transfer" made pursuant to a conspiracy to commit mail and wire fraud, including (*inter alia*) the dates and amount of such transfers).

[3] Conversely, to the extent that the Government does not intend to prove that Mr. Martoma received inside information prior to July 2008, then its vague and prejudicial innuendo concerning conduct prior to July 2008 should be stricken from all counts of the Indictment as mere surplusage pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure. *See, e.g.*, *United States v. DeFabritus*, 605 F. Supp. 1538, 1546-47 (S.D.N.Y. 1985) (stating that an indictment "may properly include any allegation that is relevant to the case and will constitute part of the government's proof at trial," and granting defendant's motion to strike as surplusage language that "does not add anything to the charges in the indictment and would lead the jury to draw improper inferences regarding other crimes not charged in the indictment") (internal quotation omitted); *United States v. Saporta*, 270 F. Supp. 183, 186 (E.D.N.Y. 1967) (granting defendants' motion to strike as surplusage and highly prejudicial allegations regarding a stock transaction that did not constitute fraud or deceit as charged in the various counts).

[4] Notably, in many of the cases cited by the Government in which the court did not order a bill of particulars, the amount of information already available to the defendant far exceeded the amount of information available to Mr. Martoma here. For example, in *United States v. Gupta*, the court relied upon the fact that, among other things, the Government had issued a superseding indictment, additional information had been made available to the defendant through related civil and criminal actions, and the court had previously ordered a bill of particulars. No. 11 Cr. 907(JSR), 2012 WL 1066804, at *3 (S.D.N.Y. Mar. 27, 2012).

securities at issue, the co-conspirators, the sources of material, nonpublic information and "at least in general terms, the event to which each piece of inside information relates" did not "obviate the need for a bill of particulars" regarding the substance of the alleged inside information and the dates on which it was conveyed); *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (reversing district court's refusal to grant a bill of particulars where the indictment failed to specify the dates of the alleged burglaries that formed the basis of false claims for burglary losses, and finding that the Government's obligation was not satisfied by referring defense counsel to "mountains of documents" without guidance).[5]

The Government also has made various vague and inconsistent allegations with respect to the PowerPoint presentation that the Cooperating Witness allegedly "sent" to Mr. Martoma. The Criminal Complaint alleges that the Cooperating Witness "sent" the presentation to Mr. Martoma "and provided [him] with the password for the document so that he would be able to open it"—implying that the presentation slides were sent to Mr. Martoma via e-mail. (Crim. Compl. ¶ 33d.) In the Indictment, however, the allegations are reduced to the bare assertion that these slides were "sent," with no indication as to whether the Government intends to prove that they were sent by e-mail or in some other manner. (Indictment ¶ 9.) The Government now claims that the Cooperating Witness "conveyed" the information in the presentation to Mr. Martoma "through at least two means, including a phone call on July 17, 2008 and by sending him a copy of the presentation." (Opp. at 13.) Yet, even now, the Government has so far failed to identify ***any*** e-mail or other communication purporting to send Mr. Martoma either the presentation slides referenced in the Indictment or a password to open such slides. (Opening Mem. at 7.) In

5 It is well-settled that the Government cannot meet its obligation to particularize the charges against a defendant by referring him to voluminous discovery materials and that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." *Bin Laden*, 92 F. Supp. at 234; (*see also* Opening Mem. at 9-10 (citing cases)).

fact, the Government now concedes that it "has no such document at present." (Opp. at 13, n.6.) Accordingly, the Government should so indicate in the bill of particulars and "provide as much detail as it can," including whether it "it might rely primarily or exclusively on testimony from cooperators, and that those cooperators may only be able to testify generally to providing the defendant[] with inside information." *See Rajaratnam*, 2010 WL 2788168, at *9 (internal quotation omitted).[6]

**B. The Government Should Provide Particulars As To Mr. Martoma's Alleged Trading On The Basis Of Inside Information.**

Contrary to the Government's claims (Opp. at 11-12), Mr. Martoma's third request seeks basic information—not "extraordinary detail"—regarding trading in Elan and Wyeth that, according to the Government, was based on supposed inside information. (Opening Mem. at 12-14.) The Government effectively admits that no insider trading occurred prior to July 17, 2008, asserting that the only trades at issue occurred when "[Mr. Martoma] and his employer . . . sold Elan and Wyeth securities over seven trading days prior to the public announcement" of the Drug Trial results on July 29, 2008. (Opp. at 7.) In fact, the Government concedes that it "does not intend to focus on particular trades" before July 17, 2008, and, therefore, need not provide particulars with respect to any trading that may have occurred before July 2008. (*Id.* at 11-12.)

