# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/13

June 13, 2013

**BY HAND**

Honorable Paul G. Gardephe
United States District Court for the
    Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: United States v. Martoma, No. 12 Cr. 973 (PGG)

Dear Judge Gardephe:

**MEMO ENDORSED**

The June 18 conference and hearing are cancelled. The briefing schedule proposed by the parties is adopted by the Court. Oral argument on Defendant's motion to dismiss and any motion concerning privilege will take place on August 23, 2013 at 10:00 A.M.

SO ORDERED:

Paul G. Gardephe, U.S.D.J.
Dated: June 14, 2013

We write with the consent of the government to inform the Court that Mr. Martoma, the United States Attorney's Office, and the University of Michigan have reached an agreement concerning the production of electronic documents by the University of Michigan. We respectfully submit that this agreement renders a hearing on the issue unnecessary and therefore jointly request that the Court cancel the hearing currently scheduled for June 18, 2013.

After the status conference on June 5, 2013, counsel for the Government and for Mr. Martoma spoke with counsel for the University of Michigan. All counsel have agreed on the following approach to the production of electronic documents by the University of Michigan in this matter:

- The University of Michigan has agreed to produce documents to both parties — the Government and Mr. Martoma — from the following electronic media (collectively, "Dr. Gilman's Electronic Media"): (1) a laptop computer issued by the University of Michigan to Dr. Sidney Gilman, (2) the encrypted image of the laptop computer issued by the University of Michigan to Dr. Gilman that is currently in the possession of the United State Attorney's Office (the "Encrypted Image of Dr. Gilman's Laptop"), (3) a desktop

LIBNY/5264136.7

GOODWIN | PROCTER

Honorable Paul G. Gardephe
June 12, 2013
Page 2

computer issued by the University of Michigan to Dr. Gilman, and (4) five flash or "thumb" drives issued by the University of Michigan to Dr. Gilman.[1]

- The United States Attorney's Office has agreed to provide the University of Michigan with the Encrypted Image of Dr. Gilman's Laptop. The University of Michigan has agreed to decrypt it and produce documents from it.

- Mr. Martoma has provided the United States Attorney's Office and the University of Michigan with a list of folders on the Encrypted Image of Dr. Gilman's Laptop, the contents of which the parties have agreed will be produced. In addition, Mr. Martoma has provided the United States Attorney's Office and the University of Michigan with a list of search terms that the parties have agreed will be run on all of Dr. Gilman's Electronic Media. In sum, the parties have agreed that the University of Michigan will produce (i) the contents of the folders identified by Mr. Martoma on both the Encrypted Image of Dr. Gilman's Laptop to be returned to the University by the United States Attorney's Office[2] *and* the laptop currently in the University's possession, and (ii) all documents from Dr. Gilman's Electronic Media with any of the search terms identified by Mr. Martoma. Notwithstanding the above, the University of Michigan reserves the right to screen for and withhold documents, which it will identify to the parties with sufficient particularity, that are protected by privilege, including but not limited to attorney-client privilege and doctor-patient communication privilege. The parties reserve the right to challenge the University of Michigan's withholding of these documents.

- The parties further agree that, to the extent the University of Michigan produces documents reflecting the medical records of identifiable individuals, the parties will redact such documents before publicly filing them or introducing them as exhibits in connection with this matter.

- The parties further agree that, to the extent the University of Michigan produces documents relating to drug trials other than AAB-001 or AN1792, the parties will provide notice to the drug trial sponsors or seek leave of the Court to avoid providing such notice prior to publicly filing such documents or introducing them as exhibits in connection with this matter.

---

[1] The University of Michigan has informed Mr. Martoma and the United States Attorney's Office that it also issued an iPad and an iPhone to Dr. Gilman but that the University does not currently have the technological capabilities to search the iPad or iPhone. Accordingly, Mr. Martoma has requested that the University of Michigan copy and produce the contents of the iPad and iPhone in full. The University of Michigan has not yet agreed to Mr. Martoma's request in this regard.

[2] The parties further agree that by providing the Encrypted Image of Dr. Gilman's Laptop to the University of Michigan, the Government satisfies its discovery obligation with respect to the Encrypted Image of Dr. Gilman's Laptop, provided the searches and production are completed as agreed upon herein.

LIBNY/5264136.7

GOODWIN | PROCTER

Honorable Paul G. Gardephe
June 12, 2013
Page 3

- The University of Michigan has agreed to make this production within three weeks from today, subject to the protective order in place in this case, and subject to the below paragraph. In view of this timetable, and the fact that the University of Michigan will likely not be able to individually review each document containing the search terms or in the identified folders, the parties agree that any production of privileged communications shall be deemed inadvertent.

- The parties understand that this agreement clarifies and satisfies the obligations of the University of Michigan to comply with the subpoena issued by the U.S. Attorney's Office dated June 5, 2013.

As the Court is aware, there remains a dispute between Mr. Martoma and the United States Attorney's Office as to whether any portion of Dr. Gilman's Electronic Media may contain material protected by Dr. Gilman's attorney client privilege. Accordingly, Mr. Martoma and the United States Attorney's Office seek an opportunity to brief the issues and hereby request a hearing on them. The parties have agreed that the University of Michigan need not produce any documents subject to such a claim of privilege until that issue is decided. The parties propose the following briefing schedule:

- Mr. Martoma will submit his opening brief by June 21, 2013.

- The United States Attorney's Office will submit its opposition brief by July 3, 2013.

- Mr. Martoma will submit his reply brief by July 12, 2013.

Mr. Martoma and the United States Attorney's Office will be prepared for a hearing thereafter at the Court's convenience and respectfully request a hearing during the last two weeks of July.

Respectfully submitted,

/s/ Richard M. Strassberg

Richard M. Strassberg

Enclosures

cc:   All Counsel of Record by email
      Donica Thomas Varner, Associate General Counsel, University of Michigan

LIBNY/5264136.7