

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 30, 2013

**By Facsimile**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/13
```
Docket + File

Re: United States v. Martoma, S1 12 Cr. 973 (PGG)

Dear Judge Gardephe:

    The Government writes with respect to the adjournment request submitted yesterday, August 29, 2013, by the defendant. The Government respectfully requests, for the reasons set forth herein, that the Court defer ruling on the adjournment request until there is a greater degree of certainty that the trial in *United States v. Countrywide Financial Corp. et al.*, 12 Civ. 1422 (S.D.N.Y.) (JSR) (hereinafter, *Countrywide*) will proceed on September 23, 2013 as planned. If the *Countrywide* case does proceed to trial as scheduled, the Government would not object to a short adjournment, but submits that the three-month adjournment requested by the defendant is unwarranted.

Background

    The defendant was arrested pursuant to a complaint on November 20, 2012 and indicted by a grand jury on December 21, 2012. The initial pretrial conference took place on January 3, 2013, and the Government produced substantially all of the discovery then it its possession – constituting the core material relating to the charges – in January 2013. During the second pretrial conference, on March 5, 2013, the Court granted prior counsel's application to delay setting a full motion schedule and trial date, but cautioned "when we see each other again, I will likely set a trial date at that time and I will certainly want the case to move very expeditiously after that." (March 5, 2013 Transcript, at 23). The defendant's current counsel entered appearances in the case on April 4, 2013. On June 5, 2013, the parties appeared as scheduled for a further conference, and the Court set trial for November 4, 2013, noting that trial would likely have been set during "something in the neighborhood of September" but for Mr. Strassberg's conflicting engagement in *Countrywide*. (June 5, 2013 Transcript, at 18).

The Adjournment Request Is Premature

As an initial matter, the Government submits that the Court should defer ruling on the adjournment request until it is clear that the Bank of America trial will proceed as scheduled. As with any case, there is a possibility that the parties will reach a pretrial resolution. Judge Rakoff denied dispositive summary judgment motions only a few days ago, and trial remains more than three weeks away.

The Government respectfully submits that deferring a ruling on the adjournment request until it is clear that the *Countrywide* case will proceed to trial as scheduled is appropriate. Should the *Countrywide* case settle in advance of trial, an adjournment at this stage will prove to have been unnecessary. And should the *Countrywide* case proceed to trial, the defendant would not be prejudiced because the Court could order an appropriate adjournment in that circumstance.

Any Adjournment Should Be Brief

In the event that the *Countrywide* case proceeds to trial, the Government would not object to a short adjournment. A three-month adjournment, however, is unwarranted. The defendant has been represented by an experienced and well-funded defense team even prior to his arrest, and by present defense counsel since April 2013, who have certainly undertaken substantial pretrial preparation since their engagement. Moreover, there is no reason to think that trial preparation will cease while Mr. Strassberg is on trial in the *Countrywide* matter, as the defense team in this case also includes other experienced counsel.[1] Finally, as the Court has observed, this is not a "particularly complicated case" (June 5, 2013 Tr. at 16). Accordingly, while some accommodation may be necessary to account for Mr. Strassberg's foreseen unavailability beginning in September, a three month delay is unwarranted.

Any adjournment of the trial in this matter should be as brief as possible. First, the events at issue in this case occurred over five years ago, and the Government's ability to effectively present evidence as to these events could be adversely impacted by unnecessary delay. Moreover, beyond the general interests of the public and the Government in a speedy trial, delay in this trial may impact other related proceedings, including the Government's recent indictment against SAC Capital entities (*United States v. S.A.C. Capital Advisors L.P et al.*, 13 Cr. 541), which alleges that SAC Capital entities are guilty of securities and wire fraud in part based on the conduct of Martoma; the Securities & Exchange Commission ("SEC") action against Martoma (*SEC v. CR Intrinsic Investors, LLC et al.*, 12 Civ. 8466 (VM); and an investor class action against SAC Capital entities and Martoma (*Kaplan v. S.A.C. Capital Advisors, L.P.*

---

[1] Likewise, Mr. Strassberg is not the only lawyer representing Countrywide; at least eight Goodwin Procter attorneys have filed notices of appearance. Additionally, Bank of America – which acquired the now-defunct Countrywide entities and is thus exposed to their liabilities – is separately represented by lawyers from Williams & Connolly (18 of whom have filed notices of appearance in that case).

*et al.*, 12. Civ. 9350 (VM)).

Respectfully Submitted,

PREET BHARARA
United States Attorney

By: _____
Arlo Devlin-Brown
Eugene Ingoglia
Assistant United States Attorneys
(212) 637-2506/2690

cc: Richard Strassberg, Esq.
    Roberto Braceras, Esq.
    (via electronic mail)