# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

September 10, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/13
Docket + File

**VIA FACSIMILE TO (212) 805-7986**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
   for the Southern District of New York
40 Foley Square, Rm. 2204
New York, NY 10007

Re: *United States v. Martoma*, No. 12 Cr. 973 (PGG)

Dear Judge Gardephe:

I write to update the Court on a minor change in schedule in the *Countrywide* matter before Judge Rakoff, and to respond to certain points made by the Government in opposition to Mr. Martoma's request for an adjournment of his November 4, 2013, trial date.

Judge Rakoff has ordered the *Countrywide* trial to begin on September 24, 2013, as opposed to the original trial date of September 23, 2013.

The Government makes two primary arguments in opposition to Mr. Martoma's request: (1) that the request is premature and should be tabled until the *Countrywide* trial begins; and (2) that any adjournment should be brief.

As to the first argument, we respectfully disagree. I have already lost more than one month of crucial preparation time. My available time between now and the start of trial on September 24 is committed to preparation for the *Countrywide* matter. Even if the *Countrywide* matter were to settle on September 23 (*i.e.*, the eve of trial), at that point Mr. Martoma would have lost access to me for approximately two months during the crucial period immediately preceding trial. It is unreasonable to force Mr. Martoma to stay in limbo and try to prepare for trial without the benefit of his chosen counsel when, even if the *Countrywide* matter were to settle, an adjournment would still be justified.

The reality is, requests for adjournment based on other pending matters are *always* accompanied by some degree of uncertainty, yet they are routinely granted. Simply because the Government

GOODWIN | PROCTER

Honorable Paul G. Gardephe
September 10, 2013
Page 2

can hypothesize a series of future events that could give rise to an argument that Mr. Martoma is entitled to a slightly shorter adjournment than the one he has requested is not a reason to wait. The time to adjust the schedule is now.

We also disagree with the Government's assertion that any adjournment should be "as brief as possible." The Government argues primarily that "the events at issue in this case occurred over five years ago, and the Government's ability to effectively present evidence as to these events could be adversely impacted by unnecessary delay." But this argument actually favors the modest adjournment sought by Mr. Martoma.

We do not understand (and the Government does not say) how an adjournment of approximately 90 days could have any real impact on the Government's ability to present its case, when almost 2,000 days already have passed since the events at issue. To the contrary, that so much time already has passed suggests that a modest incremental delay would have no impact on the Government, while it would prevent a real injustice to Mr. Martoma. The Government waited four years after the events at issue to bring this case; it is disingenuous to suggest that another three months would somehow be prejudicial.[1]

A three-month adjournment would have no impact on the Government's ability to present its case. But that same short adjournment would ensure that Mr. Martoma has the full benefit of the assistance of his chosen counsel and his counsel is permitted to provide an effective representation.

Respectfully submitted,

Richard M. Strassberg

Cc:   Arlo Devlin Brown (by e-mail)
      Eugene Ingoglia (by e-mail)

---

[1] The Government's opposition also is a bit curious given that defense counsel was transparent and raised this conflict at the first possible opportunity, including both the first meeting with the Government in April 2013 and the first appearance before the Court as replacement counsel in June 2013. This issue and the need for a short adjournment has been on the table for months. While the government never assented to this adjournment, it also never voiced any potential prejudice presented by the conflict.