USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | POST-INDICTMENT CONSENSUAL PROTECTIVE |
| - v. - | : | ORDER PURSUANT TO 18 U.S.C. § 981, 28 U.S.C. § |
| MATHEW MARTOMA, | : | 2461, AND 21 U.S.C. § 853 |
| Defendant. | : | S1 12 Cr. 973 (PGG) |

- - - - - - - - - - - - - - - - -x

WHEREAS, on August 22, 2013, a Grand Jury sitting in the Southern District of New York returned a superseding indictment, S1 12 Cr. 973, in which, *inter alia*, the following specific assets are identified as forfeitable: (i) the real property and appurtenances, with all improvements and attachments thereon, located at 2464 W. Maya Palm Drive, Boca Raton, Florida, more particularly described as Parcel ID 06-43-47-29-10-005-0020; (ii) up to $3,246,320.62 in funds on deposit in account number 1512369446 at American Express Bank, held in the name of Mathew C. Martoma; (iii) up to $245,000 in funds on deposit in account number 146674626 at ING Direct, held in the name of Rosemary Martoma; and (iv) up to $934,897.77 in funds or other assets in account number 88047594915 at Vanguard, held in the name of Mathew and Rosemary Martoma Foundation (the "Subject Assets");

WHEREAS, the United States has applied for a protective order to preserve the availability of the Subject Assets for criminal forfeiture;

WHEREAS, this proposed protective order applies only to proceedings in *United States v. Martoma*, 12 Cr. 973 (S.D.N.Y.);

WHEREAS, the United States contends that it can establish that there is probable cause to believe the Subject Assets constitute or were derived, in whole or in part, from the proceeds of the alleged criminal activity of Mathew Martoma (the "Defendant");

WHEREAS, the Defendant, through counsel, has consented to the entry of the requested protective order;

WHEREAS, the Defendant reserves the right to contest the criminal or civil forfeiture of the Subject Assets;

WHEREAS, the United States and the Defendant agree that the proposed protective order shall not be deemed an admission of culpability, liability, or guilt on behalf of the Defendant;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(e), THAT:

1.   The Defendant, and his attorneys, agents, spouse and other family members, and anyone on his behalf, and all persons or entities acting in concert or in participation with any of the above, and all persons and entities having actual knowledge of this Order, shall not take any action prohibited by this Order.

2

2.    The Defendant, his attorneys, agents, spouse and other family members, and anyone acting on his behalf, and all persons or entities acting in concert or in participation with any of the above, all relevant financial institutions, and all persons and entities having actual knowledge of this Order, shall not directly or indirectly transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, attached, or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Assets; or use or permit the Subject Assets to be used for any illegal activities.

3.    The Defendant and any other owners of the Subject Assets shall maintain the present condition of the properties included in the Subject Assets, including timely payment of all mortgages, insurance, utilities, taxes, and assessments until further notice of this Court.

4.    Upon request by the Government, the above identified financial institutions will identify the account name, account number, and signatories for the bank accounts included in the Subject Assets and provide the Government with monthly statements of the bank accounts and the balance in those accounts.

3

5.     This Order shall be binding upon the Defendant, his
attorneys, agents, spouse and other family members, and anyone
acting on his behalf, and all persons or entities acting in
concert or in participation with any of the above, and all
persons and entities having actual knowledge of this Order, and
that this Order shall remain in effect until further order of
this Court.


AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States

By:  _____          ___9/6/13_____
     CHRISTINE I. MAGDO                          DATE
     MICAH W. J. SMITH
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, NY 10007


4

MATHEW MARTOMA
Defendant

By: _____          9/6/13
        ROBERTO M. BRACERAS, ESQ.              DATE
        Goodwin Procter, LLP
        Exchange Place
        Boston, MA  02109

        RICHARD MARK STRASSBERG, ESQ.
        Goodwin Procter, LLP
        The New York Times Building
        620 Eighth Avenue
        New York, NY 10018-1405


SO ORDERED:

_____          Sept. 24, 2013
HONORABLE  PAUL G. GARDEPHE               DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK