UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MATHEW MARTOMA,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 24, 2013

**ORDER**

12 Cr. 973 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Defendant Mathew Martoma is charged with one count of conspiracy to commit securities fraud and two substantive counts of securities fraud. (Superseding Indictment (Dkt. No. 61)) The Superseding Indictment alleges that Martoma traded securities on the basis of inside information received from, inter alia, Sidney Gilman, M.D. (See Superseding Indictment ¶¶ 10-11, 13-14, 18-19; Gilman Br. (Dkt. No. 47) at 1) Dr. Gilman has entered into a cooperation agreement with the Government and is expected to be a critical witness at trial. (See Gilman Br. 1)

At the time of the alleged conspiracy, Dr. Gilman was employed by the University of Michigan. (See Gilman Decl. (Dkt. No. 48) ¶ 1) In connection with his employment, the University provided Dr. Gilman with certain electronic equipment, including a laptop computer, desktop computer, iPhone, iPad, and five external flash drives. (Id.; Strassberg Decl. (Dkt. No. 37), Ex. A (June 13, 2013 Def. Ltr. to Court) at 1-2 & n.1) In November 2012, after Dr. Gilman had resigned from the University of Michigan, the University requested that he return all of the electronic devices that it had issued to him. (See Mukasey Decl. (Dkt. No. 49), Ex. B (Nov. 28, 2012 Gilman Ltr. to U. Mich.))

Defendant has requested production of communications and documents stored on these electronic devices, including emails sent and received by Dr. Gilman via the University email system. The parties, Dr. Gilman, and the University have reached an agreement governing the search for and production of relevant communications and documents stored on these devices. See United States v. Martoma, No. 12 Cr. 973 (PGG), 2013 WL 4502829, at *1-2 & nn.2-3 (S.D.N.Y. Aug. 23, 2013). According to the agreement, certain documents over which Dr. Gilman has asserted various privileges will not be produced until this Court determines whether they are protected by any privilege. See id.

On June 21, 2013, Defendant moved to compel the Government and/or the University to produce documents withheld on the basis of Dr. Gilman's assertion of privilege. (Dkt. No. 35) On July 17, 2013, Dr. Gilman moved to intervene to oppose Defendant's motion, and for a protective order barring the production of the allegedly privileged communications. (Dkt. No. 46) On August 23, 2013, this Court granted Dr. Gilman's motion to intervene. Martoma, 2013 WL 4502829, at *3.

In resolving Defendant's motion to compel and Dr. Gilman's motion for a protective order, the Court must address whether Dr. Gilman had a "reasonable expectation of privacy" over communications he sent over the University's email system or stored on University-issued electronic devices. See In re Asia Global Crossing, Ltd., 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005). Courts consider the following factors in determining whether an employee has a "reasonable expectation of privacy" in communications stored on or sent over an employer's systems: (1) does the employer maintain a policy banning personal or other objectionable use of its computers and email system; (2) does the employer monitor the employee's use of the employer's computers or email system; (3) do third parties have a right of

2

access to the employer's computers or email system; and (4) does the employer notify employees, or was the relevant employee aware, of the employer's policies governing the use and monitoring of the employer's computers and email system? In re Asia Global Crossing, Ltd., 322 B.R. at 257. "Because an employer's announced policies regarding the confidentiality and handling of email and other electronically stored information on [employer-owned] computers and servers are critically important in determining whether an employee has a reasonable expectation of privacy in such materials, the cases in this area tend to be highly fact-specific and the outcomes are largely determined by the particular policy language adopted by the employer." In re Reserve Fund Sec. & Derivative Litig., 275 F.R.D. 154, 159-60 (S.D.N.Y. 2011) (citing cases applying In re Asia Global Crossing).

Defendant and Dr. Gilman have provided the Court with some of the University's policies governing use of University-owned electronic equipment and the University's email system. According to Dr. Gilman, however, the University has declined to confirm that the policies submitted to the Court are applicable to Dr. Gilman, or whether they constitute all of the policies applicable to him. (See Gilman Br. (Dkt. No. 47) at 3 n.2) Defendant and Dr. Gilman's motions cannot be resolved without such information.

Accordingly, the University of Michigan is hereby ORDERED to produce any and all University policies that govern or relate to: (1) the ownership of the electronic devices issued by the University to Dr. Gilman, and emails transmitted by Dr. Gilman via the University system or stored on University-issued electronic devices; (2) permissible uses for Dr. Gilman's University-issued electronic devices and the University email system; (3) the University's policies regarding monitoring use of University-issued electronic devices and the University email system; (4) any third-party right of access to Dr. Gilman's University-issued electronic

3

devices and the University email system; and (5) Dr. Gilman's privacy rights in connection with communications stored on University-issued devices and/or sent over the University email system. The University of Michigan is further ORDERED to produce any and all notices provided or made available in any form to Dr. Gilman about the foregoing policies, and any acknowledgment he made of these polices. The University's production shall include, but is not limited to, relevant portions of: (1) any written agreement between the University and Dr. Gilman; (2) University codes of conduct; (3) University employee handbooks; (4) University privacy policies; and (5) instructions and guidance issued along with or in connection with Dr. Gilman's use of University-issued electronic devices, or in connection with his use of the University's email system.

The University's production to the Court and the parties shall be completed by October 10, 2013. The production shall be made in the form of an affidavit with the relevant documents attached as exhibits. The affidavit and exhibits should be filed on ECF, and one courtesy copy should be delivered to Chambers in accordance with the Court's Individual Rules of Practice.

Dated: New York, New York
          September 24, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Copy via fax to:
Anthony S. Barkow
Jenner & Block
919 Third Avenue
New York, NY 10022
Phone: 212-891-1662
Fax: 212-909-0860
*Counsel for the University of Michigan*