# Exhibit A

UM-MM-000001

# Exhibit A-1

UM-MM-000002

JAN 1980

Ann Arbor, Michigan

MEETING OF
BOARD OF REGENTS

AGENDA

UM Board of Regents Box 148

UM-MM-000003

ORDER OF BUSINESS
January, 1980


I.   APPROVAL OF NOVEMBER 15 and 16, 1979 MINUTES *A*
     APPROVAL OF DECEMBER 20 and 21, 1979 MINUTES *B*

II.  REPORTS
     1. Expendable Restricted Fund Budget Report *C*
     2. Report on Investment Transactions *D*
     3. Plant Extension Report *E*
     4. Litigation Report *F*
     5. Personnel-labor Relations Report *G*
     6. University Relations and Development Report *H*
     7. Quarterly Report on Non-competitive Purchases over $1,000 from *I*
        a Single Source

III. GIFTS AND GRANTS
     1. List of gifts received, November 30, 1979 *J*

IV.  PERSONNEL ACTIONS
     1. Requests for approval of new appointments to professor, associate *K*
        professor, and selected administrative positions

     2. Requests for approval of promotions to or joint appointments of *L*
        professors, associate professors and selected administrative
        positions
     3. Requests for approval of other personnel actions including *M*
        exceptions to Regental policy
     4. Approval of appointments to the Medical Staff *N*
     5. Committee Appointments *O*

V.   PERSONNEL REPORTS
     1. Monthly summary report of new appointments for instructional staff *P*
     2. Monthly summary report of promotions and other changes of status *Q*
        for instructional staff
     3. Monthly summary report of leaves of absence for instructional staff *R*
     4. Monthly summary report of terminations for instructional staff *S*

VI.  RETIREMENT MEMOIRS

        No retirement memoirs were submitted to the Regents this month

VII. DEATHS

        No deaths were reported to the Regents this month

VIII. DEGREES

        No amdendments were submitted to the Regents this month

IX. FINANCE-PROPERTY
   1. Authorization to Negotiate Loan Agreement to Finance University  T
      Hospital Computer
   2. Approval of Central Sterile Supply Equipment Replacement and  U
      Renovation Program at University Hospital
   3. Authorization to Grant an Option to Lease Certain Lands in Ely  V
      Township, Marquette County,
   4. Approval to proceed with Projects: Stockwell Hall Kitchen and  W
      Dining Room Ventilation, Chiller Replacement--Physics
      Astronomy Building
   5. Performance Evaluation of University Endowment Funds Under the  X
      Administration of the National Bank of Detroit

X. OTHER
   1. Policies on Student Records--Proposed Changes  Y
   2. Adoption of Bylaw 14.07--Policy on Privacy and Access to Information  Z
   3. Physical Education/Recreation Building, UM-Flint  A-1

UM-MM-000005

THE UNIVERSITY OF MICHIGAN
REGENTS' COMMUNICATION

Subject: Adoption of Bylaw--New Section 14.07. Policy on Privacy and Access to Information

Background: At the December meeting Interim President Smith recommended adoption of the attached bylaw. The Regents requested the opportunity to review the guidelines that have been developed to implement this bylaw.

Action Requested: We have attached herewith those guidelines and recommend the adoption of the Bylaw Section 14.07

Respectfully submitted,

Richard L. Kennedy

January 1980

unanimous approval

UM-MM-000006

PROPOSED NEW REGENTS' BYLAW, SECTION 14.07

POLICY ON PRIVACY AND ACCESS TO INFORMATION

In collecting, utilizing, and releasing information about individuals associated with the University, the University will strive to protect individual privacy, to use information only for the purpose for which it was collected, and to inform individuals of the personal information about them that is being collected, used or released. The University will not release sensitive information without the consent of the individual involved unless required to do so by law.

Individuals who provide personal information to the University are expected to provide truthful and timely information and to inform the University of any known inaccuracies in the University's records.

Appropriate guidelines will be employed to implement this policy.

UM-MM-000007

THE UNIVERSITY OF MICHIGAN

GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

NOVEMBER 1979

Underlying Principle:  An individual has the right to know what information about him/her is obtained and used by others.

I. Contract principle in informational privacy.

The individual releases personal information in order to obtain a specific benefit, to fulfill a legal duty, or to assist the University. In exchange the data user has the obligation to use the data only for the purpose collected, and not to treat the information so carelessly that it might harm the individual.

