# GOODWIN | PROCTER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/13

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

November 15, 2013

**MEMO ENDORSED**

The application is denied. The Clerk of Court will terminate the motion (Dkt. No. 96).

**SO ORDERED:**

*Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Nov. 15, 2013

**BY ECF AND HAND DELIVERY**

Honorable Paul G. Gardephe
United States District Court for the
   Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of Mathew Martoma in response to this Court's Order dated November 13, 2013, directing that "[o]pening statements and the presentation of evidence – previously scheduled to begin on January 13, 2014 – will now commence immediately after the completion of jury selection" on January 6, 2014. (Dkt. No. 94.) Mr. Martoma respectfully submits that developments in this case merit a one-week adjournment, rather than a one-week advancement, of the previously scheduled January 13 trial date and respectfully requests that trial be set for January 21, 2014 (or any date thereafter convenient for this Court).[1]

On September 24, 2013, this Court held a status conference for the parties to discuss the trial date in this matter. After the Court initially mentioned a January 6 trial date, Mr. Martoma proposed January 13 instead. The Government had no objection, agreeing that "a matter of one week doesn't make a difference to us" (9/24/2013 Tr. at 4:7-8), and this Court set a January 13 trial date (Dkt. No. 76). The Government likewise should have no objection to a further one-week adjournment to January 21. Setting a January 21 trial date will have no effect on the development or presentation of the Government's case. Indeed, the Government's investigation into the trades at issue has been ongoing for more than four years; the Government cannot

---

[1] To the extent that this Court now prefers that opening statements proceed immediately after jury selection, Mr. Martoma respectfully requests that both commence on January 21. If the court is not inclined to proceed on January 21, Mr. Martoma respectfully requests that jury selection and opening statements commence on January 13.

GOODWIN PROCTER

Hon. Paul G. Gardephe
November 15, 2013
Page 2

suggest that two additional weeks to ensure that Mr. Martoma has a full opportunity to present his defense will prejudice its case.

A short adjournment is particularly warranted in light of the following circumstances:

*First*, on November 11 and 13, 2013 (*i.e.*, only this week), Mr. Martoma received two productions totaling 114,757 pages from SAC Capital's ("SAC") counsel pursuant to instructions from the Government. The documents – which were restored from newly discovered SAC back-up tapes created in 2007 and 2008 – consist primarily of e-mails sent to or received from Mr. Martoma's analyst, Mr. Martoma's trader, and SAC healthcare portfolio managers. Certain of these materials appear directly relevant to specific allegations made against Mr. Martoma. In any event, this new evidence will require a substantial amount of time for Mr. Martoma to analyze and review.

*Second*, Mr. Martoma intends to call a witness who will be unavailable until the week of January 27. The defense estimates that this trial will likely last only two to three weeks. If the trial were to begin on January 6, 2014, there is a very real chance that the witness could not testify. A January 21 trial date would ensure the witness's availability.[2]

*Third*, advancing the trial date to January 6 makes it very difficult to prepare witnesses. There are less than eight weeks left to prepare for trial, and several intervening holidays – including Thanksgiving, Christmas, and New Year's Day – effectively eliminating two weeks of preparation time. It is particularly difficult to prepare witnesses over the holidays. The requested adjournment would allow the parties to work around witnesses' schedules and make up the time that they would otherwise lose for witness preparation. (9/24/2013 Tr. at 3:17-4:2.)

*Fourth*, Mr. Martoma's Motion to Compel (Dkt. No. 35) and Sidney Gilman's Motion for a Protective Order (Dkt. No. 46) are still pending. For months, Dr. Gilman has vigorously resisted producing the documents that Mr. Martoma seeks, most recently filing an eleven-page letter-brief with this Court on November 7. (Dkt. No. 93.) Dr. Gilman's letter-brief necessitated responses by Mr. Martoma and the University of Michigan – both of which were sent just yesterday. Now that the submissions have (hopefully) concluded, this Court may consider and decide the Motions. If and when this Court grants Mr. Martoma's Motion to Compel, the University of Michigan will need to produce the documents and Mr. Martoma will need to review them. A January 21 trial date will help ensure that the University of Michigan and Mr. Martoma have the necessary time to do so.

---

[2] If the Court wishes additional information, we respectfully request permission to provide any further information regarding the witness to the Court *in camera*.

GOODWIN PROCTER

Hon. Paul G. Gardephe
November 15, 2013
Page 3

*Fifth*, Mr. Martoma's Motion to Dismiss (Dkt. No. 35) is still pending. That motion involves complex legal and factual issues concerning the applicability of Section 10(b) of the Securities Exchange Act of 1934 to the Elan securities at issue in this case (*i.e.*, Elan ADRs). This Court's decision on Mr. Martoma's Motion to Dismiss will have an impact on the charges and defenses at trial. A short adjournment provides enough time for this Court to rule on the issues and for Mr. Martoma to prepare his defenses with a complete understanding of the remaining charges in the case.

*Finally*, an adjournment to January 21 would have no impact on other proceedings involving SAC. Even with that adjournment, the trial will be over by early February if it lasts the two to three weeks that Mr. Martoma anticipates. That is well before any upcoming deadlines in other cases involving SAC (with the exception of the *Steinberg* trial, which will be over before this trial begins). In fact, Judge Marrero has set no deadlines in either the Securities and Exchange Commission enforcement action (which the Government has sought to stay) or the private civil litigation involving Mr. Martoma and SAC; and Judge Swain has scheduled the sentencing in the criminal action against SAC for March 14, 2014.

For all of these reasons, Mr. Martoma respectfully requests that the trial be adjourned to January 21, 2014 (or any date thereafter convenient for this Court).

Respectfully submitted,

Richard M. Strassberg

cc:   Arlo Devlin-Brown
      Eugene Ingoglia
      Roberto M. Braceras