UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

    -against-

CR INTRINSIC INVESTORS, LLC,
MATHEW MARTOMA,
  and
DR. SIDNEY GILMAN,

                Defendants,

and

CR INTRINSIC INVESTMENTS, LLC,
S.A.C. CAPITAL ADVISORS, LLC,
S.A.C. CAPITAL ASSOCIATES, LLC,
S.A.C. INTERNATIONAL EQUITIES, LLC,
  and
S.A.C. SELECT FUND, LLC,

                Relief Defendants.

12 Civ. 8466 (VM)
ECF CASE

---

## STIPULATED PROTECTIVE ORDER

    WHEREAS, Plaintiff and Defendant Mathew Martoma (the "Parties") in the above-captioned action (the "Action") may be engaging in discovery proceedings which may include, among other things, the taking of depositions and the production of documents for inspection and copying; and

    WHEREAS the Parties believe that entry of this Stipulated Protective Order (the "Order") will provide a level of confidentiality appropriate to the sensitivity of certain

information relevant to this Action and consistent with the need for a fair disposition of the Action, the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, enters this Order governing the handling of information produced, given, exchanged or filed by or among any of the Parties and non-parties to the Action.

1.  **Confidential and Highly Confidential Information:**

    (a)  For purposes of this Order, materials considered to be "Confidential," and which therefore may be designated by a Party or non-party ("Designating Party") as Confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, include discovery materials – such as documents, electronically-stored information, objects and things, responses to discovery requests, interrogatories and testimony adduced at deposition, deposition exhibits, and any copies, excerpts or summaries thereof – produced, given or exchanged by any Party or non-party in the Action ("Discovery Materials") containing non-public information related to: studies or analyses by internal or outside experts or consultants; current pricing or cost information, customer account information, or other information regarding customer contracts; financial or business plans or projections; documents subject to a separate confidentiality obligation owed by a Designating Party to a third party; or any other information that is confidential, proprietary or otherwise sensitive commercial, financial, investment, trading, business or other information.

    (b)  For purposes of this Order, Discovery Materials considered to be "Highly Confidential" are limited to Discovery Materials containing non-public information related to: the identity of, and communications or discussions with, actual or potential investors, customers, clients, partners, or acquirors; trading activity; trade execution; investment strategies; investment research; proposed strategic transaction or other business combinations, disclosure of which would be harmful to present or prospective business plans, negotiations or relationships; trade secrets or other proprietary information; employee, personnel, investigatory, disciplinary or

compensation information; or any material non-public information concerning publicly-traded securities or private investments, or other non-public information which, if disclosed, could damage an existing or potential customer, client or investor relationship. Any Discovery Materials that may properly be designated "Highly Confidential" may also be designated by the Disclosing Party as "Confidential." Together, Confidential and Highly Confidential materials are referred to herein as "Protected Information."

(c) To the extent that Protected Information is produced in the Action that has previously been produced by a Party with any confidentiality designation in any other action, proceeding, or government investigation, the Party that originally produced such documents shall be deemed the Designating Party with respect to such documents.

(d) Protected Information does not include Discovery Materials that are or become, without violating this Order, a matter of public record or publicly available by law or otherwise.

2. **Designation of Confidential and Highly Confidential Protected Information**

(a) The designation of Protected Information produced through discovery as "Confidential" or "Highly Confidential" shall be made in the following manner:

(i) Documents or other tangible materials will, at the time of their production, be designated by stamping or labeling "Confidential" or "Highly Confidential" on each page containing any confidential information, or in any other reasonable manner appropriate to the form in which the confidential information is produced.

(ii) Trade runs produced in native format may be designated "Confidential" or "Highly Confidential" by written notice sent to counsel of record for all Parties, or in any other reasonable manner appropriate to the form in which the confidential information is produced.

