```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA,          :

         - v. -                    :   S1 12 Cr. 973 (PGG)

MATHEW MARTOMA,                    :

              Defendant.           :

                                   :

- - - - - - - - - - - - - - - - -  x
```

**PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

```
PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
     of America

ARLO DEVLIN-BROWN
EUGENE INGOGLIA
Assistant United States Attorneys
- Of Counsel
```

The Government respectfully requests that the Court include the following questions or variations of the same in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate.

## I. **INTRODUCTION**

This is a criminal case. The defendant is MATHEW MARTOMA. He has been charged with committing federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment contains a total of three counts. You will hear a lot more about these charges in the coming days, but let me provide you with a brief summary of the allegations in this case in order to help determine whether there is anything about the case that may make it difficult or inappropriate for you to serve on the jury.

The charges in the Indictment involve allegations that Mr. MARTOMA, a portfolio manager specializing in health care at a hedge fund you will hear referred to as SAC Capital or CR Intrinsic, engaged in what is known as insider trading, meaning that he used material, nonpublic information – Inside

Information - improperly obtained from certain individuals with access to such information, to buy and sell stock.

Count One of the Indictment charges that Mr. MARTOMA was a part of a conspiracy to violate the federal law that makes it unlawful to commit securities fraud. More specifically, Count One charges that Mr. MARTOMA joined in an agreement or understanding with others to obtain Inside Information about the results of what is called a "drug trial" – which means an official testing of a drug to see if it is safe and/or effective – for an experimental drug designed to treat Alzheimer's disease that was being jointly conducted by two pharmaceutical companies: Elan Corporation, plc ("Elan"), and Wyeth.

Counts Two and Three of the Indictment charge that Mr. MARTOMA illegally obtained Inside Information about the drug trial results before they were publicly announced and used that Inside Information to trade in the stock of these two companies.

Mr. MARTOMA has denied the charges and entered a plea of not guilty.

II. **QUESTIONS ABOUT THE CASE**

1.   Do any of you know anything about the facts of this case other than what I have told you?

2.   Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case?

3.   Let me now ask you a few questions relating to the Government's regulation of the securities industry:

4.   Do any of you believe that the securities industry should not be regulated by the federal government?

5.   Do any of you believe that purchasing or selling securities based on Inside Information, otherwise known as insider trading, should not be illegal?

6.   Do any of you feel that insider trading should not be enforced criminally by the federal government?

7.   Does the fact that the charges involve the securities industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

8.   Do you follow the news about fraud, insider trading, or alleged misconduct by individuals in the securities or finance industry?  If so, will anything that you have read or seen affect your ability to be fair and impartial in this case?

### III. **PARTIES AND COUNSEL**

9.   Does any juror know, or has he or she had any dealings directly or indirectly, with the defendant, MATHEW MARTOMA, or with any relative, friend or associate of the defendant?

10.   The defendant MATHEW MARTOMA is represented by his attorneys, [names to be provided by defense counsel] of the law firm of Goodwin Procter.  Do any of you know these attorneys, or their law firm, and have you had any dealings, either directly or indirectly with them?

11.   The United States is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Arlo Devlin-Brown and Eugene Ingoglia.  Do any of you know Mr. Bharara, Mr. Devlin-Brown, or Mr. Ingoglia?  Sitting with these Assistant United States Attorneys will be Special Agent Matthew Callahan of the Federal Bureau of Investigation; and Ruby Hernandez who is a paralegal with the United States Attorney's Office.  Do you know Agent Callahan or Ms. Hernandez  Have you had any dealings either directly or indirectly with any of these individuals?

12. Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following

individuals and entities who may be called as witnesses or whose names may come up during the trial?

[The parties will provide the Court with a list of prospective witnesses and names that may be mentioned during trial.]

**IV.  QUESTIONS SPECIFIC TO THE CASE**

13.  Have any of you, or your family members or close friends, ever worked in the securities industry?

14.  Have you or anyone close to you ever been employed by a hedge fund, or by another financial institution that traded securities?

