# EXHIBIT C

# Securities and Exchange Commission
# Division of Enforcement



# Enforcement Manual

Office of Chief Counsel

*August 2, 2011*

### 5.2 Cooperation with Criminal Authorities

Cooperating with criminal authorities is an important component of the SEC's enforcement mission. The SEC is an independent federal agency charged by Congress with upholding the federal securities laws. The SEC has authority to bring civil, but not criminal, actions to enforce those laws. This authority is not compromised when the Department of Justice or state criminal authorities conduct a criminal investigation and/or make a determination to bring criminal charges concurrent with the SEC's investigation and/or civil action. Nonetheless, there are certain unique considerations that arise when cooperating with criminal authorities, as discussed in Sections 5.2.1 and 5.2.2 of the Manual.

#### 5.2.1 Parallel Investigations

Basics:

Parallel civil and criminal proceedings are not uncommon.[7] In furtherance of the SEC's mission and as a matter of public policy, the staff is encouraged to work cooperatively with criminal authorities, to share information, and to coordinate their investigations with parallel criminal investigations when appropriate. There are, however, a number of considerations the staff should be mindful of when conducting a parallel investigation and when determining whether to seek authorization to bring a case that involves a parallel criminal investigation. Because each case presents a unique set of circumstances, assigned staff should consult with supervisors whenever they are involved in parallel proceedings.

Considerations:

While every situation is different, the staff typically should keep the following considerations in mind when conducting a parallel investigation and when determining whether to seek authorization to bring a case that involves a parallel criminal investigation:

- It is important that the civil investigation has its own independent civil investigative purpose and not be initiated to obtain evidence for a criminal

---

[7] The Supreme Court recognized in *United States v. Kordel*, 397 U.S. 1, 11 (1970) that parallel civil and criminal proceedings are appropriate and constitutional. As the Court of Appeals for the D.C. Circuit put it in the leading case of *SEC v. Dresser*, 628 F.2d 1368, 1377 (D.C. Cir. 1980), "effective enforcement of the securities laws require that the SEC and [the Department of] Justice be able to investigate possible violations simultaneously." Other courts have issued opinions to the same effect. *E.g., SEC v. First Financial Group of Texas*, 659 F.2d 660, 666-67 (5th Cir. 1981) ("The simultaneous prosecution of civil and criminal actions is generally unobjectionable."); *United States v. Stringer,* 521 F.3d 1189, 1191 (9th Cir. 2008) *("*There is nothing improper about the government undertaking simultaneous criminal and civil investigations. . ."*).* Moreover, the federal securities laws themselves expressly provide that the SEC can share information gathered in a civil investigation with other government agencies and provide information to the Department of Justice for a determination whether to institute criminal proceedings. *See* Section 20(b), Securities Act; Section 21(d), Exchange Act; 17 C.F.R. § 240.24c-1 (access to nonpublic information).

prosecution. This does not prevent the staff from taking an action if the action will provide a benefit to both the SEC's case and the parallel criminal matter. It does mean, however, that staff should not take an SEC civil investigative action for which the *sole* aim is to benefit the criminal matter.

- The staff should make its own independent decision about what documents to request, what investigative testimony to take, what questions to ask during testimony, the location of testimony and similar matters.

- If asked by counsel or any individual whether there is a parallel criminal investigation, staff should direct counsel or the individual to the section of Form 1662 dealing with "Routine Uses of Information," [8] and state that it is the general policy of the Commission not to comment on investigations conducted by law enforcement authorities responsible with enforcing criminal laws. Staff should also invite any person who raises such issues to contact criminal authorities if they wish to pursue the question of whether there is a parallel criminal investigation. Should counsel or the individual ask which criminal authorities they should contact, staff should decline to answer unless authorized by the relevant criminal authorities.

- Supervisors must be involved in all significant discussions and written communications with criminal authorities.

- Generally, sharing information with criminal prosecutors is permissible, even though the sharing of information is intended to and does in fact assist criminal prosecutors. In addition, in certain circumstances it is appropriate for criminal authorities to ask SEC staff to refrain from taking actions that would harm the criminal investigations, and likewise it can be appropriate for SEC staff to ask criminal authorities not to take action that would harm our investigations. Each case is unique and assigned staff should discuss these and other considerations with their supervisors.

Further Information:

- For more information regarding the Discussion Rule and access requests, see Section 5.1 of the Manual.

- For more information on joint proffer sessions, see Section 6.2.1 of the Manual.

---

[8] This section of Form 1662 states that "The Commission often makes its files available to other government agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other government agencies is, in general, a confidential matter between the Commission and such governmental agencies."