UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MATHEW MARTOMA,

                      Defendant.

No. 12-cr-00973 (PGG)
ECF Case

# DEFENDANT MATHEW MARTOMA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO EXCLUDE EVIDENCE OF HIS TERMINATION FROM SAC

## (MR. MARTOMA'S MOTION *IN LIMINE* NO. 6)

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel Roeser (DR2380)

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

December 6, 2013

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant Mathew Martoma respectfully submits this memorandum of law in support of his motion to exclude evidence of his termination from SAC.[1]

## PRELIMINARY STATEMENT

This case contains *no* allegations about Mr. Martoma's termination from SAC. The Government has repeatedly claimed that this is a "straightforward" insider trading case "involving trades in two securities, both relating to the outcome of a single event: the public announcement of the Drug Trial results on July 29, 2008."[2] The Government should not now be permitted to expand the scope of the trial by introducing evidence that is wholly unrelated to its "straightforward" conspiracy and insider trading allegations. Evidence of Mr. Martoma's termination from SAC should be excluded, as it is not relevant to the charged offenses and would be unfairly prejudicial and confusing.

*Evidence of Mr. Martoma's termination from SAC is not relevant to the charged offenses.* Such evidence is neither probative of, nor of consequence to, the determination of Mr. Martoma's guilt or innocence. Evidence of Mr. Martoma's termination from SAC – more than two years *after* the Elan and Wyeth trades, for reasons unrelated to those trades – is plainly irrelevant to whether he committed the charged conduct from the summer of 2006 through July 2008.

*Evidence of Mr. Martoma's termination from SAC would be unfairly prejudicial and confusing.* Admitting such evidence would necessitate mini-trials concerning the reasons behind SAC's decision to terminate him, thereby causing unnecessary confusion for the jury.

---

[1] "SAC" refers to SAC Capital Advisors, L.P. and its affiliates.

[2] (Government's Bill of Particulars Br. at 7; *see also* Transcript of Court Conference at 10:18-25, *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y. Mar. 5, 2013) (describing the "fairly straightforward fact pattern" in which Mr. Martoma is "alleged t[o] have corrupted a doctor and gotten inside information about a single drug trial that resulted in trading in two drug companies that sponsored the trial").)

Mr. Martoma worked at SAC during a global economic crisis; it was a period of unprecedented turbulence. Evidence concerning Mr. Martoma's termination from SAC has no probative value to the charges here and its introduction will serve only to confuse the jury.

For all of these reasons, this Court should exclude any evidence of Mr. Martoma's termination from SAC.

## FACTUAL BACKGROUND

The Government has charged Mr. Martoma with securities fraud and conspiracy to commit securities fraud based on alleged insider trading as an analyst and later a portfolio manager for SAC.[3] Specifically, the Superseding Indictment alleges that, from the summer of 2006 through July 29, 2008, Mr. Martoma conspired with Dr. Sidney Gilman to obtain confidential information about the Phase II clinical trial for an experimental Alzheimer's Disease drug known as bapineuzumab ("bapi") that was jointly conducted by Elan Corporation, plc ("Elan") and Wyeth.[4] It then charges Mr. Martoma based on trades in Elan and Wyeth that occurred over the course of seven trading days between July 17, 2008, and July 29, 2008.[5]

Mr. Martoma worked at SAC from July 10, 2006, to September 30, 2010. The Government does not allege (and there is no evidence to suggest) that Mr. Martoma's termination from SAC was related in any way to the charged conduct. Indeed, the Superseding Indictment makes no mention at all of his termination. It is simply irrelevant to the charges against him.

---

[3]  (Superseding Indictment, Docket No. 61, *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y. Aug. 22, 2013), ¶¶ 1, 16, 21, 23 (hereinafter "S.I.").)

[4]  (S.I. ¶¶ 4, 8, 21, 23.)

[5]  (S.I. ¶¶ 8-15; Government's Opp. to Def.s' Mot. for a Bill of Particulars, ECF No. 26, at 7, 9.)

2

**ARGUMENT**

**I.  EVIDENCE OF MR. MARTOMA'S TERMINATION FROM SAC IS NOT RELEVANT TO THE CHARGED OFFENSES.**

Evidence of Mr. Martoma's termination from SAC is not relevant to the charged offenses because it has no bearing on whether he committed securities fraud or conspired to commit securities fraud with respect to Elan and Wyeth securities from mid-2006 through July 29, 2008. To be relevant, evidence must satisfy two distinct requirements: "(1) [t]he evidence must be probative of the proposition it is offered to prove, *and* (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (emphasis added; citation and internal quotation marks omitted).

