UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
            -v-                     :     S1 12 Cr. 973 (PGG)
                                    :
MATHEW MARTOMA,                     :
                                    :
            Defendant.              :
------------------------------------------------------x


### THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE TO THE JURY


PREET BHARARA
United States Attorney for the
Southern District of New York


EUGENE INGOGLIA
ARLO DEVLIN-BROWN
      – Of Counsel –

## INTRODUCTION

The Government respectfully submits its proposed requests to charge to the jury.   The Government started with the jury charges of the Honorable Jed S. Rakoff in *United States* v. *Rajat K. Gupta*, S1 11 Cr. 907 (JSR) (S.D.N.Y. June 14, 2012), *United States* v. *Fleishman*, 11 Cr. 32 (JSR) (S.D.N.Y. Sept. 19, 2011), *United States* v. *Jiau*, 11 Cr. 161 (JSR) (S.D.N.Y. June 17, 2011), and *United States* v. *Whitman,* 12 Cr. 125 (JSR) (S.D.N.Y. August 17, 2012), and the jury charge of the Honorable Richard J. Sullivan in *United States v. Zvi Goffer et al.,* S1 10 Cr. 56 (RJS) (S.D.N.Y. Oct. 4, 2010). The Government has indicated where it duplicated Judge Rakoff's instructions in *Gupta, Fleishman, Jiau* and *Whitman*, and Judge Sullivan's instructions in *Goffer*, and where it adapted the prior instructions to fit the facts of this case.   The Government has also italicized the statements it added to the prior instructions with citations to supporting authorities in footnotes.

<u>TABLE OF CONTENTS</u>

## I.  GENERAL INSTRUCTIONS

l.      Duty of the Court

2.      Duty of the Jury

3.      Duty of Impartiality

4.      Burden of Proof

5.      Reasonable Doubt

6.      Direct and Circumstantial Evidence

7.      Witness Credibility

8.      A Defendant's Right Not to Testify or, alternatively, Defendant's Decision to Testify

## II.  THE CHARGES

9.      Counts Two and Three: Securities Fraud

10.     Counts One: Conspiracy to Commit Securities Fraud

11.     Proof of Profit Not Necessary

## III.  CONCLUDING INSTRUCTIONS

12.     Selection of Foreperson; Right to See Exhibits and Hear Testimony;
        Communications with Court

13.     Verdict; Need for Unanimity; Duty to Consult

I.   GENERAL INSTRUCTIONS

INSTRUCTION NO. 1

*Duty of the Court*

We are now approaching the most important part of this case, your deliberations.   You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.   Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.   As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.   Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations.   In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.


Authority:      From the charge in *United States* v. *Rajat K. Gupta*, S1 11 Cr. 907 (JSR)
                (S.D.N.Y. June 14, 2012) (hereinafter "*Gupta*").

INSTRUCTION NO. 2

*Duty of the Jury*

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.   You, the members of the jury, are the sole and exclusive judges of the facts.   You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence.   To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, plus an index to help you locate particular exhibits you might want to review. Finally, if you need to review particular items of testimony, we can arrange to provide them to you in transcript or read-back form.

Please remember, however, that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence.   Nor is anything I may have said evidence.   The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted.   Please remember that questions, although they provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection.   Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record.   Likewise, you may not consider anything you heard about the contents of any exhibit that was <u>not</u> received in evidence.

3

Furthermore, you should be careful not to speculate about matters not in evidence.   For example, there is no legal requirement that the Government prove its case through a particular witness or a particular kind of evidence or by use of a particular law enforcement technique or forensic test.   Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be.   Also, as I previously instructed you, you should continue to turn away from any media article or report about this case or about the people, companies, or issues referred to during this trial, and not be affected by any outside information from any source whatsoever.   In other words, your focus should be entirely on assessing the evidence that <u>was</u> presented <u>here</u> for your consideration, and on nothing else.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.   Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.   My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.   You are expressly to understand that I have no opinion as to the verdict you should render in this case.

Authority:      Adapted from the charge in *Gupta* (removed references to audiotapes)

INSTRUCTION NO. 3

*Duty of Impartiality*

You are to perform your duty of finding the facts without bias or prejudice as to any party.   You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party.   By the same token, it is entitled to no less consideration.   All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.   So do not be guided by anything except clear thinking and calm analysis of the evidence.

