UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
UNITED STATES OF AMERICA                        :
                                                :
        -v.-                                    :
                                                :           S1 12 Cr. 973 (PGG)
MATHEW MARTOMA,                                 :
                                                :
                Defendant.                      :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## GOVERNMENT'S SUPPLEMENTAL IN LIMINE MOTION SEEKING A RULING THAT CERTAIN EVIDENCE IS ADMISSIBLE UNDER RULE 404(b)

                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States
                                            of America

ARLO DEVLIN-BROWN
EUGENE INGOGLIA
Assistant United States Attorneys

    - Of Counsel

1

The Government respectfully submits this motion to request a ruling from the Court in advance of the January 6, 2014 trial that certain testimony of other acts by the defendant, Mathew Martoma, as outlined below, may be admitted as pursuant to Federal Rule of Evidence 404(b); and that the Court consider this motion as timely, because it concerns information about which the Government first learned this week.

Background – The Charged Crimes

The defendant is charged with the crime of insider trading.  The superseding indictment charges Martoma with one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of securities fraud , in violation of  15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5. The Government expects that the proof at trial will show that, beginning in late 2006 or early 2007, and continuing through July 2008, the defendant obtained material non-public information ("MNPI") about the Phase II clinical trial of the Alzheimer's Disease drug bapineuzumab (the "Drug Trial"); and that, in July 2008, Martoma sold and caused to be sold securities of Elan and Wyeth securities following the defendant's receipt of additional MNPI.   The evidence at trial will show that Martoma worked to cultivate relationships with doctors involved in the Drug Trial; and two of the doctors will testify that they provided MNPI to Martoma, including the final results of the Drug Trial, before such results were disclosed to the public.

I.   **TESTIMONY CONCERNING MARTOMA'S DIRECTION TO A SUBORDINATE, AFTER THE EVENTS CHARGED IN THE INDICTMENT, TO VISIT A DOCTOR AND SEEK INFORMATION ABOUT A DRUG, SHOULD BE ADMITTED PURUSANT TO RULE 404(b) AS PROOF OF KNOWLEDGE AND INTENT.**

The Evidence the Government Seeks to Offer at Trial

The Government seeks to offer at trial testimony and possibly documents showing that, on an occasion after the time period of the charged conspiracy (which as charged ended in or about July 2008) but not after 2009, Martoma directed his research analyst to travel by plane to visit a doctor who was scheduled to be giving a public presentation concerning information about a drug trial, in advance of the scheduled presentation, to ask questions related to the drug and the drug trial.  More specifically, the Government expects that the testimony will indicate that the analyst was directed to ask to arrange for a meeting in advance of the presentation, and to falsely tell the doctor that the analyst happened to be in town due to unrelated matters.   The Government expects that the testimony will show that the analyst followed Martoma's directives, communicated with the doctor as directed, and flew to visit the doctor at the doctor's offices.  In the course of that meeting, among other things, the doctor showed the analyst at least one document concerning the doctor's upcoming presentation.  After the meeting, the analyst communicated with Martoma about the meeting.

The Government does not, at the present time, have information indicating that the confidential information shared during the meeting between the doctor and the analyst was material, and partly for that reason, and because the incident occurred after the charged conduct, does not intend to offer the testimony as proof of a new substantive insider trading offense.

3

Rather, the Government seeks to offer the evidence pursuant to Rule 404(b), as evidence of the defendant's knowledge, intent and lack of mistake

## Argument

### A.  The Evidence Should Be Admitted Pursuant to Rule 404(b)

The Government respectfully submits that in the alternative, the proffered evidence is admissible under Rule 404(b) to show Martoma's intent to engage in a corrupt act, his common scheme or plan, his modus operandi, and his lack of mistake or accident.

#### 1.  Applicable Law

Federal Rule of Evidence 404(b) provides, in relevant part, that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed. R. Evid. 404(b).  It is well-settled that "other acts" evidence is admissible under Rule 404(b) as long as the evidence: (1) is advanced for a proper purpose; (2) is relevant to the crimes for which the defendant is on trial; and (3) has probative value that is not substantially outweighed by any unfair prejudicial effect.  *See, e.g., United States* v. *Guang*, 511 F.3d 110, 121 (2d. Cir. 2007) (citations omitted).

The Second Circuit takes an "'inclusionary" approach to the admission of prior act evidence, under which "evidence of prior crimes, wrongs, or acts 'is admissible for any purpose other than to show a defendant's criminal propensity'" so long as it is not substantially outweighed by the danger of unfair prejudice.  *United States* v. *Paulino*, 445 F.3d 211, 221 (quoting *United States* v. *Pitre*, 960 F.2d 1112, 1118-19 (2d Cir. 1992)); *see also United States* v.

