UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

MATHEW MARTOMA,

                         Defendant.

No. 12-cr-00973 (PGG)
ECF Case

---

**DEFENDANT MATHEW MARTOMA'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION SEEKING NOTICE OF AN "ALIBI DEFENSE"**

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel Roeser (DR2380)

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

December 20, 2013

Pursuant to Federal Rule of Criminal Procedure 12.1, Defendant Mathew Martoma respectfully submits this memorandum of law in opposition to the Government's motion seeking notice of an "alibi defense."

## PRELIMINARY STATEMENT

The Government has requested that Mr. Martoma provide notice of any intended alibi defense to be offered at trial including, in particular, "whether the defendant intends to offer an alibi defense that he was not present in Ann Arbor, Michigan, on July 19, 2008, at some point between the hours approximately noon and approximately 3pm, in the vicinity of the office of Dr. Sidney Gilman."[1]  According to the Government, however, "even if the defendant were to be able to establish that he was far from Michigan on July 19, 2008, there will be ample proof offered at trial of his criminal conduct on other days such that a jury could convict on all counts even if it credited such a defense."[2]  Based on the Government's own stated position, Mr. Martoma's location on July 19, 2008, is not an "alibi defense" as a matter of law.

In reality, the Government is looking either to get a preview of the evidence that Mr. Martoma intends to introduce at trial or to preclude Mr. Martoma from offering such evidence.  In the Government's view, Mr. Martoma could be required to provide alibi notice with respect to each and every one of the dozens of telephone calls and meetings alleged in the Superseding Indictment.  Of course, that is not the law.  Alibi notice does not require defendants to stipulate to facts of the Government's choosing; alibi notice is not a means by which to supplement the broad discovery to which the Government already has access.  The Government should not be allowed to abuse Rule 12.1 for these purposes.  Tellingly, the Government cites ***no***

---

[1]    (Letter from the U.S. Attorney to Richard Strassberg dated November 22, 2013.)

[2]    (Government's *In Limine* Motions Seeking a Ruling that Certain Evidence is Admissible at Trial and that the Defense Should Disclose Any Alibi Defense Prior to Trial (Dec. 6, 2013) ("Mot.") at 12.)

case – and certainly no insider trading case – in which the defendant was required to provide this sort of alibi notice.  This case should not be the first.

Mr. Martoma's whereabouts on July 19, 2008, are not an "alibi defense," and this Court should not direct him to provide notice of them.

## ARGUMENT

## I.   MR. MARTOMA'S WHEREABOUTS ON JULY 19, 2008, ARE NOT AN "ALIBI DEFENSE" UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 12.1.

Mr. Martoma's whereabouts on July 19, 2008, do not constitute an "alibi defense" under Federal Rule of Criminal Procedure 12.1.  "Rule 12.1 addresses only a claim of alibi; it does not address other claims by the defense in support of its case."  Charles A. Wright & Andrew D. Leipold, *Fed. Prac. & Proc.*: Crim. 4th § 202, 461 (2008).  An alibi defense is "[a] defense based on the ***physical impossibility of a defendant's guilt*** by placing the defendant in a location other than the scene of the crime at the relevant time."  *Noble v. Kelly*, 246 F.3d 93, 98 n.2 (2d Cir. 2001) (citing *Black's Law Dictionary* (7th ed. 1999)) (emphasis added).  Put differently, "[t]he defense of 'alibi' is . . . an affirmative defense that seeks to negate an element of the crime charged, to wit, the requirement that ***the defendant*** must have committed the acts constituting the crime.  Indeed . . . ***all*** the elements of the crime are called into question, at least indirectly, by an alibi defense."  *Simmons v. Dalsheim*, 543 F. Supp. 729, 737 (S.D.N.Y. 1982) (emphasis added).  Typically, an alibi defense arises in cases where the charges require the defendant's physical presence at the scene of the crime.  *See, e.g., Escalera v. Coombe*, 852 F.2d 45, 46 (2d Cir. 1988) (felony murder case where the crime occurred in a Brooklyn park and the alibi defense was that the defendant was at home, not at the park).[3]  As the Government's position makes clear,

---

[3]   *Accord United States v. Saa*, 859 F.2d 1067, 1069, 1071 (2d Cir. 1988) (narcotics case where the crime occurred in a Manhattan building and the alibi defense was that the defendant was not in the building but at his father's house in Brooklyn); *Noble v. Kelly*, 89 F. Supp. 2d 443, 445, 448 (S.D.N.Y. 2000) (attempted murder

Mr. Martoma's location on July 19, 2008, is by definition not an "alibi defense," as his location could not render his guilt a "physical impossibility."

