UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

         - v. -                          :     S1 12 Cr. 973 (PGG)

MATHEW MARTOMA,                   :

         Defendant.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S FOURTH MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OTHER SAC ACTION, SETTLEMENTS AND PLEA AGREEMENTS**

                                                  PREET BHARARA
                                                  United States Attorney for the
                                                  Southern District of New York
                                                  Attorney for the United States
                                                       of America.

Arlo Devlin-Brown
Eugene Ingoglia
Andrea Griswold
Assistant United States Attorneys

The Government respectfully submits this Memorandum of Law in opposition to defendant Matthew Martoma's Motion *In Limine* No. 4 seeking to exclude evidence of other SAC Actions, Settlements and Plea Agreements. The defendant moves to exclude all evidence of other SAC Actions, Settlements and Plea Agreements as irrelevant and inadmissible hearsay. Def. *In Limine* No. 4 at 8.  Because this motion is unduly broad, premature and risks exclusion of relevant evidence properly offered for a non-hearsay purpose, the defendant's motion should be denied.

As an initial matter, the Government has no intention of introducing the pleas of SAC entities or individuals (the "SAC Guilty Pleas") in its case-in-chief.  Indeed, the Government agrees with the defendant that the guilty pleas of others at SAC Capital (or the entity itself) have no relevance under the law as to the guilt or innocence of the defendant.  And the Government commits that it will not seek to offer evidence of the SAC Guilty Pleas as evidence that Martoma too committed insider trading, obviating the need for any Court order to that effect.

But the defendant goes too far by seeking a categorical ruling before trial precluding any evidence of the SAC Guilty Pleas under *any* circumstance.  There are several scenarios in which one or more of SAC Guilty Pleas could be relevant.  To take an extreme example, for illustrative purposes, if the defendant called as a witness an individual who had worked at SAC Capital and pled guilty to an offense, the fact of the individual's guilty plea could be used to impeach that witness under Federal Rule of Evidence 608(b); *see U.S.* v. *Prawl*, 168 F.3d 622, 627 (2d Cir. 1999) (guilty plea may be admissible for impeachment, so long as limiting instruction given that plea not be considered as to defendant's guilt); *U.S.* v. *Werme*, 939 F.2d 108, 114 (3rd Cir. 1991) (citing *City* v. *Abel*, 469 U.S. 45, 49 (1985) (affirming admission of evidence of a guilty plea of a witness to bring to the jury's attention facts bearing on the witness' credibility).

1

Likewise, if the defendant called witnesses, introduced evidence or made arguments that the defendant did not commit the crime because he acted in accordance with certain SAC policies, or because SAC Capital's compliance department had not identified any irregularities, it might be relevant rebuttal evidence that SAC Capital had itself been convicted of insider trading and that its compliance policies had not identified the insider trading of other convicted employees at SAC Capital either. *See U.S.* v. *Richardson*, 421 F. 3d 17 (1st Cir. 2005) (finding that defendant's supervisor who provided relevant testimony about their company's internal procedures could be impeached by her guilty plea, and that the district court did not err in allowing the plea agreement, into evidence, which included reference to the company's plea agreement).

Finally, one or more of the SAC Capital Guilty pleas could be relevant to establish the bias or motive of a witness and, in that context, not be offered for the truth of the matter asserted, rendering moot the defendant's hearsay argument. *See Tennessee* v. *Street*, 471 U.S. 409, 413-14 (1985) (admitting confession of defendant's accomplice as relevant to rebut the defendant's claim that his own confession had been coerced); *U.S.* v. *Logan*, 419 F.3d 172, 178-79 (2005) (upholding admission of co-conspirator admission to rebut defendant's statements to police); *see also In Andrade* v. *Martuscello*, No. 12 Civ. 6399 (RJS), 2013 WL 2372270, at *15-16 (S.D.N.Y. June 3, 2013) (holding that so long as video of co-defendant implicating defendant was introduced for non-hearsay purpose, evidence could be admitted in Government's direct or rebuttal case).

At bottom, the question of whether and under what circumstances evidence of the SAC Capital Guilty Pleas could be relevant and admissible under the rules of evidence is sufficiently fact dependent that a pre-trial ruling categorically barring any such evidence would be overly

2

broad.  Accordingly, the Government proposes to alert the defendant, and then the Court as necessary, if the Government believes that defense evidence or arguments at trial open the door to evidence of one or more of the SAC Capital Guilty pleas.

Dated: December 20, 2013
       New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

By:  _____/s/_____
     Arlo Devlin-Brown
     Eugene Ingoglia
     Andrea Griswold
     Assistant United States Attorneys
     Tel. No.: (212) 637-2506/2270