The Government, however, continues to reference activity "stretching back in time to late 2006" that it claims gave Mr. Martoma "an edge" as he developed a long position in Elan and Wyeth. (Opp. at 7, 11-12, n.5.) If the Government intends to prove that Mr. Martoma traded or

---

6 The fact that this information may possibly be evidentiary in nature does not mean that the Government can refuse to provide it, when it is necessary for Mr. Martoma to defend against the charges asserted against him. *See, e.g.*, *United States v. Lino*, No. 00 CR. 632(WHP), 2001 WL 8356, at *3 (S.D.N.Y. Jan. 2, 2001) ("[I]f necessary to give the defendant enough information about the charge to prepare his defense, a bill of particulars will be required even if the effect is disclosure of the Government's evidence or theories."); *Rajaratnam*, 2010 WL 2788168, at *1 ("The line between mere evidentiary detail and information needed to prepare a defense and prevent unfair surprise can be thin indeed.").

recommended trading in Elan and Wyeth on the basis of inside information at any time prior to July 17, 2008, then it must provide the basic information requested by Mr. Martoma concerning such trades.[7] The Government may not shift the burden to Mr. Martoma of proving the legality of ***all*** trading in both Elan and Wyeth by both his employer and him over a two-year period, which would involve identifying, researching, and analyzing ***thousands*** of trades. *See, e.g.*, *Bortnovsky*, 820 F.2d at 574-75 (holding that defendants were "hindered in preparing their defense" by the district court's failure to compel the Government to reveal the dates of fake burglaries and the identity of three allegedly fraudulent documents, and that as a result, "the burden of proof impermissibly was shifted to appellants"); *Bin Laden*, 92 F. Supp. 2d at 235-40 (ordering the Government to provide specific information regarding overt acts committed pursuant to a conspiracy involving "so broad a class of activity that they would require an exceedingly extensive investigation by defense counsel").

**THE GOVERNMENT'S AGREEMENT TO PROVIDE THE IDENTITIES OF ALLEGED CO-CONSPIRATORS SHOULD BE FULFILLED BY JULY 31, 2013.**

The Government has acquiesced to Mr. Martoma's fourth request that it identify all known co-conspirators. (Opp. at 13-14.) Mr. Martoma has agreed, as the Government acknowledges, to give the Government until July 31, 2013, to provide this information. (*Id.*) Mr. Martoma also is amenable to the condition that the Government can amend its disclosure based on ***new*** information not in the Government's possession as of July 31, 2013. Mr. Martoma's only remaining concern is that, based on the Government's current proposal—*i.e.*, where the Government could name additional co-conspirators based on "new evidentiary analysis" (*id.* at 14)—the Government could have information about a co-conspirator as of July

[7] Again, to the extent that the Government does not intend to prove that insider trading occurred prior to July 2008—consistent with the assertions in its Opposition—then its vague and prejudicial allegations regarding trading prior to that time should be stricken from all counts of the Indictment as mere surplusage under F.R.Cr.P. 7(d). *See supra*, n.3.

31, 2013, but could decide for strategic reasons to withhold such information until a later date. The Government's proposed "exception" could render the July 31 deadline meaningless. By July 31, 2013, the Government will have spent almost two years investigating Mr. Martoma. That should be more than enough time for the Government to review and analyze the information in its possession. Accordingly, the Government should be required to disclose the identities of all known co-conspirators as of July 31, 2013, based on the information in its possession as of that time, with additional co-conspirators identified based only on *new* information not currently in the Government's possession no later than 30 days prior to trial.

## CONCLUSION

For the foregoing reasons as well as those set forth in Mr. Martoma's Opening Memorandum, Mr. Martoma respectfully requests that the Court grant his motion for a bill of particulars.

Dated: May 20, 2013
New York, NY

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)
(rstrassberg@goodwinprocter.com)
John O. Farley (JF4402)
(jfarley@goodwinprocter.com)
Daniel P. Roeser (DR2380)
(droeser@goodwinprocter.com)

The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800

Roberto M. Braceras (RB2470)
(rbraceras@goodwinprocter.com)
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 570-1000

*Attorneys for Defendant Mathew Martoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)