II. Definitions

Name-linked System of Records - A grouping or collection of information recorded in any medium from which personal information may be retrieved by the name of the individual or by some identifying number, symbol, or other particular; also known as a data file.

Personal Information - All information that describes, locates, or identifies an individual or anything about an individual.

Public Information - Personal information that records the individual's presence, registration, or employment at the University, and such other information as is usually included in the directories of the University.

Directories - Lists of official University transactions, appointments, or assignments which are regularly released to the public.

Private Information - All personal information that is not designated as public information.

Sensitive Information - Such private information as is so designated by the appropriate unit, which will include, at least, information pertaining to an individual's personal beliefs or behavior, race, national origin, or financial status (State law requires that salary records of employees and public officials be made public as of October 26, 1979); or is generated in a relationship that is administratively or legally privileged; or describes the state of an individual's emotional or physical well being; or is an identifying element that interlocks with non-University data systems.

1

UM-MM-000008

GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

III. Rights and responsibilities of individuals who elect to establish a relationship with the University and about whom data is kept in University name-linked systems of records.

   A. Rights

      1. Individuals have the right to be informed of the existence of every independent name-linked system of records, and to be informed upon request of the purpose of the system, the officials or University units to whom the information in the system may normally be available, and the circumstances under which the University may legally be required to release information.

      2. Individuals have the right to be personally notified when private information is released pursuant to the requirements of the Freedom of Information Act or a valid court order.

      3. Individuals have the right to require that specific consent be obtained before private information is released voluntarily by the University for non-University purposes.

      4. Individuals have the right to examine information pertaining to themselves contained in a name-linked system of records, except:

         a. Letters, evaluations, and statements of recommendation given with the understanding that they would remain confidential. (Federal law requires that students have access to such letters included in their files after January 1, 1975.)

         b. Where access has been waived as permitted by law.

         c. Medical records as provided by law.

         d. Information which is in the sole possession of the individual collecting it and which is not accessible to any other person.

         e. Where provided by law.

      5. Individuals have the right to refuse to waive access to information pertaining to themselves.

UM-MM-000009

## GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

6. Subject to the University's right to make a final determination of need as stated in Section IV.(A)(1), individuals have the right to withhold information which they consider unnecessary to the performance of the University's responsibilities.

7. Individuals have the right to know the foreseeable consequences of withholding personal information requested by the University.

8. Individuals have the right to request a change in the information in a name-linked system of records if they believe the information to be inaccurate or misleading. If the University refuses to change the file, individuals may append to the file a statement commenting upon the information and setting forth any reasons for disagreement with the University's decision.

B. Responsibilities

1. Individuals have the responsibility to provide truthful, accurate, and timely information upon request of an authorized University office or individual having an established need for the information.

2. Individuals have the responsibility to inform the University when personal information contained in University systems of records is known to be inaccurate.

3. Individuals have the responsibility to keep informed of the privacy rights of individuals.

4. Individuals have the responsibility to provide timely direction to the University in those cases where individual consent for specific uses of data is requested by the University.

5. Individuals have the responsibility to work for the integrity of the procedures established by the University when seeking to inspect, or amend, or append comments to, University files.

3

UM-MM-000010

GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

IV. Rights and responsibilities of the University in collecting, storing and using personal information.

   A. Rights

      1. The University has the right to collect, store, maintain, duplicate, purge, and use information determined by the University to be needed in the performance of its responsibilities.

      2. The University has the right to determine the location, number, and storage media of University data files.

      3. The University has the right to specify procedures through which access to information may be sought.

      4. The University has the right to refuse to grant access to personal information except when such refusal would be in conflict with these privacy guidelines or legal requirements.

      5. The University has the right to refuse to collect personal information not pertinent to the performance of its responsibilities.

      6. The University has the right to receive accurate and truthful information from its constituents and to be informed by them when it is known that the information in the University files is inaccurate.

      7. The University has the right to responses from individuals when consent for a specific use of data is required.

UM-MM-000011

GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

B. Responsibilities

1. University units have the responsibility to specify and appropriately announce for their constituencies what information is considered public or directory information.

2. University units have the responsbility to withhold public information from University directories that is not required for University business, at the request of the staff member.

3. University units have the responsibility to inform students what information is directory information and allow reasonable time for students to inform the University if directory information should not be released without the student's prior consent.

4. University units have the responsibility to appropriately announce privacy guidelines and policies.

5. The University has the responsibility to personally notify individuals when private information about them is being released pursuant to the requirements of the Freedom of Information Act or a valid court order.