(iii) Deposition testimony shall be designated "Confidential" or "Highly Confidential" (A) at the taking of the deposition by a statement on the record by counsel at the

time of the deposition, or (B) by written notice sent to counsel of record for all Parties within twenty (20) days after receiving a copy of the transcript. For a period of five (5) days after their receipt of a transcript, all Parties shall treat the entire text of the deposition, including any transcripts and exhibits, as Highly Confidential under this Order. The cover of each deposition transcript (including any copies thereof) that contains Confidential or Highly Confidential Protected Information shall bear the legend:

> "THIS DEPOSITION TRANSCRIPT CONTAINS [HIGHLY]
> CONFIDENTIAL INFORMATION PURSUANT TO
> PROTECTIVE ORDER"

In the event that such markings are not affixed by the court reporter, each party hereto agrees to affix the legends required by this paragraph to any and all printed or electronic copies of transcripts, or portions thereof, that contain Protected Information.

    (iv)    Non-documentary and non-testimonial material, such as oral statements of counsel on the record, will be designated orally at the time of disclosure and promptly confirmed in writing.

    (v)    The Parties may modify these procedures for any particular deposition through agreement on the record at such deposition or for any sets of documents produced electronically through prior agreement, without prior order of the Court.

    (vi)    To the extent that Discovery Material is produced in the Action that has previously been produced with any confidentiality designation in any other action, proceeding, or government investigation, such Discovery Material will be deemed to have been designated Confidential in the Action by the entity that originally produced the Discovery Material.

    (b)    A Party's or signatory's inadvertent failure to designate Protected Information as "Confidential" or "Highly Confidential" does not constitute a waiver and may be corrected by a supplemental written notice to all Parties designating such Protected Information as

"Confidential" or "Highly Confidential," which notice shall be provided as promptly as practicable after learning of the inadvertent failure to designate. The Parties receiving such supplemental written notice will then mark and treat such Protected Information as "Confidential" or "Highly Confidential," and that Protected Information will be fully subject to this Order as if it had been initially designated. If a Party or other signatory to this Order already has disclosed such Protected Information that Party or signatory shall assist the Designating Party in retrieving such Protected Information from all recipients not entitled to receive it under the terms of this Order and shall act in good faith to prevent further disclosures except as authorized under the terms of this Order.

   3.  **Permissible Disclosure of Protected Information**

   (a)  Any Protected Information designated as "Confidential," and any information derived therefrom, may be disclosed only to the following persons in this Action and the Related Actions *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (S.D.N.Y.) and *U.S. v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y.), subject to the protective orders in the Related Actions: (i) a Party, including that Party's present and former officers, directors, and employees, to the extent necessary to assist counsel for that Party in the conduct of the Action or for that Party to make decisions concerning the Action, provided that prior to receiving such Confidential Protected Information each former officer, director or employee signs the Endorsement of Protective Order attached hereto as Exhibit A; (ii) in-house counsel, outside counsel who has entered an appearance in the Action on behalf of a Party, or other outside counsel representing a party and who has executed the attached Endorsement of Protective Order, as well as such counsel's partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying and litigation support services, such as translators and interpreters); (iii) any outside

experts who have been consulted for the purpose of being retained, or who have been retained to provide assistance, expert advice, technical consultation, or expert testimony, provided that, prior to receiving Confidential Protected Information, any such outside expert or consultant signs the Endorsement of Protective Order; (iv) the judges of the Court, Court staff, and any essential personnel retained or appointed by the Court (including Special Masters and their staffs); (v) the jury or other trier of fact in the Action;; (vi) persons who authored the Confidential Protected Information or who received such Confidential Protected Information through means other than disclosure in the Action; (vii) persons noticed for depositions or designated as trial witnesses and their attorneys to the extent reasonably necessary in preparing to testify, and provided that no Confidential Protected Information is left in the possession of such person; (viii) up to ten potential witnesses and their attorneys to the extent reasonably necessary for a party to determine their knowledge and whether to seek their testimony, or for a witness to prepare to testify or give testimony, provided that, prior to receiving Confidential Protected Information such potential witness signs the Endorsement of Protective Order; (ix) any other person only upon order of the Court or upon written agreement of the Designating Party.