15.  Have any of you, or your family members or close friends, ever worked for the United States Securities and Exchange Commission ("SEC") or other financial regulatory body?

16.  Have any of you invested in securities, meaning financial instruments like stocks and bonds?  If so, would your experience as an investor affect your ability to be fair and impartial in this case?

17.  Have any of you, or your family members or close friends, ever been employed by a company, firm, educational or research institution in the pharmaceutical industry?

18.  Do you have any impressions, positive or negative, of pharmaceutical companies – that is, companies that create and

sell various drugs to treat medical conditions and diseases – that could affect your ability to be fair and impartial?

19.  Have you or anyone close to you ever brought a claim against a pharmaceutical company, or other person or firm in or involved with these industries?

20.  Have you or anyone close to you ever participated in a drug trial?

21.  Do any of you have the belief, whether religious or otherwise, that drugs created by pharmaceutical companies either should not be used for the treatment of disease or as a general matter are ineffective in the treatment of the disease?

V.  **RELATIONSHIP WITH GOVERNMENT**

22.   Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the FBI, or the Securities and Exchange Commission, known as the SEC?

23.  Are you or any member of your family or close friend employed by any other federal department or agency, any law enforcement agency, prosecutor's office, or any securities regulatory agency, whether federal, state or local?

24.  Do any of you have any bias, prejudice or other feelings for or against the United States Attorney's Office, the

FBI, the SEC, or any other law enforcement or securities regulatory agency?

## VI. RELATIONSHIP WITH DEFENSE

25. Have you, or any member of your family, ever been employed by a criminal defense lawyer or private investigator?

26. Do you have any bias, prejudice, or other feelings for or against criminal defense attorneys or law firms that specialize in criminal defense?

## VII. PRIOR JURY SERVICE

27. Have any of you ever served as a juror before in any type of case?

28. If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

30. Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard.

31. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

## VIII. VICTIM OF A CRIME

32.  Have you, or any family member or close friend, ever been the victim of a crime, or ever pressed criminal charges against someone, or tried to press criminal charges against someone?  If any of you feel uncomfortable answering this question in open court, please say so.

33.  If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

34.  Is there anything about that experience that could affect your ability to be fair and impartial in this case?

**IX.  PRIOR EXPERIENCE WITH THE COURT SYSTEM**

35.  Are you, or any of your family members or close friends, attorneys or employees of a law firm?

36.  Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case?  And, what was your role in that case?

37.  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

38.  Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that

experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give your answer in open court, please say so.

39.  Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

40.  Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

41.  Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

42.  Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigations by the SEC, the Commodity Futures Trading Commission, known as the CFTC, the Financial Industry Regulatory Authority, known as FINRA, the National Association of Securities Dealers, known as NASD, or the New York Stock Exchange?  Has any juror been questioned in any matter by investigators for such agencies?

43.  Have you, or any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the SEC, the Internal Revenue Service (the "IRS"), or the FBI, or had any interest in any such legal action or dispute or its verdict?

44.  Have you, or has any member of your family, either as an individual or in the course of his or her business, had involvement or contact with the SEC, the CFTC, FINRA, the NASD or the New York Stock Exchange?  Would anything about such experience make it difficult for you to hear this case fairly?

45.  Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

X.   **WITNESSES AND EVIDENCE**

46.  The witnesses in this case may include law enforcement personnel, including Special Agents of the FBI.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?  Can each of you agree to consider testimony from such witnesses fairly and impartially?

47. You will also hear testimony in this case from witnesses who were involved in certain activities described in the Indictment and who are cooperating with the Government pursuant to agreements that provide that these witnesses will not be prosecuted. The use of cooperating witnesses is a legal and often necessary law enforcement tool. Do any of you have any general feelings about such witnesses that would affect your ability to be fair and impartial in this case? Would you have any bias against these witnesses or the Government because of evidence obtained in this manner?

**XI.  TRIAL ADMINISTRATION**

48. I expect this trial to take approximately three weeks. Do any of you have any physical or personal problems that would prevent you from serving in this case for the time period that I have indicated?