Mr. Martoma was terminated from SAC more than two years after the charged Elan and Wyeth trading for reasons wholly unrelated to that trading. Evidence of Mr. Martoma's termination in September 2010 is neither probative of, nor of consequence to, whether he committed the charged conduct from mid-2006 to mid-2008. Thus, it is inadmissible and should be excluded. *See McAleavey v. McMahon*, 55 Fed. App'x 594, 594-95 (2d Cir. 2003) (affirming the exclusion of the defendant's termination seventeen months after the charged conduct because it "had no appreciable bearing on the issues before the jury").

**II.  EVIDENCE OF MR. MARTOMA'S TERMINATION FROM SAC WOULD BE UNFAIRLY PREJUDICIAL AND CONFUSING.**

Evidence of Mr. Martoma's termination from SAC also should be excluded because it would create a substantial "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence should be excluded under Rule 403 when "[t]he jury [is] required to draw a series of inferences, unsupported by other evidence, to connect [the proffered evidence to] the ultimate issue in the case." *Kaplan*, 490 F.3d at 122 (holding that the district court erred in receiving proffered evidence where its "slight probative value" was "outweighed

3

by the risk that the jury would draw improper inferences" from it).[6]  The risk that the jury would draw improper inferences is especially high in this case where the evidence is not related to any illegal conduct, much less the charged conduct.

Among other things, Mr. Martoma worked at SAC during a global economic crisis; it was a period of unprecedented turbulence.  Evidence concerning Mr. Martoma's termination from SAC would set the stage for mini-trials on complex, peripheral issues concerning the reasons underlying his termination, which would have no probative value to the charges here.  The end result would almost certainly "confuse and mislead the jury by focusing its attention on collateral issues and . . . would unnecessarily delay the trial."  *Manko v. United States*, 63 Fed. App'x 570, 573 (2d Cir. 2003) (internal quotation marks omitted).  Courts have repeatedly excluded this sort of evidence precisely because it would result in a mini-trial and create jury confusion (as well as waste time and resources).  *See United States v. Al Kassar*, 660 F.3d 108, 124 (2d Cir. 2011) (affirming the exclusion of evidence related to uncharged events because it "would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all" to the facts at issue and noting that, "to the extent any of the evidence could be construed to relate to the charged conspiracies, the jury would find it extremely confusing, if not incomprehensible") (internal quotation marks omitted); *United States v. Schatzle*, 901 F. 2d 252, 256 (2d Cir. 1990) (affirming the exclusion of evidence that was distant in time from the charged offense because the "digression . . . might cause undue delay and confusion").  This Court should reach the same conclusion.

---

[6]  *Accord United States v. Vasquez*, 840 F. Supp. 2d 564, 575-76 (E.D.N.Y. 2011) (excluding evidence where the danger of unfair prejudice exceeded any probative value because "the jury would be left to speculate regarding the circumstances surrounding" the evidence, "which could result in a side trial diverting the jury's attention from the relevant issues").

## **CONCLUSION**

For the foregoing reasons, Mr. Martoma respectfully requests that this Court grant his motion to exclude any evidence of his termination from SAC.

Dated:  New York, New York          Respectfully submitted,
         December 6, 2013

                                            GOODWIN PROCTER LLP

                                            By: /s/ Richard M. Strassberg
                                            Richard M. Strassberg (RS5141)
                                             (rstrassberg@goodwinprocter.com)
                                            John O. Farley (JF4402)
                                             (jfarley@goodwinprocter.com)
                                            Daniel Roeser (DR2380)
                                             (droeser@goodwinprocter.com)

                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, New York 10018
                                            Telephone: (212) 813-8800
                                            Facsimile: (212) 355-3333

                                            Roberto M. Braceras (RB2470)
                                             (rbraceras@goodwinprocter.com)
                                            53 State Street
                                            Boston, Massachusetts 02109
                                            Telephone: (617) 570-1000
                                            Facsimile: (617) 523-1231

                                            *Attorneys for Defendant Mathew Martoma*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)