Authority:      From the charge in *Gupta.*

INSTRUCTION NO. 4

*Presumption of Innocence and Burden of Proof*

The defendant here, Mathew Martoma, is charged with several federal crimes about which I will instruct you shortly.   Please bear in mind, however, that a charge is not itself evidence of anything.

The defendant has pled not guilty.   To prevail against the defendant on a given charge, the Government must prove each essential element of the charge beyond a reasonable doubt.   If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge.   This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent until proven guilty and therefore never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, the defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven that he is guilty of that charge beyond a reasonable doubt.

Authority:      Adapted from the charge in *Gupta*.

## INSTRUCTION NO. 5

*Reasonable Doubt*

Since, in order to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves.   It is a doubt based upon reason.   It is doubt that a reasonable person has after carefully weighing all of the evidence.   It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.   Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is <u>not</u> caprice or whim.   It is <u>not</u> speculation or suspicion.   It is <u>not</u> an excuse to avoid the performance of an unpleasant duty.   The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a given charge, you must find him not guilty of that charge.   On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a given charge, you should not hesitate to find the defendant guilty of that charge.


Authority:       From the charge in *Gupta*.

INSTRUCTION NO. 6

*Direct and Circumstantial Evidence*

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.   For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.   To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.   Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.   Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact.   But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence.   Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.   Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.   Many material facts, such as state of mind, are rarely easily proven by direct evidence.   Usually such facts are established by circumstantial evidence and reasonable inferences you draw.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can give them such weight as you conclude is warranted.

*[You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.   There is no legal requirement, however, that the Government prove its case through any particular means.   While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   The Government is not on trial.   Law enforcement techniques are not your concern.   Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.] [if applicable]*

Authority:        From the charge in *Gupta* and
                  the charge in *United States* v. *Zvi Goffer et al.*, S1 10 Cr. 56 (RJS)
                  (hereafter, "Zvi Goffer")

INSTRUCTION NO. 7

*Witness Credibility*

It must be clear to you by now that counsel for the Government and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case.   Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed.   In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.   How did the witness appear?   Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?   How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory?   Did the witness appear to know what he or she was talking about?   Did the witness strike you as someone who was trying to report his or her knowledge accurately?   These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified?   Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?   Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

10

Please bear in mind, however, that the fact that certain witnesses met with the Government in preparation for their testimony, while declining to meet with the defense, is not necessarily evidence of any bias.   While any witness can be subpoenaed to testify by either side, no witness is required to meet with either side in advance of testifying.   Also, it is routine for a witness to meet in advance with counsel for the party that is calling that witness.   Nonetheless, you may, if you wish, consider any and all circumstances of a witness's preparation as bearing on bias, or not, as you choose.

You have heard testimony from two witnesses— Dr. Sidney Gilman and Dr. Joel Ross— who testified that they have entered into agreements to cooperate with the Government.   You may not draw any conclusions or inferences about the guilt of the defendant from the fact that a cooperating witness acknowledged wrongdoing with respect to crimes that may be similar or related to the crimes charged against the defendant.   The law does not permit a defendant to be found guilty simply based on his association with some guilty party.

In all other respects, however, the law permits the use of testimony from cooperating witnesses.   Indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of the defendant's guilt beyond a reasonable doubt.     The law requires, however, that the testimony and motives of a cooperating witness be scrutinized with particular care and caution.   After carefully scrutinizing the testimony of a cooperating witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in criminal activity, including the alleged crimes charged in the Indictment.   The Government must take its witnesses as it finds them, and frequently must

use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect or prosecute wrongdoers.    The fact that a witness is an accomplice can be considered by you as bearing upon his credibility.   It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he is incapable of giving a truthful version of what happened.[1]

Going back to witnesses generally, you should also consider whether a witness had an opportunity to observe the facts he or she testified about.   Also, as to all witnesses, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Authority:      From the charges in *Gupta* and *Zvi Goffer*

---

[1]      From the charge of Judge Sullivan in *Zvi Goffer*; *see United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted)).

## INSTRUCTION NO. 8

*Defendant's Right Not to Testify*

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.   A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify.   No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

Authority:      From the charge in *Gupta*.


*Defendant's Decision To Testify*

The defendant in a criminal case has an absolute right under our Constitution not to testify.   But, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.   In this case, the defendant, Mathew Martoma, decided to testify.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.   You should not disregard his testimony simply because he is charged as the defendant in this case.   The defendant's testimony does not shift the burden of proof to the defendant.   The burden remains at all times on the Government to prove the elements of the charges beyond a reasonable doubt.