*Teague*, 93 F.3d 81, 84 (2d Cir. 1996) (providing that proof of state of mind, such as intent, is a "proper purpose" for admission of other crimes evidence under Rule 404(b) (quoting *Huddleston* v. *United States,* 485 U.S. at 691)); *see also United States* v. *Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) ("[O]ther acts or crimes are admissible under Rule 404(b) to prove matters other than the defendant's criminal propensity").

Under Rule 404(b), other act evidence can be offered to establish motive, opportunity, intent, knowledge, and the absence of mistake or accident. *See, e.g., United States* v. *Birrell*, 447 F.2d 1168, 1172 (2d Cir. 1971) ("[e]vidence of similar acts in fraud cases may be introduced where knowledge or intent is at issue, to give rise to an inference of knowledge or intent"). Further, it is clear that "[t]he proof is admissible even if the acts occurred after the crime charged in the indictment." *United States* v. *Arroyo–Angulo*, 580 F.3d 1137, 1149 (2d Cir. 1978); *United States* v. *Germosen*, 139 F.3d 120, 128 (2d Cir. 1998); *United States* v. *Curley*, 639 F.3d 50 (2d Cir. 2011) (expressly noting that "[s]ubsequent acts are admissible under Rule 404(b)").

In the case of subsequent acts, the temporal difference between subsequent acts and the charged conduct may impact whether the evidence is probative, *see United States* v. *Rutkoske,* 506 F.3d 170, 177 & n. 3 (2d Cir. 2007). The Second Circuit has upheld the admission of subsequent act evidence to prove a state of mind where it so closely paralleled the charged conduct that it was probative notwithstanding a multi-year difference in time period. *See, e.g., id*. at 174, 178 (upholding admission of conversations regarding one securities fraud scheme to show knowledge of another securities fraud scheme four years earlier "[i]n light of the similarity between the [two] schemes"); *Germosen*, 139 F.3d at 124–25, 128 (upholding admission of subsequent fraud scheme, originally charged as part of same conspiracy, to show intent to

5

defraud); *Ismail* v. *Cohen*, 899 F.2d 183, 185, 188–89 (2d Cir.1990) (upholding admission of police officer's attack on another civilian, two months after same officer's alleged attack on plaintiff, to show pattern and intent); *United States* v. *Ramirez*, 894 F.2d 565, 567, 569 (2d Cir.1990) (upholding admission of subsequent attempted cocaine sale to show knowing participation in cocaine trade during earlier transaction); *United States* v. *Viruet*, 539 F.2d 295, 296–97 (2d Cir.1976) (*per curiam*) (upholding evidence of participation in transactions with stolen goods to show intent to participate in earlier stolen goods conspiracy).

    The Court has broad latitude in determining whether to admit evidence pursuant to Rule 404(b), and its ruling will be reviewed only for abuse of discretion. *See, e.g.*, *United States* v. *Guang*, 511 F.3d 110, 121 (2d. Cir. 2007); *United States* v. *Mitchell*, 328 F.3d 77, 82 (2d Cir. 2003). If requested, a limiting instruction to the jury must accompany such evidence. *See United States* v. *Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993); *United States* v. *Ramirez*, 894 F.2d 565, 568 (2d Cir. 1990) (citing *Huddleston* v. *United States*, 485 U.S. 681, 691-92 (1988)).

    **2.**    **Discussion**

    Here, Martoma's direction that his subordinate visit a doctor in person to discuss aspects of a drug trial, shortly before that doctor was to publicly reveal confidential information about that drug trial, parallels in significant respects Martoma's own visit to Dr. Gilman in July 2008, as charged in the indictment, at a time when Dr. Gilman had recently come into possession of the efficacy data concerning the drug bapineuzumab, and shortly before Dr. Gilman was to present that detailed data at a public conference, making it public for the first time. Just as Martoma directed his subordinate to do in the later incident, the Government expects that the evidence will show that Martoma told Dr. Gilman that he was going to be in town for unrelated reasons, and

6

suggested that they meet in person.  Therefore, in each instance, the doctor at issue was in possession of non-public information about a drug trial, and was soon scheduled to present that information publicly.  In each instance, the doctor was told that the visit to the doctor's locale was happenstance.  In each instance, the visit with the doctor was secured, and an airplane flight was undertaken to visit the doctor on his home turf.  In each instance, the doctor revealed more information than was appropriate.