The Government has taken the position that Mr. Martoma's whereabouts on July 19, 2008, are **not** an element of the charged offense that the Government must prove. According to the Government, "[i]t is plain that, even if the defendant were to be able to establish that he was far from Michigan on July 19, 2008, there will be ample proof offered at trial of his criminal conduct on other days such that a jury could convict on all counts even if it credited such a defense." (Mot. at 12.) Notably, the Government made **no** allegations about a trip to Michigan in the original complaint or in the original Indictment. The Government likewise made **no** allegation in the Superseding Indictment that Mr. Martoma received inside information during a trip to Michigan, which was not even identified as an "overt act" of conspiracy. (*See* Superseding Indictment ¶¶ 13, 19.)

Since the Government has taken the position that "there will be ample proof" of Mr. Martoma's guilt even if he did not meet Dr. Gilman on July 19, 2008, Mr. Martoma's location on that date is not an alibi defense as a matter of law. *See, e.g.*, *United States v. Thomas*, 34 F.3d 44, 50 (2d Cir. 1994) (finding that the defendant's presence somewhere other than at the scene of the crime was "not an alibi" because it did not preclude his participation in the crime and, therefore, was "***not inconsistent with the jury's finding him guilty on all charges***" (emphasis added)); *United States v. Guillette*, 547 F.2d 743, 752 (2d Cir. 1976) (finding that the defendant's alleged "alibi" would not have been a total defense, where the

---

case where the crime occurred outside of a bar and the alibi defense was that the defendant was inside the bar), *aff'd* 246 F.3d 93 (2d Cir. 2001).

3

defense "established no more than that appellants did not participate in one of numerous overt acts of the conspiracy").[4]

## II.   THE GOVERNMENT'S REQUEST IS AN ABUSE OF THE ALIBI NOTICE PROVISION OF FEDERAL RULE OF CRIMINAL PROCEDURE 12.1.

In reality, the Government is looking either to get a preview of the evidence that Mr. Martoma intends to introduce at trial or to preclude Mr. Martoma from offering such evidence.  The Government asserts that Mr. Martoma met with Dr. Gilman "to review, in person, the PowerPoint presentation containing the still-secret drug trial results and to discuss those results with Dr. Gilman."  (Mot. at 14.)  Not surprisingly, the Government seeks any evidence to the contrary so that it can investigate such evidence in advance of trial.  (*Id.* at 14-15.)  Or, perhaps, the Government would like an order requiring Mr. Martoma to stipulate to its alleged "facts."  Either way, the Government's request for alibi notice is an abuse of Federal Rule of Criminal Procedure 12.1.

In the Government's view, a defendant is required to provide notice of an alibi defense whenever he could offer evidence that conflicts with the Government's case.  If the Government alleges that a defendant is part of dozens of telephone calls or meetings, that defendant could be required to provide alibi notice with respect to every one.  Not only could Mr. Martoma be required to provide alibi notice concerning the meeting that he allegedly had with Dr. Gilman on July 19, 2008, Mr. Martoma could also be required to provide alibi notice concerning for example each of the "approximately 42 consultations" that he allegedly arranged with Dr. Gilman.  (Superseding Indictment ¶ 10.)  This is not an exaggeration; it is the Government's

---

[4]   *Accord United States v. Bryser*, 954 F.2d 79, 87 (2d Cir. 1992) (holding that "there was no basis for an alibi instruction because an alibi covering the time of the theft is no defense to crucial charges in the indictment"); *United States v. Burse*, 531 F.2d 1151, 1153 (2d Cir. 1976) ("[W]hen the defendant's presence at the scene of the crime has not been an element of the offense which the government was required to prove, the courts have held that failure to provide an alibi instruction does not require reversal.").

position: "[T]he Government could have invoked Rule 12.1 to seek Martoma's alibi, if any, in connection with various events that occurred in connection with the scheme." (Mot. at 13.) Of course, that is not the law.

Such alibi notice would impinge on Mr. Martoma's ability to prepare his defense. A criminal defendant's strategy "in the midst of a . . . criminal prosecution" deserves the "greatest protection." *United States v. Jacques Dessange, Inc.*, No. S2 99-cr-1182, 2000 WL 310345, at *3 (S.D.N.Y. Mar. 27, 2000). Indeed, "[t]he Supreme Court has also recognized the heightened need for thorough preparation in criminal cases unhampered by the fear of compelled disclosure." *Id.* (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)).[5] Alibi notice is intended solely to "provid[e] a mechanism which will enable the parties to have specific information in advance of trial to prepare to meet the issue of alibi." Fed. R. Crim. P. 12.1, Advisory Comm. Notes. It is not a means by which to supplement the broad discovery to which the Government already has access. *United States v. Bickman*, 491 F. Supp. 277, 279 (E.D. Pa. 1980) ("Rule [12.1] is not available as a device to be used for purposes of broad discovery."); *see also Wardius v. Oregon*, 412 U.S. 470, 475 n.9 (1973) ("Indeed, the State's inherent information-gathering advantages suggest that if there is to be any imbalance in discovery rights, it should work in the defendant's favor.").[6] If Mr. Martoma were required to provide alibi notice

---

[5]     *Accord Hickman v. Taylor*, 329 U.S. 495, 511 (1947) ("Proper preparation of a client's case demands that he assemble information . . . prepare his legal theories and plan his strategy without undue . . . interference.").