6. Each office systematically collecting and/or maintaining personal information shall:

   a. Establish a process for determining the need for information.

   b. Collect only needed information.

   c. Refrain from using economic, physical, or psychological coercion when collecting information.

   d. Store information in such a way that nonsensitive data may be retrieved separately from sensitive data.

5

UM-MM-000012

GUIDELINES ON PRIVACY AND ACCESS TO INFORMATION

e. Establish procedures for:

   I. How the individual applies for access to personal information.

   II. How the individual may request amendment to the file.

   III. How the individual may append comments to the file.

   IV. The retention, life expectancy, purging, duplication, and copying of personal information.

   V. Authorizing access to personal information.

f. Ensure that information about the following is generally available:

   I. The subject matter of the information.

   II. The purpose for which it is collected.

   III. The group of individuals from whom the information will be collected.

   IV. The officials or University units to whom it may be made available.

   V. The life expectancy of the file.

   VI. The consequences, if any, to the individual of withholding information.

   VII. The procedures for accessing, amending, and appending the file.

UM-MM-000013

# Exhibit A-2

UM-MM-000014

*JANUARY MEETING, 1980* 551

Regent Baker inquired about University practice with regard to requiring parental income tax returns for determining financial aid eligibility. He felt it was an unwarranted invasion of privacy if such information was required.

Virginia Nordby, Policy Coordinator, indicated that she would determine what University practices were in this regard and report to Regent Baker.

Regent Power asked for clarification of the policy dealing with removal of material from a student file after a student has requested to review the file. Virginia Nordby explained that once a student requests a file review, no material may be removed that a student has a right to see. The change was intended to clarify the fact that material can be removed (so-called exempt material) which the student does not have a right to see. Regent Power said that the language of the change does not adequately communicate that intent.

With respect to the responsibility for maintaining student records, Regent Power asked whether the President or Mrs. Nordby were officially responsible? Virginia Nordby responded in the negative stating that the person responsible is designated by the President and in most cases that would mean people like department chairpersons, the registrar, director of financial aid, or admissions officer. This change simply clarifies the fact to the President that he is officially in charge of all records, can have access to them, but normally designates the responsibility to an appropriate administrator.

In response to a further question by Regent Power, Mrs. Nordby explained that the time limitation (45 days) for responding to a request for access to a record simply paralleled that indicated in the controlling federal regulation.

Regent Power then moved approval of the five changes in student record policy with the understanding that the language of change number 4 would be reviewed for possible clarification. The motion was seconded by Regent Roach and adopted.

Upon the motion of Regent Roach, seconded by Regent Laro the Regents adopted a new Bylaw (Section 14.07) describing Regental policy on privacy and access to information. The new Bylaw reads as follows: *(Bylaw Sec. 14.07)*

Sec. 14.07—*Policy on Privacy and Access to Information.* In collecting, utilizing, and releasing information about individuals associated with the University, the Unversity will strive to protect individual privacy, to use information only for the purpose for which it was collected, and to inform individuals of the personal information about them that is being collected, used or released.

UM-MM-000015

552                *JANUARY MEETING, 1980*

The University will not release sensitive information without the consent of the individual involved unless required to do so by law.

Individuals who provide personal information to the University are expected to provide truthful and timely information and to inform the University of any known inaccuracies in the University's records.

Appropriate guidelines will be employed to implement this policy.

<small>Physical Education Building, UM—Flint</small>

As had been requested on Thursday, Chancellor Vasse displayed samples of the actual building materials that had been suggested for use in the new Physical Education building at Flint. The samples included brick, natural aluminum window framing, widow glass, and glass block material.

Regent Baker and Laro again objected to the use of natural aluminum and repeated their preference for the darker bronze color. It was generally agreed that the bidding process would proceed based on the use of the darker aluminum.

Regent Brown indicated that he disliked the use of glass block as it tended to look cheap. Chancellor Vasse indicated it was suggested for use on the north face of the building in order to provide for a source of diffused natural light parallel to the running track. Regent Brown hoped that some alternative could be found.

Regent Baker expressed his support for the layout and massing of the building, but indicated some uneasiness about the horizontal and vertical line treatment on the north elevation.

Chancellor Vasse then reviewed the plans for financing the new building and the details of the project budget. It was noted that the architect was on a fixed fee contract.

Regent Roach asked if the contractor for the plaza and entry court would be off the site by the time this new project started. He noted that this might affect the bidding at it seemed to on the last Flint project.