    (b)    Any Protected Information designated as "Highly Confidential," and any information derived therefrom, may be disclosed only to the following persons in this Action and the Related Actions *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (S.D.N.Y.) and *U.S. v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y.), subject to the protective orders in the Related Actions: (i) in-house counsel, or outside counsel who has entered an appearance in the Action on behalf of a Party, or other outside counsel representing a party and who has executed the attached Endorsement of Protective Order as well as such counsel's partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary

employees, and service vendors of such counsel (including outside copying and litigation support services, such as translators and interpreters), provided, however, that with respect to contract attorneys, temporary employees or service vendors, such person or entity executes the Endorsement of Protective Order; (ii) an individual Party; (iii) current employees (in addition to in-house counsel) of a Party; (iv) up to ten potential witnesses and their attorneys to the extent reasonably necessary for a party to determine their knowledge and whether to seek their testimony, or for a witness to prepare to testify or give testimony provided that, prior to receiving Confidential Protected Information such potential witness signs the Endorsement of Protective Order; (v) persons noticed for depositions or designated as trial witnesses and their attorneys to the extent reasonably necessary in preparing to testify, and provided that no Highly Confidential Protected Information is left in the possession of such person; (vi) any outside experts who have been retained to provide assistance, expert advice, technical consultation, or expert testimony, provided that, prior to receiving any Highly Confidential Protected Information, such outside expert or consultant signs the Endorsement of Protective Order; (vii) the judges of the Court, Court staff, and any essential personnel retained or appointed by the Court (including Special Masters and their staffs); (viii) the jury or other trier of fact in the Action;; (ix) persons who authored the Highly Confidential Protected Information or who received such Highly Confidential Protected Information through means other than disclosure in the Action; (x) any other person only upon order of the Court or upon written agreement of the Designating Party.

(c)     All persons given access to Protected Information shall (a) read and agree to be bound by this Order, (b) take all appropriate steps to prevent the disclosure of Protected Information, and (c) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order. If a Party seeks to introduce Confidential or Highly

Confidential Protected Information during the deposition of a deponent who is neither a Party nor a representative of a Party, that Party shall reasonably endeavor to obtain the deponent's agreement to be bound by this Order evidenced by the deponent's execution of the Endorsement of Protective Order but the failure to secure such agreement will in no way limit the scope of the such deponent's examination. Regardless of whether such non-party deponent agrees to be bound by the terms of this Order, no Party shall allow such deponent to retain any copies of the Protected Information used during the deposition or to retain any transcripts of the deponent's testimony designated as Confidential or Highly Confidential, except to the extent such Protected Information was provided by the deponent.

(d) Discovery Materials, Confidential Protected Information and Highly Confidential Protected Information shall not be disclosed to any person except as provided herein; provided however, nothing in this Order shall preclude counsel of record in this case from representing clients provided no Discovery Materials are disclosed in connection with such representation.

(e) Notwithstanding any other provision of this Order, the Receiving Party may make any and all use of Protected Information without restriction which (i) becomes public through the action of persons other than the Receiving Party, provided that such action does not violate the terms of this Order; or (ii) the Receiving Party independently derives or develops other than through discovery in the Action.

(f) Nothing in this Order prevents or restricts any counsel who has received Protected Information from rendering advice to their clients in this matter and, in the course thereof, relying generally on examination of Protected Information, provided, however, that no Protected Information is disclosed to any person other than as provided herein.

(g)     All Parties, their respective counsel, and others bound by this Order will take all reasonable steps to prevent the disclosure of Protected Information other than in accordance with the terms of this Order.

(h)     Nothing shall prevent broader disclosures beyond those limited by this Order if the Designating Party consents in writing to such disclosure.

(i)     Nothing in this Order shall apply to or has any effect upon a Designating Party's use of its own Protected Information at any time.

(j)     In the event additional parties join or are joined in the Action, they shall not have access to Protected Information until the newly-joined party or its counsel has executed the Endorsement of the Protective Order.