49. Do any of you have any difficulty with your sight or hearing that could affect your ability to follow these proceedings?

50. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

51. Do any of you have any difficulty understanding or reading the English language?

52.  Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person or determining the credibility of any witness?

53.  Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race or national origin that may inhibit your ability to be a fair and impartial juror in this case?

54.  I don't know if the case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or listening to any radio, television or news reports – including social media like Facebook, Twitter, texts and blogs – concerning the case until after it is over?  If not, please raise your hand.

## XII. BASIC LEGAL PRINCIPLES

55.  Under the law, the facts are for the jury to decide and the law is for the Court.  The two areas are separate and distinct.  At the end of the case, I will instruct the jury on the law, and the jury is required to accept the law as I explain it.  If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law.

Does anyone believe that he or she would have any difficulty following this instruction? If so, please raise your hand.

56. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

57. In a criminal case the burden of proof remains with the prosecution. For the jury to return a verdict of guilty against the defendant, the prosecution must prove beyond a reasonable doubt that the defendant is guilty. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

58. The defendant in this case is charged with acting with others in committing the alleged crimes. Those individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Would

any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

    59.  A defendant in a criminal case has the right not to testify.  If the defendant here does not testify, the jury may not draw any inference against him based on his decision.  The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.  Would any of you have difficulty accepting and applying this legal principle? If so, please raise your hand.

    60.  You may not as jurors base you decision on conjecture, suspicion, or prejudice.  Moreover, sympathy must not enter into your deliberations as to the guilt or non-guilt of the defendant. You are required by law to make your decision based solely on the evidence or lack of evidence presented in court.  Would any of you have difficulty accepting and applying these rules of law?  If so, please raise your hand.

    61.  Under the law, the question of punishment is for the Court alone -- for me -- to decide, and thus the issue of punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty as charged.  Would any of you have difficulty accepting and applying that proposition?  If so, please raise your hand.

62. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that, even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict against him for reasons unrelated to the law and the evidence? Conversely, do any of you feel or believe that, if the evidence does not establish or prove the defendants' guilt beyond a reasonable doubt, you would for whatever reason be unable or unwilling to render a verdict of not guilty

63. Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense?

64. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

\*   \*   \*

**XIII.    QUESTIONS FOR INDIVIDUAL JURORS**

I'm now going to ask each of you a few questions designed to give the Parties a better idea of you as a person.

    65.  What is your county of residence?  How long have you resided there?  (If less than five years, the same questions with respect to prior residence.)

    66.  What is the highest level of schooling you have completed?

    67.  What is your present employment?  Where is your place of work?  How long have you held your current position? (If less than five years, the same questions with respect to prior employment.) If retired, what did you do before?

    68.  Do you have a spouse or partner?  If so, how is he or she employed?

    69.  Do you have any children?  How old are they?  If they are adults, how are they employed?

    70.  Is there anyone else living in your household?  Who? What do they do for a living?

    71.  What newspapers, magazines or internet sites do you read on a regular basis for news?

    72.  What television programs do you watch on a regular basis?

    73.  Do you belong to any associations or clubs or unions?

    74.  What do you do in your spare time?

### XIV. SUMMARY QUESTION

75. As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror.  So let me ask you one final time, is there anything -- whether I have asked specifically about it or not -- that would affect your ability to render a fair and impartial verdict in this case?

\*   \*   \*

### Requested Instruction Following Impanelment of the Jury

From this point on until you retire to deliberate your judgment, it is your duty not to discuss this case with anyone -- either in conversation, over the Internet, or otherwise -- and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your family or friends.  If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing, about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me.  In this regard, let me explain to you that attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so.  So if

you should see any of them outside this Courtroom they will, and should, ignore you.

Please do not think that they are being rude or discourteous. They will only be acting properly by doing so.

Dated:    New York, New York
          December 6, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the the
                              Southern District of New York

                          By:_____/s/_____
                              ARLO DEVLIN-BROWN
                              EUGENE INGOGLIA
                              Assistant United States Attorneys
                              212-637-2506/1113