Authority:      From the charge in *Zvi Goffer*.

13

## II.   THE CHARGES

## INSTRUCTION NO. 9

### *Multiple Counts*

With these preliminary instructions in mind, let us turn to the specific charges (or "counts" as they are sometimes called) against the defendant.   I will, at times, refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.   You should also know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed, my instructions will follow a slightly different order than the order in which the various counts appear in the indictment.

There are three counts in the indictment.   Mr. Martoma is charged in Count 1 with conspiracy to commit securities fraud.   He is charged in Counts Two and Three with committing two different acts of securities fraud itself; these are sometimes called substantive counts.   In a moment, I will instruct you on each of these charges in more detail.   At the outside, however, let me instruct you that you must consider each individual charge separately and evaluate each on the proof or lack of proof that relates to that charge.

Authority:       From the charge in *Gupta*.

INSTRUCTION NO. 10

*Counts Two and Three: Securities Fraud*

Let us turn to the two substantive securities fraud charges, which are listed in the indictment as Counts Two and Three but which are more convenient to consider first.   Each of these counts charges Mr. Martoma with unlawfully executing securities transactions on the basis of certain "inside information" that Mr. Martoma received from his coconspirators.

Specifically, Count Two charges Mr. Martoma with executing transactions in the securities of Elan Corporation, plc ("Elan") in or about July 2008, based on material nonpublic information.

Count Three charges Mr. Martoma with executing transactions in the securities Wyeth in or about July 2008, based on material nonpublic information.

As to either such count that you are considering, the Government, in order to convict on that count, must prove each of the following three elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of the security specified in the count you are considering, Mr. Martoma employed a device, scheme or artifice to defraud, or engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of the specified security.

Second, when Mr. Martoma engaged in this scheme, Mr. Martoma acted knowingly, willfully, and with the intent to defraud the company specified in the count you are considering, i.e., Elan or Wyeth.

Third, that in furtherance of the scheme, there occurred at least one use of any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or any facility of any national securities exchange.

15

Let me say a few words about each of these elements:

A "device, scheme or artifice to defraud" is merely a plan for the accomplishment of any fraudulent objective.   "Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others.   The specific "device, scheme or artifice to defraud," or "act, practice, or course of business" that the Government alleges Mr. Martoma employed in connection with Counts Two and Three is known as "insider trading."

An "insider" is one who comes into possession of material, confidential, nonpublic information about a specific security or stock by virtue of a relationship that involves trust and confidence.   If a person has such "inside information" and his position of trust or confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question or causing others to trade in such securities on the basis of that information.

Such "inside information" is "material" if a reasonable investor would consider it important in deciding whether to buy or sell the securities of the company as to which the information relates.

The law also prohibits a person who is not actually an insider from trading in securities based on material nonpublic information, if the person knows that the material, nonpublic information was intended to be kept confidential and was disclosed in violation of a duty of trust or confidence.   In this case, Counts Two and Three charge that Mr. Martoma engaged in insider trading as a "tippee," that is, based on the allegations that Mr. Martoma received material, nonpublic information and wrongfully used it for his own benefit when he knew that the information had been disclosed in violation of a duty of confidentiality.   A person who receives material nonpublic information engages in an act of fraud or deceit under the federal securities laws if he buys or sells securities based on material, nonpublic information that he knows was

16

disclosed by another person in breach of a duty of trust and confidence.   I caution you, however, that trading on information that does not originate from an insider is not illegal.

Therefore, in order to find that the Government has established the first of the three essential elements of the crime of insider trading, the Government must prove each of the following four things beyond a reasonable doubt:

(1) That Sidney Gilman and/or Joel Ross, whom the Indictment alleges were the "insiders" as to both Count Two and Count Three, had a fiduciary or other relationship of trust and confidence with Elan and/or Wyeth;

(2)     That Sidney Gilman and/or Joel Ross, breached that duty of trust and confidence by disclosing material, nonpublic information about Elan and/or Wyeth, as alleged in the Indictment;

(3)     That Mr. Martoma knew the information he obtained had been disclosed in violation of a duty; and

(4)     The Mr. Martoma used the material, nonpublic information he received to execute transactions in the securities of Elan (as to Count Two) and Wyeth (as to Count Three).