Therefore, the testimony concerning the subsequent incident should be admissible under Rule 404(b) to show Martoma's intent and  knowledge as well as providing further evidence of the way in which Martoma cultivated corrupt relationships with doctors in order to position himself to receive material non-public information.. *See, e.g.*, *United States* v. *Guang*, 511 F.3d 110, 121 (2d. Cir. 2007); *United States* v. *Teague*, 93 F.3d 81, 84 (2d Cir. 1996).  Further, to the extent Martoma's defense includes any argument that he lacked bad intent when communicating with doctors, or that it really did just so happen that he was in Michigan, where Dr. Gilman happened to work, at a time when Dr. Gilman had just come into possession of material and non-public information about the unreported results of the bapineuzumab drug trial, the evidence of the subsequent incident tends to show his intent and lack of mistake.  *See, e.g.*, *United States* v. *Inserra*, 34 F.3d 83, 89 (2d Cir. 1994)  (evidence of prior false statements admissible to show defendant's intent and state of mind when defendant claims he lacked intent to make false statement).  Accordingly, the subsequent incident is probative and relevant to the charged crimes and should be admitted.

B.     **Rule 403 Does Not Bar the Admission of the Other Acts Evidence**

Where evidence is offered for a proper purpose, including under Rule 404(b), the trial

court may exclude the evidence only if the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. *See Zackson*, 12 F.3d at 1182. Moreover, the Second Circuit has repeatedly held under Rule 403 that evidence admissible under Rule 404(b) is not unduly prejudicial to a defendant, so long as the court gives a limiting instruction to the jury explaining the proper purpose for the other crimes evidence. *See United States* v. *Pipola*, 83 F.3d 556, 566 (2d Cir. 1996); *Rosa*, 11 F.3d at 334.

There is no basis to exclude any of the other act evidence under Federal Rule of Evidence 403. First, the proffered evidence is no more sensational than any of the direct evidence concerning the three counts charged in the Indictment. *See United States* v. *Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (in narcotics case, evidence of prior narcotics transactions admitted where other acts evidence "'did not involve conduct any more sensational or disturbing than the crimes with which [the appellants were] charged'") (quoting *Roldan-Zapata*, 916 F.2d at 804; *United States* v. *Peters*, 791 F.2d 1270, 1294 (7th Cir. 1986) (evidence is unfairly prejudicial under Rule 403 if it arouses a sense of horror or otherwise produces an emotional response that would cause the jury to base its decision on something other than the evidence). Indeed, the Government would not be arguing that evidence was necessarily an instance during which material non-public information was transmitted; rather, the evidence would be simply offered to show the defendant's methods, as a way of demonstrating intent, knowledge and lack of mistake.

Furthermore, the proffered evidence will not significantly increase the length of the trial. The proffered evidence will be offered through a witness who is already expected to testify, and testimony on the subject is expected to be brief. Thus, the admission of the proffered evidence should add hardly any time to the Government's case-in-chief.

Finally, in light of the significant non-propensity purposes for which the prior acts evidence is being offered, the non-sensational nature of the prior acts, and the Second Circuit's routine reliance, in the Rule 404(b) context, on limiting instructions to cure any possibility of unfair prejudice, there is no basis for contending that any "unfair prejudice" "substantially outweighs" the probative value of the proffered evidence.

C. **The Government Has Quickly Moved to Bring the Matter to the Attention of the Court**

The Government first learned of the evidence it seeks to admit in this motion, earlier this week, during a meeting with an individual the Government expects to call as a witness at trial. The Government assessed the information against the other information in the case, made further inquiries, and then, having decided to seek its admission, prepared the instant motion. The Government has included a document memorializing the witness' account, with additional 3500 material that the Government is producing to the defense today.

Although the deadline for filing *motions in limine* passed one week ago, the Government respectfully requests that the Court consider this motion nonetheless, because the information sought to be admitted by this motion was not in the possession of the Government until this week, and because the defense will not prejudiced by the disclosure of this information more than three weeks before trial. Indeed, in this instance, no extreme measures of investigation are required for the defense to assess this information in advance of trial: the defendant himself is in the best position to advise his defense team about the particulars of this incident, in which he was personally involved.

For these reasons, the Government respectfully requests that the Court consider this motion on the merits, and allow the introduction of evidence pursuant to Rule 404(b).

Dated:  December 13, 2013
          New York, New York

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

                          By:  _____/s_____
                                  Eugene Ingoglia
                                  Arlo Devlin-Brown
                                  Assistant U.S. Attorneys
                                  212-637-1113/ 2506

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Dated:  December 13, 2013
        New York, New York

                                            PREET BHARARA
                                            United States Attorney

By:  _____/s_____
                Eugene Ingoglia
                Assistant U.S. Attorney
                212-637-1113