[6]     As the Supreme Court acknowledged: "Besides greater financial and staff resources with which to investigate and scientifically analyze evidence, the prosecutor has a number of tactical advantages. First, he begins his investigation shortly after the crime has been committed when physical evidence is more likely to be found and when witnesses are more apt to remember events. . . . [T]he prosecutor may compel people, including the defendant, to cooperate. The defendant may be questioned within limits, and if arrested his person may be searched. . . . The prosecutor may force third persons to cooperate through the use of grand juries and may issue subpoenas requiring appearance before prosecutorial investigatory boards. With probable cause the police may search private areas and seize evidence and may tap telephone conversations. They may use undercover agents and have access to vast amounts of information in government files. Finally, respect for government authority will cause many people to cooperate with the police or prosecutor voluntarily when they might not cooperate with the defendant." *Wardius*, 412 U.S. at 475 n.9 (internal quotation marks omitted).

for the July 19, 2008, meeting (or his other conduct), the Government would obtain discovery well beyond its rights under Rule 12.1.  By making its request and seeking such discovery, the Government misuses the alibi notice provision.

Tellingly, the Government cites **no** case, and certainly no insider trading case, in which the defendant was required to provide this sort of alibi notice.  All of the cases cited by the Government (*see* Mot. at 13) involve the typical scenario in which the charges require the defendant's physical presence at the scene of the crime and the defendant's alibi makes his presence a physical impossibility by placing him somewhere else.  *See, e.g., Wardius*, 412 U.S. at 472-73 (narcotics sale where the alibi defense was that the defendant was at a drive-in movie at the time of the sale); *United States v. Vela*, 673 F.2d 86, 87-88 (5th Cir. 1982) (narcotics conspiracy where the alibi defense was that the defendant was at local civic center watching a closed-circuit telecast of a prize fight at the time of the drug bust and not in the car transporting narcotics).[7]  Mr. Martoma's whereabouts on July 19, 2008, do not constitute this sort of "alibi," and the Government may not abuse the alibi notice provision in a transparent attempt to get a roadmap to his defense.

## CONCLUSION

For the foregoing reasons, Mr. Martoma respectfully requests that this Court deny the Government's motion to direct him to provide notice of whether he "intends to offer an alibi defense that he was not present in Ann Arbor, Michigan, on July 19, 2008, at some point

---

[7]   *See also United States v. Dupuy*, 760 F.2d 1492, 1495, 1498 (9th Cir. 1985) (narcotics conspiracy where the alibi defense was that the defendant was in Nogales, Mexico at a family party at the time that the Government alleged that he was in New Mexico preparing to haul 100 pounds of marijuana to Arizona); *United States v. De Yian*, No. 94-cr-719, 1995 WL 368445, at *1, *9 (S.D.N.Y. Jun. 21, 1995) (murder-for-hire and hostage-taking case where the alibi defense was that one of the defendants did not participate in the killing in Virginia or attempted hostage-taking in New York City).

between the hours approximately noon and approximately 3pm, in the vicinity of the office of

Dr. Sidney Gilman."

Dated:   New York, New York                     Respectfully submitted,
          December 20, 2013

                                                GOODWIN PROCTER LLP

                                                By: /s/ Richard M. Strassberg
                                                Richard M. Strassberg (RS5141)
                                                 (rstrassberg@goodwinprocter.com)
                                                John O. Farley (JF4402)
                                                 (jfarley@goodwinprocter.com)
                                                Daniel Roeser (DR2380)
                                                 (droeser@goodwinprocter.com)

                                                The New York Times Building
                                                620 Eighth Avenue
                                                New York, New York 10018
                                                Telephone: (212) 813-8800
                                                Facsimile: (212) 355-3333

                                                Roberto M. Braceras (RB2470)
                                                 (rbraceras@goodwinprocter.com)
                                                53 State Street
                                                Boston, Massachusetts 02109
                                                Telephone: (617) 570-1000
                                                Facsimile: (617) 523-1231

                                                *Attorneys for Defendant Mathew Martoma*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.   I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)

8