Chancellor Vasse responded that ten reputable contractors have already expressed interest in bidding the Recreation Building project which is a good sign in terms of competitive bids. The entry court contractor is much farther along than anticipated due to the mild weather this winter. The entry court work that could have an impact on the Recreation Building site should be completed before the recreation building gets started. Chancellor Vasse assured Regent Roach that the entry court contractor's staging areas and storage areas would not interfere with the recreation building.

Regent Roach asked if the interest of contractors beyond the

# Exhibit A-3

UM-MM-000017

Board of Regents of the University of Michigan

# Chapter XIV. Miscellaneous Rules and Regulations

- Sec. 14.01. Powers and Duties of the Governing Bodies of all University Agencies, Other Than Schools and Colleges
- Sec. 14.02. Saving Clause
- Sec. 14.03. Amendments of Bylaws
- Sec. 14.04. Revocation of Delegated Authority
- Sec. 14.05. Repeal
- Sec. 14.06. Nondiscrimination and Affirmative Action (revised April 2009)
- Sec. 14.07. Privacy and Access to Information

Bylaws Table of Contents | Detailed Table of Contents

### *Sec. 14.01. Powers and Duties of the Governing Bodies of all University Agencies, Other Than Schools and Colleges*

1. In all cases where these bylaws provide for the adoption of regulations by university units and agencies for carrying out their functions (other than schools and colleges and their subdivisions defined in Sec. 5.03) such adopted regulations must be approved by the board and recorded in the *Proceedings of the Board of Regents*.
2. In the event that the provisions of these bylaws do not contain express authority for the adoption of regulations necessary for carrying out the assigned functions of any unit of the university described in paragraph (1) above, such unit may at any time and from time to time when deemed necessary or desirable act through its director or executive committee to adopt regulations, not in contravention of these bylaws, concerning the administration of the unit. Such regulations must be approved by the board and shall be recorded in the *Proceedings of the Board of Regents*.
3. Subject to the ultimate authority of the board, the governing bodies of all university agencies, (other than schools and colleges and their subdivisions defined in Sec. 5.03) are vested with plenary authority to adopt regulations, not in contravention of these bylaws, concerning matters of a less important nature. All such regulations shall be appropriately recorded by the adopting authority and filed with the secretary of the university.

The type of regulations embraced in paragraphs (1) and (2) above are those relating to structure and major operating procedures of the unit such as departmental organization and other major matters which are within the peculiar competence of the governing body of the unit.

back to top

### *Sec. 14.02. Saving Clause*

The adoption of this revision of the Bylaws of the Board of Regents shall not be deemed to vacate the appointment of any of the officers, committees, boards, or other employees or agents of the University.

back to top

UM-MM-000018

*Sec. 14.03. Amendments of Bylaws*

The bylaws may be amended at any regular meeting of the board, or at any special meeting, provided notice is given to each regent one week in advance. Such notice shall be accompanied by a copy of the proposed amendment or amendments.

back to top

*Sec. 14.04. Revocation of Delegated Authority*

Any and all delegations of authority made at any time and from time to time by the board to any member of the university staff, or to any unit of the university may be revoked by the board at any time, and notice of such revocation shall be given in writing.

back to top

*Sec. 14.05. Repeal*

All bylaws, acts, resolutions, rules, and regulations of the board inconsistent with these bylaws are hereby repealed.

back to top

*Sec. 14.06. Nondiscrimination and Affirmative Action (revised April 2009)*

The University of Michigan is committed to a policy of equal opportunity for all persons and does not discriminate on the basis of race, color, national origin, age, marital status, sex, sexual orientation, gender identity, gender expression, disability, religion, height, weight, or veteran status. The university also is committed to compliance with all applicable laws regarding nondiscrimination and affirmative action.

back to top

*Sec. 14.07. Privacy and Access to Information*

In collecting, utilizing, and releasing information about individuals associated with the university, the university will strive to protect individual privacy, to use information only for the purpose for which it was collected, and to inform individuals of the personal information about them that is being collected, used, or released. The university will not release sensitive information without the consent of the individual involved unless required to do so by law. Individuals who provide personal information to the university are expected to provide truthful and timely information and to inform the university of any known inaccuracies in the university's records. Appropriate guidelines will be employed to implement this policy.

Bylaws Table of Contents | Detailed Table of Contents

If you have questions or suggestions regarding the bylaws section of our website, please email them to erikatz@umich.edu.

**Bylaws updated: October 2012** (*Revision of Sections 6.02 and 11.02*)

© 2013 Regents of the University of Michigan

UM-MM-000019