4.   **Non-Party Designation of Discovery Material:** Any non-party to the Action may designate any information produced by it pursuant to subpoena or by agreement, as "Confidential" or "Highly Confidential" under the terms of this Order, so long as the non-party executes the Endorsement of the Protective Order. Protected Information produced by a non-party shall be subject to the terms of this Order as if produced by a Party. A non-party shall designate any Protected Information as "Confidential" or "Highly Confidential" in a manner consistent with the procedures described in this Order.

5.   **Use of Protected Information in Depositions:** During a deposition, a deponent may be shown and examined about Protected Information provided that the provisions of this Order are complied with. Deponents will not retain or copy portions of the transcript of their depositions that contain Protected Information not provided by them.

6.   **Filing of Protected Information with the Court:** No Protected Information or any portion of papers containing or making reference to such Protected Information shall be filed

with the Court other than in a standard sealed envelope as provided by the Court and filled out as directed by the Court, or filed securely in an appropriate container on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

This envelope contains documents that are subject to a Stipulated Protective Order entered by the Court in *SEC v. CR Intrinsic Investors, LLC*, No. 12 Civ. 8466 (VM), governing the use of Confidential and Highly Confidential Information.

All such Protected Information so filed shall be maintained by the Clerk of the Court separate from the public records in the Action and shall be released only upon further order of the Court. All Protected Information filed under seal shall be available to the Court and to counsel for the parties for viewing and copying. Redacted pages shall be filed in the public record. If the party filing such papers with the Court is the party that designates the subject Protected Information as "Confidential" or "Highly Confidential," that party may choose to file such papers without the "Confidential" or "Highly Confidential" legend and thereby avoid the need to treat such papers under this paragraph. If the filing party so elects, it shall be deemed to have waived any confidentiality claim with respect to the Protected Information contained in the filing.

7. **Declassification:** If any Party believes that any Protected Information is not properly subject to the confidentiality provisions of this Order, that Party (an "Objecting Party") may so notify the Designating Party in writing and provide a description by production number of the specific documents or other Protected Information which the Objecting Party believes should not be designated as Confidential or Highly Confidential, together with an explanation as to why the Objecting Party believes that each such document or piece of Protected Information is not properly designated, and serve copies of such notice to counsel of record for all other Parties herein. The Objecting Party and Designating Party must then meet and confer regarding

the Objecting Party's objection(s) within ten (10) business days. If the Objecting Party and Designating Party are unable to resolve the dispute, the Objecting Party may request by motion a ruling that Protected Information designated as Confidential or Highly Confidential is not entitled to such status and protection under the Federal Rules of Civil Procedure and this Order, setting forth its explanation as to why the Protected Information is not properly designated. Such motion shall be made not less than ten (10) business days of notification to all Parties of the Objecting Party's challenge to the designation (as described above), or such other time period as the Designating and Objecting Parties may agree to in writing. The protection afforded by this Order shall continue unless and until the Court grants any such motion by the Objecting Party.

8. **Subpoena by Third Parties, Courts or Agencies:** If another court or an administrative agency subpoenas or otherwise orders production of Confidential or Highly Confidential Protected Information which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed will promptly notify the Designating Party in writing of all of the following: (a) the Protected Information requested for production in the subpoena or other process; (b) the date by which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena or other process is requested; (d) the identity of the party serving the subpoena or other process; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Unless otherwise ordered by such other court or administrative agency, Protected Information shall not be produced prior to the receipt of written notice by the Designating Party and after a reasonable opportunity to object has been offered. the Designating Party will bear the

burden and all costs of opposing the subpoena or other process in connection with the protection of Protected Information. With respect to Protected Information produced by non-party signatory the University of Michigan to Martoma, Martoma shall bear the burden and all costs of opposing the subpoena or other process issued to Martoma in connection with the protection of the University of Michigan's Protected Information. The Parties represent that, as of the date of this Order, they are subject to no court, administrative or agency subpoenas that require them to produce Protected Information (other than their own information or documents) to any court, third-party or governmental agency.