In addition, the Government must establish that Sidney Gilman and/or Joel Ross personally benefitted in some way, directly or indirectly, or anticipated a benefit, however modest, such as favors, stock tips, business information, friendship, or maintaining a useful networking contact, from the disclosure of inside information to Mathew Martoma.[2]

---

[2]     Adapted from the charge in *Zvi Goffer*. As relating to benefit, adapted in limited part from the charge in *Jiau*, at Tr. 1584, 1607, 1620-21; *Dirks* v. *S.E.C.*, 463 U.S. 646 (1983); L. Sand, et al., Modern Federal Jury Instructions - Criminal (2010) ("Sand"), Instr. 57-23 ("The Government can establish that the tipper personally benefitted from his disclosure to the defendant by showing that the tipper received some tangible benefit, or that the tipper would gain some future advantage or that the disclosure enhanced the tipper's reputation."); *S.E.C.* v. *Yun*,

As to the second element, the Government must prove beyond a reasonable doubt that Mr. Martoma undertook the insider trading scheme set forth in each of Counts Two and Three "knowingly" (that is, consciously and voluntarily, rather than by mistake or accident or mere inadvertence), "willfully," (that is, deliberately and with a bad purpose), and with an "intent to defraud" the company in question (that is, with an intent to deprive the company in question of the confidentiality of its information).

As to the third element, the Government must prove beyond a reasonable doubt that, as to each count you are considering, either the disclosure of the information, the transmission of that information, or the trading based on that disclosure involved at least one use of an instrumentality of interstate commerce, such as an interstate telephone call, or a use of the mails, or a use of a facility of a national securities exchange, such as a stock or options trade on the New York Stock Exchange.

Authority:     Adapted from the charge in *Gupta*, at Tr. 1584-85.

<u>INSTRUCTION NO. 11</u>

*Conspiracy*

Count One charges the defendant with conspiracy to commit securities fraud.   In order to sustain its burden of proof with respect to each of these charges, the Government must prove beyond a reasonable doubt each of the following three elements:

<u>First</u>, the existence of a charged conspiracy;

<u>Second</u>, that the defendant intentionally joined and participated in the conspiracy you are

---

327 F.3d 1263, 1280 (11th Cir. 2003) ("maintaining a good relationship" with a frequent business partner); *S.E.C.* v. *Sargent*, 229 F.3d 68, 77 (1st Cir. 2000) ("reconciliation with a friend and to maintain a useful networking contact").

considering during the applicable time period; and

Third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy.

Starting with the first element, what is a conspiracy?   A conspiracy is an agreement or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes.   In this instance, the conspiracy in Count One is alleged to be an agreement to commit securities fraud between Mathew Martoma and at least one or more of the following persons: Sidney Gilman and/or Joel Ross.   The securities fraud that is alleged to be the object of this conspiracy consists of a scheme to engage in insider trading in the securities of Elan and/or Wyeth.   Specifically, it is a conspiracy to undertake a scheme that meets the essential elements of insider trading as I've already explained them to you in Instruction 10.

In order for the Government to satisfy this element as to each conspiracy count, you need not find that the alleged members of the conspiracy you are considering met together and entered into any express or formal agreement.   Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its objects or purposes, or every precise detail of the scheme or the means by which its objects or purposes were to be accomplished.   What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to violate the law and to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to violate the law has been established by direct proof.   However, since a conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.   In a very real sense, then, in the context of a conspiracy, actions often speak

louder than words.   In determining whether an agreement existed here, you may consider the actions and statements of all of those you find to be participants as proof that a common illegal design existed on the part of the participants to act together to accomplish an unlawful purpose.[3]

Please bear in mind that conspiracy is an entirely distinct and separate offense from substantive securities fraud.   The actual commission of the object of a conspiracy is <u>not</u> an essential element of the crime of conspiracy.   Rather, the conspirators must simply have <u>agreed</u> to commit securities fraud.   You may find the defendant guilty of the crime of conspiracy even though the substantive crimes which were the object of the conspiracy were not actually committed.   Congress has deemed it appropriate to make conspiracy standing alone a separate crime, even if the conspiracy is not successful.[4]

Further, while it is charged in the indictment that the alleged conspiracy in Count One began in or about the summer of 2006 and continued through on or about July 29, 2008, it is not essential that the Government prove that the conspiracy started and ended on specific dates or that it existed throughout that period.   Rather, it is sufficient to satisfy the first element of each count that you find that in fact a conspiracy was formed, and that it existed for <u>any time</u> within the charged period.