9. **Treatment of Wyeth/Pfizer and Elan Material.** Documents produced by any Party that originate from Wyeth or Pfizer Inc., or that were prepared as part of any clinical drug trial or study in which Wyeth or Pfizer was involved as a developer or co-developer ("Proprietary Pfizer Materials") or that originate from Elan Corporation, plc, or that were prepared as part of any clinical drug trial or study in which Elan was involved as developer or co-developer ("Proprietary Elan Materials"), are deemed Confidential under this Order, whether or not they are so marked. Proprietary Pfizer Materials or Proprietary Elan Materials that concern, in whole or in part, any subject other than the bapineuzumab ("Bapi") Phase II clinical drug trials that are the subject of the Complaint in the Action are referred to as "Non-Bapi Proprietary Pfizer Material" or "Non- Bapi Proprietary Elan Material," as applicable, and, in addition to the restrictions on the use of material designated CONFIDENTIAL under this Order, shall be treated as follows for the purposes of this action only:

(a) No party may publicly disclose the contents of any Non-Bapi Proprietary Pfizer Material or Non-Bapi Proprietary Elan Material prior to trial in this matter, absent

(i) the prior written consent of Pfizer and/or Elan, as applicable; or if such consent is not granted,

(ii) a ruling by the Court that such disclosure is permitted, after a motion, on notice to Pfizer and/or Elan, as applicable, for such permission.

(A) Service of motion papers otherwise in accordance with the Court's rules by electronic mail on Pfizer's outside counsel, Andrew M. Genser of Kirkland & Ellis LLP, at andrew.genser@kirkland.com, shall constitute notice to Pfizer for purposes of paragraph 9(A)(2).

(B) Service of motion papers otherwise in accordance with the Court's rules by electronic mail on Elan's outside counsel, Jaculin Aaron of Shearman & Sterling LLP, at jaaron@shearman.com, shall constitute notice to Elan for purposes of paragraph 9(A)(2).

(b) With respect to any evidentiary hearing or trial, each party shall redact all Non-Bapi Proprietary Pfizer Material and Non-Bapi Proprietary Elan Material from any exhibit to be offered or otherwise used, and shall refrain from otherwise publicly disclosing the contents of any such material, unless the Court first rules that such material is relevant and admissible or that it cannot reasonably be redacted or segregated from other relevant and admissible material in the exhibit at issue.

(c) In addition, each party shall attempt in good faith to provide Pfizer and/or Elan, and the University of Michigan, as applicable, through its counsel, with advance notice of its intention to offer Non-Bapi Proprietary Pfizer Material, Non-Bapi Proprietary Elan material, or material produced by the University of Michigan, in evidence.

10. **Protected Information Offered as Evidence at Trial:** Except as to the procedures set forth in paragraph 9 above concerning Non-Bapi Proprietary Pfizer Material and Non-Bapi Proprietary Elan Material, and except as set forth below with respect to Protected Information produced by non-party signatory the University of Michigan, the parties shall confer

and attempt to agree before any trial or other hearing on the procedures under which Protected Information may be introduced into evidence or otherwise used at such trial or hearing in a manner designed to preserve, to the extent reasonably possible, the confidential nature of such materials. Protected Information produced by non-party signatory the University of Michigan that includes Non-Bapi Proprietary Pfizer Material or Non-Bapi Proprietary Elan Material shall be treated in accordance with the procedures set forth in paragraph 9(b) above. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Protected Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Protected Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

11.  **Return or Certified Destruction of Confidential or Highly Confidential Protected Information:** Subject to any record-keeping or other obligations imposed upon any Party under the Freedom of Information Act or any other applicable law, within ninety (90) days after conclusion of the Action, including any appeals related thereto, or such other time as the Designated Party may agree in writing, counsel will, at their option, return or destroy Confidential and Highly Confidential Protected Information and all copies, and will certify to the Designating Party, as appropriate, either that they are returning or that they have destroyed, all copies of Confidential and Highly Confidential Protected Information. If counsel elects to destroy Confidential and Highly Confidential Protected Information, they will consult with counsel for the Designating Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction. However, counsel will not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary

course of business; such records shall continue to be maintained as Confidential and Highly Confidential Protected Information in conformity with this Order. Counsel may retain the privileged communications, work product, signed copies of the Endorsement of Stipulation and Protective Order, and all court filed documents even though they contain Confidential or Highly Confidential Protected Information, but such documents will remain confidential subject to the terms of this Protective Order.