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy you are considering existed, you must then consider the second essential element, which is that the defendant, Mr. Martoma, intentionally joined and participated in the conspiracy.   To provide this element, the Government must prove beyond a reasonable doubt that the defendant entered into the insider trading conspiracy and did so "knowingly," "willfully," and

---

[3]     Adapted from the charge in *Zvi Goffer*.

with an "intent to defraud," as I have previously described those terms to you.   If you find beyond a reasonable doubt that the defendant joined in the charged conspiracy and did so knowingly, willfully, and with an intent to defraud, then the second element is satisfied.

In this regard, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part.   Nor does the defendant need to know the full extent of the conspiracy or all of its participants.   Indeed, it is not necessary that the defendant know more than one other member of the conspiracy.   Nor is it necessary that the defendant receive any benefit from participating in the conspiracy.   All that is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering its unlawful objects.

The defendant also need not have joined the conspiracy at the outset.   The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member.   The law does not require that each conspirator have an equal role in the conspiracy.   Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that mere association or discussions without agreement by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.   In other words, knowledge without participation is not sufficient.   What is necessary is that the defendant, knowing the conspiracy's unlawful object or objects, participated in some way in the conspiracy for the purpose

---

[4]        From the charge in *Zvi Goffer*.

of furthering that object.

In short, in order to satisfy the second essential element of each of the conspiracy charges, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy, intentionally joined and participated in the conspiracy for the purpose of furthering its unlawful object.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members.   So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that that person withdrew and disassociated himself from it.[5]

Finally, for the third element, the Government must show beyond a reasonable doubt that, in addition to agreeing to engage in insider trading, any co-conspirator took at least one act in furtherance of the conspiracy.   An overt act in furtherance of the conspiracy can be any action of any kind taken toward effectuating the conspiracy in any respect.   Thus, for example, if two persons conspired to commit fraud and one of them makes a telephone call to start the fraud going, the overt act requirement is met even if the fraud is never otherwise carried out.[6]

Authority:      Adapted from the charge in *Gupta*, at Tr. 1586-90 (except as noted).

---

[5]      From Judge Sullivan's charge in *Zvi Goffer*.

[6]      Adapted from the supplemental charge in *Gupta*, at Tr. 3385-3393 (additions italicized).

INSTRUCTION NO. 12

Proof of Profit Not Necessary


It does not matter whether the alleged unlawful conduct charged in any of the counts was successful or not, or that the defendant profited or received any financial benefits as a result of the alleged scheme.   Success is not an element of any of the crimes charged.


Authority:      From the charge in *Zvi Goffer*; from Judge Patterson's charge in *Naseem*.

III.   CONCLUDING INSTRUCTIONS

INSTRUCTION NO. 13

*Selection of Foreperson; Right to See Exhibits and Hear Testimony;*
*Communications with the Court*

You will shortly retire to the jury room to begin your deliberations.   As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. [Verdict form shown to jury].   In addition, we will send into the jury room all of the exhibits that were admitted into evidence, along with an index to the exhibits.   If you want any of the testimony provided, that can also be done, either in transcript or read-back form.   But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations.   After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

Authority:      From the charge in *Gupta* (references to audiotapes have been removed).

INSTRUCTION NO. 14

*Verdict; Need for Unanimity; Duty to Consult*

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.   As I have already explained, the Government, to prevail on a given charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt.   If the Government carries this burden, you should find the defendant guilty of that charge.   Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous.   In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.   That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.   If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.   However, you should not hesitate to change an opinion which, after discussion with your fellow jurors, now appears to you erroneous.   In short, your verdict must reflect your

individual views and must also be unanimous.

This completes my instructions of law.


Authority:       From the charge in *Gupta*.


Dated: New York, New York
December 6, 2013


                                        PREET BHARARA
                                        United States Attorney

                        By:     _____/s_____
                                        Eugene Ingoglia/Arlo Devlin-Brown
                                        Assistant United States Attorneys
                                        Tel. (212) 637-1113/2506

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Dated:   December 6, 2013
         New York, New York

PREET BHARARA
United States Attorney

By:   _____/s_____
      Eugene Ingoglia
      Assistant U.S. Attorney
      212-637-1113

27