12. **Modification Permitted:** Nothing herein shall prevent any Party or other person from seeking modification of this Order, or objecting to discovery it believes to be improper.

13. **Responsibility of Attorneys as to Copies:** The attorneys of record are responsible for employing reasonable measures to control and track access to and distribution of Confidential and Highly Confidential Protected Information, including abstracts and summaries.

14. **No Waiver of Rights or Implication of Discoverability**

(a) No disclosure pursuant to any provision of this Order will waive any rights or privileges of any Party or person granted by this Order.

(b) This Order will not enlarge or affect the proper scope of discovery in this or any other litigation; nor will it imply that Protected Information is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential or Highly Confidential Protected Information on any ground it deems appropriate.

(c) The entry of this Order shall be without prejudice to the rights of the Parties or any non-party to assert or apply for additional or different protection. Nor will entry of the Order operate as an admission by any Party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Protected Information. Nothing herein prevents any Party or

non-party signatory from seeking an appropriate protective order to further govern the use of Confidential or Highly Confidential Protected Information at trial.

(d) Nothing will prevent disclosure beyond that required under this Order if the Designating party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures, subject to any review as authorized under the Federal Rules of Civil Procedure or the Local Rules of this Court.

(e) Nothing in this Order prevents a Designating Party from any use of its own documents and information.

15. **Any Designating Party May Designate Discovery Material as Confidential or Highly Confidential:** Notwithstanding the above, any Designating Party shall have standing to designate as Confidential or Highly Confidential, and to object to the disclosure, of its own confidential documents, information, or materials, regardless of the entity disclosing it. Such designation may be made in the manner set forth in paragraph 2(A) or, if that is not feasible, by written notice to all Parties.

Dated:  New York, New York
        November 25, 2013

**SECURITIES AND EXCHANGE COMMISSION**

_____
Charles D. Riely
 (RielyC@sec.gov)
Matthew J. Watkins
 (WatkinsMa@sec.gov)
New York Regional Office
3 World Financial Center, Suite 400
New York, New York 10281-1022
Telephone: (212) 336-0535

*Attorneys for Plaintiff Securities and Exchange Commission*

**MATHEW MARTOMA**

By: _____
    Richard M. Strassberg
     (rstrassberg@goodwinprocter.com)
    John O. Farley
     (jfarley@goodwinprocter.com)
    Daniel P. Roeser
     (droeser@goodwinprocter.com)
    Larkin M. Morton
     (lmorton@goodwinprocter.com)
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018

Telephone: (212) 813-8800
Facsimile: (212) 355-3333

Roberto M. Braceras
 (rbraceras@goodwinprocter.com)
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*Attorneys for Defendant Mathew Martoma*

Dated: New York, New York
 _____, 2013

SO ORDERED:

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that materials designated as Confidential Protected Information or Highly Confidential Protected Information are provided to or produced by me subject to the Stipulated Protective Order dated, _____ 2013 (the "Order"), in the above-captioned action (the "Action"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any Discovery Materials or any information or documents designated as Confidential Protected Information or Highly Confidential Protected Information pursuant to the Order.

I further agree that except as otherwise provided in the Order, I shall not disclose to others, except in accord with the Order, any Discovery Materials, Confidential Protected Information or Highly Confidential Protected Information, in any form whatsoever, and that such Discovery Materials, Confidential Protected Information or Highly Confidential Protected Information may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Discovery Materials, Confidential Protected Information or Highly Confidential Protected Information I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Action.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Materials, Confidential Protected Information or Highly Confidential Protected Information will continue even after this Action concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York, for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Endorsement, regardless of whether the Order has been entered by the Court.

**Date:** _____

**By:** _____

_____
**Print Name**