UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

MATHEW MARTOMA,

                  Defendant.

No. 12-cr-00973 (PGG)
ECF Case

---

**DEFENDANT MATHEW MARTOMA'S MEMORANDUM OF LAW IN
OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT THE RESEARCH ANALYST 404(b) MATERIAL**

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel Roeser (DR2380)

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

December 20, 2013

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

PRELIMINARY STATEMENT ............................................................................ 1

FACTUAL BACKGROUND ............................................................................... 4

ARGUMENT ...................................................................................................... 7

I.   THE GOVERNMENT'S  RULE 404(b) NOTICE AND MOTION *IN LIMINE*
     WERE NOT TIMELY ................................................................................... 7

II.  THE GOVERNMENT'S RULE 404(b) NOTICE WAS NOT COMPLETE. ................. 11

III. THE RESEARCH ANALYST 404(b) MATERIAL IS NOT ADMISSIBLE. ................ 13

IV.  THE RESEARCH ANALYST 404(b) MATERIAL WOULD BE UNFAIRLY
     PREJUDICIAL AND CONFUSING TO THE JURY .................................................... 15

CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bruton v. United States*,
   391 U.S. 123 (1968)..................................................................................................4

*Gray v. Briggs*,
   45 F. Supp. 2d 316 (S.D.N.Y. 1999).......................................................................17

*Highland Capital Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008).....................................................................16

*Huddleston v. United States*,
   485 U.S. 681 (1988)..................................................................................................9

*Tate v. Flenoy*,
   47 F.3d 1170, 1995 WL 27505 (6th Cir. 1995) (per curiam) ................................10

*United States v. Affjehei*,
   869 F.2d 670 (2d Cir. 1989)...............................................................................13, 15

*United States v. Cook*,
   557 F.2d 1149 (5th Cir. 1977) ................................................................................17

*United States v. Cruz*,
   343 F. Supp. 2d 226 (S.D.N.Y. 2004)....................................................................16

*United States v. Cushing*,
   No. S3 00 Cr. 1098 (WHP), 2002 WL 1339101 (S.D.N.Y. June 18, 2002)...........14

*United States v. Daugerdas*,
   No. S3 09 Cr. 584 (WHP), 2011 WL 573587 (S.D.N.Y. Feb. 16, 2011) ................8

*United States v. DiCarlo*,
   131 F. Supp. 2d 537 (S.D.N.Y. 2001)..................................................................8, 12

*United States v. Garcia*,
   291 F.3d 127 (2d Cir. 2002)....................................................................................13

*United States v. Gordon*,
   987 F.2d 902 (2d Cir. 1993).....................................................................................13

*United States v. Graziano*,
   558 F. Supp. 2d 304 (E.D.N.Y. 2008) ....................................................................17

*United States v. Hatfield*,
   685 F. Supp. 2d 320 (E.D.N.Y. 2010) ...........................................................14, 15

*United States v. Hill*,
   No. 3:09-CR-59, 2010 WL 4638759 (W.D. Ky. Nov. 4, 2010) ...............................10

*United States v. Kahale*,
   789 F. Supp. 2d 359 (E.D.N.Y. 2009) ..................................................................16

*United States v. Levy*,
   No. 11 Cr. 62 (PAC), 2013 WL 655251 (S.D.N.Y. Feb. 22, 2013) ..................14, 17

*United States v. Lynch*,
   499 F.2d 1011 (D.C. Cir. 1974).............................................................................10

*United States v. McDermott*,
   245 F.3d 133 (2d Cir. 2001)..................................................................................17

*United States v. Nachamie*,
   101 F. Supp. 2d 134 (S.D.N.Y. 2000)...................................................................15

*United States v. Newton*,
   No. S101CR635 (CSH), 2002 WL 230964 (S.D.N.Y. Feb. 14, 2002)....................15

*United States v. Rubin/Chambers*,
   832 F. Supp. 2d 349 (S.D.N.Y. 2011)...................................................................11

*United States v. Sierra*,
   No. 11 Cr. 1032 (PAE), 2012 WL 2866417 (S.D.N.Y. July 11, 2012) ....................7

*United States v. Soliman*,
   No. 06 CR 236A, 2008 WL 4490623 (W.D.N.Y. Sept. 30, 2008).........................12

*United States v. Stein*,
   521 F. Supp. 2d 266 (S.D.N.Y. 2007)...................................................................13

*United States v. Townsend*,
   No. S1 06 CR 34 (JFK), 2007 WL 1288597 (S.D.N.Y. May 1, 2007)...................11

*United States v. Vilar*,
   530 F. Supp. 2d 616 (S.D.N.Y. 2008)...................................................................11

*United States v. Williams*,
   181 F. Supp. 2d 267 (S.D.N.Y. 2001)...................................................................11

*United States v. Willock*,
   696 F. Supp. 2d 536 (D. Md. 2010) .......................................................................7

*Walls v. Shelby*,
    No. 11 Civ. 174 (KGB), 2012 WL 6569775 (E.D. Ark. Dec. 17, 2012)................................16

**OTHER AUTHORITIES**

FED. R. EVID. 401 ...............................................................................................................1

FED. R. EVID. 402 ...............................................................................................................1

FED. R. EVID. 403 ...............................................................................................15, 16, 17

FED. R. EVID. 404 ...................................................................................................... passim

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendant Mathew

Martoma respectfully submits this memorandum of law in opposition to the Government's

motion *in limine* to admit evidence involving Mr. Martoma's research analyst (the "Research

Analyst") under Rule 404(b).  Specifically, Mr. Martoma seeks an order excluding any evidence

concerning allegedly "confidential information" unrelated to bapineuzumab ("bapi"), Elan

Pharmaceuticals, plc ("Elan"), or Wyeth that the Research Analyst supposedly obtained (the

"Research Analyst 404(b) Material").

## PRELIMINARY STATEMENT

The Government has repeatedly claimed that this is a "straightforward" insider trading

case "involving trades in two securities [*i.e.*, Elan and Wyeth], both relating to the outcome of a

single event: the public announcement of the Drug Trial [*i.e.*, bapi] results on July 29, 2008."[1]

The Government claims that it will establish at trial: (1) from late 2006 through July 2008,

Mr. Martoma obtained material, non-public information about the Phase II clinical trial of bapi

from Dr. Sidney Gilman and Dr. Joel Ross and (2) in July 2008, Mr. Martoma sold Elan and

Wyeth securities following his receipt of additional material, non-public information.[2]  Rather

than prove its charges with evidence related to bapi, Elan, Wyeth, Dr. Gilman, and Dr. Ross,

however, the Government seeks to offer the Research Analyst 404(b) Material as evidence that

the Research Analyst allegedly obtained ***different*** "confidential information" (but not material,

non-public information) from a ***different*** doctor about a ***different*** clinical trial of a ***different*** drug

---

[1]   (Government's Opp'n to Def.'s Bill of Particulars Br. at 7, ECF No. 26; *see also* Tr. of Ct. Conference at
      10:18-25, *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y. Mar. 5, 2013) (describing the "fairly
      straightforward fact pattern" in which Mr. Martoma is "alleged t[o] have corrupted a doctor and gotten inside
      information about a single drug trial that resulted in trading in two drug companies that sponsored the trial").)

[2]   (Government's Supplemental *In Limine* Motion Seeking a Ruling That Certain Evidence Is Admissible under
      Rule 404(b) at 2, ECF No. 125 (hereinafter "Mot.").)

after the time period that is relevant to the instant charges.[3]  This Court should not permit the Government to expand the scope of this case – apparently because it lacks sufficient direct proof – by introducing evidence unrelated to its "straightforward" conspiracy and insider trading allegations.

The Government's motion is both procedurally and substantively defective.  The parties agreed that the Government would provide Mr. Martoma with notice of any Rule 404(b) evidence then known to it by November 22, 2013,[4] and this Court ordered that the parties file any motions *in limine* by December 6, 2013.[5]  With respect to the Research Analyst 404(b) Material, the Government did neither.  After the close of business on Friday, December 13, 2013 – ***three weeks after the deadline*** for Rule 404(b) notice and ***one week after the deadline*** for motions *in limine* – the Government first notified Mr. Martoma of the Research Analyst 404(b) Material[6] and filed a motion to admit it.  The Government's notice and motion disclosed virtually nothing.  They did not provide any of the necessary information, such as the name of the doctor, the drug, or the clinical trial.  About the only information that the Government disclosed was the fact that the confidential information that Mr. Martoma allegedly obtained is fundamentally different from the "confidential information" that the Research Analyst supposedly obtained.[7]  Specifically, although the Government alleges that Mr. Martoma obtained material, non-public information, it does ***not*** allege that the Research Analyst ever did.  The Government cannot

---

[3]   (*Id.* at 3, 6-7.)

[4]   (Declaration of Richard M. Strassberg in Support of Defendant Mathew Martoma's Memorandum of Law in Opposition to the Government's Motion *In Limine* to Admit the Research Analyst 404(b) Material ("Strassberg Decl.") ¶ 2.)

[5]   (Order dated Sept. 25, 2013, ECF No. 76.)

[6]   (Strassberg Decl., Ex. A.)

[7]   (Mot. at 3.)

escape this critical difference.  The Research Analyst 404(b) Material should be excluded for the following separate and independent reasons:

**The Government's Rule 404(b) notice and motion in limine were not timely.**

Mr. Martoma would be unfairly prejudiced if he were required to defend against the Research Analyst 404(b) Material, which would dramatically expand the scope of the allegations against Mr. Martoma by potentially almost doubling the time period at issue and adding an additional doctor as a potential witness in the last few weeks before trial.  Moreover, the Government does not have an excuse for its late notice.  It first interviewed the Research Analyst on *February 1, 2012*, but it then waited the better part of *two years* to follow up.  There is no reason that the Government could not have learned of the Research Analyst 404(b) Material long before the deadlines for Rule 404(b) notice and motions *in limine*.

**The Government's Rule 404(b) notice was not complete.**  The Government's notice and motion are most striking for their lack of disclosure.  The Government seeks to offer testimony that Mr. Martoma directed the Research Analyst to obtain "confidential information" from a doctor about a drug trial, but omits many critical pieces of information – including such basics as the name of the doctor, the name of the drug, the clinical trial, and the date on which the "confidential information" was supposedly obtained.  The Government's notice is wholly inadequate.

**The Research Analyst 404(b) Material is not admissible.**  The Government asserts that the Research Analyst 404(b) Material "should be admissible under Rule 404(b) to show Martoma's intent and knowledge" because it "parallels in significant respects Martoma's own visit to Dr. Gilman in July 2008, as charged in the indictment."[8]  The Government cannot

---

[8]      (Mot. at 6-7.)

dispute, however, the substantial *differences* between the "confidential information" that is the
subject of the Research Analyst 404(b) Material and the confidential information that is the
subject of the charges against Mr. Martoma.  And the Government's allegations about
"Martoma's own visit to Dr. Gilman in July 2008" are an effort to paint a picture of a secret trip
by Mr. Martoma while the Research Analyst 404(b) Material describes a trip that was completely
open, public, and transparent by the Research Analyst.  These basic differences defeat any
possible probative value of the Research Analyst 404(b) Material.  It is irrelevant and
inadmissible character evidence.

> *The Research Analyst 404(b) Material would be unfairly prejudicial and confusing to*
*the jury.*  Not only would the Research Analyst 404(b) Material color the jury's view of
Mr. Martoma's character, it also would inevitably lead to confusion as jurors sought to
distinguish between evidence that Mr. Martoma obtained non-public bapi information and
evidence that the Research Analyst obtained non-bapi public information.  In addition, it would
divert the time and resources of this Court and the jury, distracting from evidence of the charged
offenses.  A limiting instruction would not cure the unfair prejudice and jury confusion but
would simply ask the jury to perform "a mental gymnastic which is beyond, not only its powers,
but anybody's else."  *Bruton v. United States*, 391 U.S. 123, 132 n.8 (1968) (internal quotation
marks omitted).  The Research Analyst 404(b) Material would be unfairly prejudicial and
confusing to the jury.

For all of these reasons, this Court should exclude the Research Analyst 404(b) Material.

## FACTUAL BACKGROUND

The parties agreed to a pre-trial schedule whereby the Government was required to
provide Mr. Martoma with notice of any Rule 404(b) evidence then known to it by
November 22, 2013.  The Government reserved the right to seek to admit Rule 404(b) evidence

identified after November 22, 2013, and Mr. Martoma reserved the right to oppose on lack of notice or any other ground. This Court had previously ordered that the parties were required to file any motions *in limine* by December 6, 2013.[9]

On November 22, 2013, the Government and Mr. Martoma met and conferred on the Rule 404(b) evidence that the Government intended to offer.[10] There was no mention of the Research Analyst 404(b) Material. On December 6, 2013, the parties filed motions *in limine*. The Government filed no motion to admit the Research Analyst 404(b) Material. After the close of business on Friday, December 13, 2013 (*i.e.*, three weeks after the deadline for Rule 404(b) notice) the Government informed Mr. Martoma: "We are writing to give you notice that we learned of new information this week, which we think is admissible under Rule 404(b). The information pertains to Mr. Martoma and one of the witnesses ([the Research Analyst]) for whom we are producing 3500 material (including the recently learned material) today."[11] Minutes later, the Government filed this motion (*i.e.*, one week after the deadline for motions *in limine*).

The Government submits "that the Court consider this motion as timely, because it concerns information about which the Government first learned this week."[12] That does not tell the whole story. According to the 3500 material produced to Mr. Martoma, the Government first interviewed the Research Analyst (who was represented by an attorney) on ***February 1, 2012***.[13] With respect to that interview, the Research Analyst (and the Research Analyst's attorney)

---

[9]   (Order dated Sept. 25, 2013, ECF No. 76.)

[10]   (Strassberg Decl. ¶ 4.)

[11]   (Strassberg Decl., Ex. A.)

[12]   (Mot. at 1.)

[13]   (Strassberg Decl. ¶ 5.)

entered into a proffer agreement with the Government.[14]  For the better part of *two years*, the

Government has been aware of, and had access to, the Research Analyst.  Nevertheless, the

Government waited *more than 21 months* before interviewing the Research Analyst for a second

time on November 3, 2013, and *another month* before interviewing the Research Analyst for a

third time on December 9, 2013.[15]  It is in that final interview that the Government apparently

learned of the Research Analyst 404(b) Material.  There is no explanation as to why the

Government did not re-interview the Research Analyst sooner, no reason to believe that the

Government could not have learned of the Research Analyst 404(b) Material long before the

deadline for Rule 404(b) notice and/or motions *in limine*, and no excuse for waiting four more

days after learning of such material to notify Mr. Martoma.

 The Government does not describe the specific Rule 404(b) evidence that it would

introduce.  Instead, in a single paragraph, the Motion states only that the Government seeks

(1) to offer *unidentified* "testimony and possibly documents" showing that (2) on an

*unidentified* date sometime during the almost eighteen months between August 2008 and

December 31, 2009, (3) Mr. Martoma directed the Research Analyst to fly to an *unidentified*

location (4) in order to visit an *unidentified* doctor (5) who was scheduled to give a public

presentation at an *unidentified* place and time (6) concerning *unidentified* information (7) about

an *unidentified* trial (8) of an *unidentified* drug and (9) Mr. Martoma directed that analyst to ask

*unidentified* questions related to the drug and drug trial in advance of that presentation under

false pretenses.[16]  The Government also seeks to offer unidentified evidence that (10) the doctor

---

[14] (*Id.*)

[15] (*Id.* ¶¶ 5, 7.)

[16] (*Id.* at 3.)

showed the analyst at least one **unidentified** document concerning the presentation and (11) the analyst told Mr. Martoma about the meeting at an **unidentified** date and time thereafter.[17]

Notably, none of the "confidential information" allegedly obtained by the Research Analyst constitutes material, non-public information or proof of insider trading.  In fact, the Government admits that it "does not, at the present time, have information indicating that the confidential information shared during the meeting between the doctor and the analyst was material" and "does not intend to offer the testimony as proof of a new substantive insider trading offense."[18]

The Research Analyst 404(b) Material should be excluded.

## ARGUMENT

I.     **THE GOVERNMENT'S RULE 404(b) NOTICE AND MOTION *IN LIMINE* WERE NOT TIMELY.**

The Research Analyst 404(b) Material should be excluded because the Government's notice and motion *in limine* were untimely.  The Government's pre-trial deadlines – *e.g.*, for Rule 404(b) evidence, 3500 material, witness lists, exhibit lists, and motions *in limine* – protect the defendant's right to a fair trial.  "A paramount goal of the Court in managing this case, including rigorously supervising the process of discovery and pretrial disclosure, is to ensure that the defendants obtain a fair trial under the challenging circumstances presented."  *United States v. Sierra*, No. 11 Cr. 1032 (PAE), 2012 WL 2866417, at *1 (S.D.N.Y. July 11, 2012).  "To ensure that defense counsel can make any challenges to the admissibility" of certain evidence, "the Government should be required to strictly and timely comply" with its pre-trial obligations.

---

[17]     (*Id.*)

[18]     (*Id.*)

*United States v. Willock*, 696 F. Supp. 2d 536, 570 (D. Md. 2010).  Where the Government fails

to do so, it creates a substantial danger of prejudice to the defendant.

The Government asserts that "the defense will not prejudiced by the disclosure of this

information [*i.e.*, the Research Analyst 404(b) Material] more than three weeks before trial."

(Mot. at 9.)  That is false.  Mr. Martoma is currently preparing to defend against charges that

span almost two years from late 2006 to July 2008 and allege that he obtained material, non-

public information about the Phase II bapi trial results from Dr. Gilman and Dr. Ross.  (*Id.* at 2.)

To mount his defense, it has been necessary for Mr. Martoma to comb through more than 6

million pages of documents produced by the Government and to prepare for the 16 witnesses that

the Government has disclosed to date.  The Research Analyst 404(b) Material would

dramatically expand the scope of the allegations against Mr. Martoma, potentially almost

doubling the time period at issue (from 23 months to 40 months), introducing another,

unspecified pharmaceutical company, drug, and disease to the case and adding a third doctor as a

potential witness.  Broadening the allegations against which Mr. Martoma must defend so late in

the process is patently unfair.  *See, e.g.*, *United States v. Daugerdas*, No. S3 09 Cr. 584 (WHP),

2011 WL 573587, at *2 (S.D.N.Y. Feb. 16, 2011) ("Given the magnitude of this case,

Defendants cannot adequately prepare to rebut evidence related to the MLD transaction with

approximately one month remaining before trial. . . .  Accordingly, the Government is precluded

from introducing any evidence relating to the MLD transaction.").[19]

The Government also contends that, "in this instance, no extreme measures of

investigation are required for the defense to assess this information in advance of trial: the

---

[19]   *Accord United States v. DiCarlo*, 131 F. Supp. 2d 537, 538-39 (S.D.N.Y. 2001) (holding that the
Government's proffered Rule 404(b) evidence was inadmissible because it "represent[ed] a last-minute, highly
material shift in the Government's theory that is fundamentally unfair to the defendants and to the orderly
processes of justice").

defendant himself is in the best position to advise his defense team about the particulars of this incident, in which he was personally involved." (Mot. at 9.) That, too, is false. The defense cannot evaluate the Research Analyst 404(b) Material as currently disclosed; and Mr. Martoma himself is in no position to advise on "the particulars of this incident" because the Government has not identified the incident, much less provided any particulars. The Government claims that it "has included a document memorializing the witness' account, with additional 3500 material" (*id.*), but the only information that Mr. Martoma has received about the new allegations against him is less than two pages of handwritten notes. (Strassberg Decl. ¶ 7.) There is no mention of the doctor, the drug, or the clinical trial about which the Government seeks to offer evidence. (*Id.*) With so little information, it is impossible for Mr. Martoma to prepare a defense to the Research Analyst 404(b) Material in the few weeks left before trial, which is another reason to exclude the Government's new "evidence." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (holding that the Government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo"). Indeed, if the Government just learned of the Research Analyst 404(b) Material on December 9, it is unclear how the Government even could have "assessed the information against the other information in the case, made further inquiries, and then, having decided to seek its admission, prepared the instant motion." (Mot. at 9.)

The Government argues that its Rule 404(b) notice and motion *in limine* should be considered timely because they concern information about which the Government first learned last week "during a meeting with an individual the Government expects to call as a witness at trial." (*Id.*) Under the circumstances, that is no answer. The Government cannot dispute that it first interviewed the Research Analyst on **February 1, 2012**. Although the Government has been

aware of and had access to the Research Analyst for almost two years, it waited ***more than 21***

***months*** before interviewing the Research Analyst for a second time and then ***another month***

before interviewing the Research Analyst for a third time.  (*See* Strassberg Decl. ¶¶ 5, 7 .)  That

the Government was dilatory in failing to follow up with the Research Analyst is no excuse for

missing its deadlines to provide Rule 404(b) notice and file motions *in limine*.  *Cf. Tate v.*

*Flenoy*, 47 F.3d 1170, 1995 WL 27505, at *1 (6th Cir. 1995) (per curiam) (upholding the district

court's conclusions that "witnesses were not truly unavailable because the prosecution's efforts

to locate [the witnesses] were not sufficiently diligent"); *United States v. Lynch*, 499 F.2d 1011,

1024 (D.C. Cir. 1974) (holding that the prosecution failed to show that a witness was unavailable

because "the government failed to establish that [the witness] could not have been located and

brought to trial by a reasonably diligent search").

The Government has had more than five years to build its case; it should not be granted

relief now for its failure to identify and provide timely notice of the Research Analyst 404(b)

Material and to file a timely motion *in limine*.  Where the Government fails to comply with pre-

trial deadlines for Rule 404(b) notice and motions *in limine*, courts may exclude the material at

issue.  For example, in *United States v. Vasquez-Ruiz*, the Government did not comply with (or

seek an extension of) the deadline for Rule 404(b) disclosures.  No. 00 CR 1044, 2002 WL

171969, at *5-6 (N.D. Ill. Feb. 4, 2002).  The court held that "[i]t would unfairly prejudice

defendant in preparing for trial on these already-complex charges if he were required at this late

date to deal with additional newly-disclosed and significant uncharged conduct."  *Id.* at *6;

*accord United States v. Hill*, No. 3:09-CR-59, 2010 WL 4638759, at *1 (W.D. Ky. Nov. 4, 2010)

("The Court finds that the government has not complied with the deadlines set by this Court.

Nor does the Court believe that, were the government to provide Rule 404(b) notice at this time,

Defendant would have a sufficient amount of time to challenge such evidence before the start of trial.").  This Court should reach the same conclusion.[20]

For these reasons alone, this Court should exclude the Research Analyst 404(b) Material.

## II.      THE GOVERNMENT'S RULE 404(b) NOTICE WAS NOT COMPLETE.

The Research Analyst 404(b) Material also should be excluded because the Government's notice was incomplete.  Rule 404(b) requires the Government to "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial."  FED. R. EVID. 404(b)(2)(A).  The purpose of Rule 404(b) notice is "to reduce surprise and promote early resolution of any challenge to admissibility of the proffered evidence." *United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (internal quotation marks omitted); *accord United States v. Williams*, 181 F. Supp. 2d 267, 298 (S.D.N.Y. 2001) ("As this is a complex case in which the defendants are accused of very serious crimes, we will order the Government to provide a statement of the general nature of any evidence it intends to offer under Rule 404(b), as well as a brief statement of the grounds of its admissibility, ***well in advance of trial***, and we will also provide sufficient time for any motions by defendant for exclusion of such evidence." (emphasis added)).  If the Government's notice is insufficient, it unfairly prejudices the defendant in preparing for trial.  *See United States v. Rubin/Chambers*, 832 F. Supp. 2d 349, 354 n.2 (S.D.N.Y. 2011) (noting the "heightened concern for prejudice related to prior bad acts evidence evinced by the notice requirement in Rule 404(b)").

The Government's Rule 404(b) notice and Motion are striking for their lack of disclosure.  In a nutshell, the Government seeks to offer testimony that Mr. Martoma directed his analyst to

---

[20]    The Government knows how to provide timely notice when it wants to do so.  Indeed, the Government informed Mr. Martoma on November 22, 2013, that it would seek to admit evidence that Mr. Martoma obtained "confidential information" unrelated to bapi from Dr. Gilman and Dr. Ross.  The Government then filed a motion *in limine* on December 6, 2013, asking the Court to admit such evidence.

obtain "confidential information" (but *not* material, non-public information).  The Government's

notice and motion, however, are missing many critical pieces of information, including such

basics as the name of the doctor, the name of the drug, the clinical trial, and the date on which

the "confidential information" was supposedly obtained.  (*See supra* at 6.)  Such a defective

disclosure does not satisfy Rule 404(b).  *See United States v. Townsend*, No. S1 06 CR 34 (JFK),

2007 WL 1288597, at *6 (S.D.N.Y. May 1, 2007) (holding that the Government's proffer of

Rule 404(b) evidence was "far too vague to allow the Court to determine whether the evidence is

admissible under Rule 404(b)" where the Government did not even explain (*inter alia*) the role

played by the confidential information in the allegedly illicit transactions).[21]

   A comparison to the Government's prior Rule 404(b) notice and motion *in limine* is

instructive.  In its previous motion, the Government specifically identified names of doctors,

names of drugs, clinical trials, and dates on which "confidential information" was supposedly

obtained[22] – precisely the sort of information missing from the Government's present Rule

404(b) notice and motion.  The detail in the Government's prior notice and motion *in limine* only

highlights the fatal defects in its notice of the Research Analyst 404(b) Material.  Since the

Government's notice was inadequate, this Court should exclude all of the Research Analyst

404(b) Material.  *See* FED. R. EVID. 404(b) advisory committee's note ("The court in its

discretion may, under the facts, decide that the particular request or notice was not reasonable,

either because of the lack of timeliness or completeness.  Because the notice requirement serves

as a condition precedent to the admissibility of 404(b) evidence, the offered evidence is

---

[21]   *Accord United States v. Soliman*, No. 06 CR 236A, 2008 WL 4490623, at *8 (W.D.N.Y. Sept. 30, 2008) ("Given the volume of documents in this case . . . [t]he Government should specifically identify the documents responsive to Rule 404(b) disclosure."); *DiCarlo*, 131 F. Supp. 2d at 539 (finding that the Government's "mostly nebulous" Rule 404(b) allegations "would so hopelessly confuse the jury as to substantially outweigh, both in terms of unfair prejudice and of confusion, any possible probative value").

[22]   (Gov't *In Limine* Motions Seeking a Ruling That Certain Evidence Is Admissible at Trial and That the Defense Should Disclose Any Alibi Defense Prior to Trial at 2-4, Dec. 6, 2013, ECF No. 100.)

inadmissible if the court decides that the notice requirement has not been made.") (note to 1991

amendment); *DiCarlo*, 131 F. Supp. 2d at 539 (finding that the Rule 404(b) evidence was

inadmissible due to the vagueness of the allegations).

### III.      THE RESEARCH ANALYST 404(b) MATERIAL IS NOT ADMISSIBLE.

The Research Analyst 404(b) Material also should be excluded because, based on the

Government's notice to date, it is not admissible.  The Government argues that "the proffered

evidence is admissible under Rule 404(b) to show Martoma's intent to engage in a corrupt act,

his common scheme or plan, his modus operandi, and his lack of mistake or accident."  (Mot.

at 4; *see also id.* at 6-7.)  "To carry its burden of establishing admissibility, the [G]overnment

must explain the uncharged transactions, identify similarities between the charged and uncharged

transactions, and articulate how the similarities identified support" a purpose other than proving

character.  *United States v. Stein*, 521 F. Supp. 2d 266, 270 (S.D.N.Y. 2007).[23]

According to the Government, the Research Analyst 404(b) Material "should be

admissible under Rule 404(b) to show Martoma's intent and knowledge" because it "parallels in

significant respects Martoma's own visit to Dr. Gilman in July 2008, as charged in the

indictment."  (Mot. at 6-7.)  The Government, however, overlooks the substantial ***differences***

between the "confidential information" that is the subject of the Research Analyst 404(b)

Material and the confidential information that is the subject of the criminal complaint,

Indictment, and Superseding Indictment.  The Government concedes that the Research Analyst

---

[23]    *Accord United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002) ("The government must identify a similarity or connection between the two acts that makes the prior act relevant."); *United States v. Gordon*, 987 F.2d 902, 908-09 (2d Cir. 1993) ("[T]he probative value of the proffered evidence depends largely on whether or not there is a close parallel between the crime charged and the acts shown," and "it is an abuse of discretion for the trial court to admit other-act evidence if the other act or acts are not sufficiently similar to the conduct at issue." (internal quotation marks omitted)); *United States v. Afjehei*, 869 F.2d 670, 674 (2d Cir. 1989) ("There is no necessity for synonymity but there must be ***substantial*** relevancy." (emphasis in original; internal quotation marks omitted)).

404(b) Material concerns (*inter alia*) a ***different*** doctor, a ***different*** drug, and a ***different*** trial and it occurred after all of the relevant events at issue in this case. (*See supra* at 1-2.) More fundamentally, the Government admits that it does ***not*** seek to allege, let alone prove, that the Research Analyst 404(b) Material reflects material, non-public information or proof of insider trading. (*See supra* at 7.) In other words, the Government seeks to offer evidence of ***legal*** conduct (portrayed in a negative light) to prove a serious federal crime. Such legal conduct, however, is fundamentally irrelevant to the charge of insider trading. Aggressive efforts to get public information – even if it is "confidential information (whatever that means) – does ***not*** tend to prove anything about Mr. Martoma's ***intent*** to commit insider trading.

Whether the Research Analyst obtained "confidential information" as set forth in the Research Analyst 404(b) Material makes it no more likely that Mr. Martoma is guilty of the charged conduct but, at the very worst, reflects negatively on Mr. Martoma's character. The Government would have the jury draw the inference that, because Mr. Martoma allegedly directed the Research Analyst to obtain "confidential information" (but not material, non-public information) from other doctors about other drug trials, Mr. Martoma obtained and traded on material, non-public information from Dr. Gilman and Dr. Ross about bapi. (*See* Mot. at 6-7.) That, however, is ***precisely*** the sort of inference that Rule 404(b) precludes. *See United States v. Hatfield,* 685 F. Supp. 2d 320, 325 (E.D.N.Y. 2010) ("Whether Mr. Brooks engaged in insider trading-type conduct in 1989 says nothing about Mr. Brooks' knowledge or absence of mistake in 2004, because it provides no useful information concerning whether Mr. Brooks possessed material non-public information when he made the DHB stock trades at issue.").[24] The Research

---

[24] *Accord United States v. Levy,* No. 11 Cr. 62 (PAC), 2013 WL 655251, at *1 (S.D.N.Y. Feb. 22, 2013) (finding inadmissible under Rule 404(b) evidence of the defendants' prior fraudulent mass marketing scheme as proof of their knowledge, intent, and absence of mistake in making misrepresentations regarding investments because the prior fraud "does not closely parallel the conduct charged here, nor is it sufficiently similar to

Analyst 404(b) Material is irrelevant and inadmissible character evidence and, therefore, should be excluded.

## IV.   THE RESEARCH ANALYST 404(b) MATERIAL WOULD BE UNFAIRLY PREJUDICIAL AND CONFUSING TO THE JURY.

The Research Analyst 404(b) Material should be excluded for the additional reason that it would be unfairly prejudicial to Mr. Martoma and create the danger of confusing the jury. "[O]nce the trial court has concluded that other-act evidence is sufficiently similar to be relevant, it must still perform the balancing analysis envisioned by Rule 403" and "weigh that probative value against the likelihood of unfair prejudice." *Affjehei*, 869 F.2d at 674.[25] With respect to Rule 404(b) evidence, there is an inherent danger that "the jury still might use it as evidence of the defendant's bad character." *United States v. Nachamie*, 101 F. Supp. 2d 134, 140 (S.D.N.Y. 2000). In this case, there is no probative value but the unfair prejudice to Mr. Martoma would be significant.

*First*, the Government argues that "the proffered evidence is no more sensational than any of the direct evidence concerning the three counts charged in the Indictment." (Mot. at 8.) That is wrong. The testimony of a young woman who worked for Mr. Martoma and was allegedly directed by him to obtain "confidential information" from a doctor under false pretenses may be viewed by some jurors as more sensational than any direct evidence offered by the Government. In addition, if it were admitted, there is a significant risk that it would unfairly color the jury's view of Mr. Martoma's character. *See, e.g., United States v. Newton*, No. S101CR635 (CSH), 2002 WL 230964, at *5 (S.D.N.Y. Feb. 14, 2002) (finding extrinsic

---

permit the jury reasonably to draw the knowledge or intent inference advocated by the Government" (citations and internal quotation marks omitted)); *United States v. Cushing*, No. S3 00 Cr. 1098 (WHP), 2002 WL 1339101, at *1-3 (S.D.N.Y. June 18, 2002) ("Whether [the defendant] lied previously makes it no more likely that he knew he made an untruthful statement to the SEC.").

[25]   *Accord Hatfield*, 685 F. Supp. 2d at 324 (even if extrinsic evidence is admissible under Rule 404(b), the court must still consider whether the concerns articulated in Rule 403 "tip against its admissibility").

evidence inadmissible where "its potential for unfairly prejudicing the jury by portraying [the defendant] as an immoral rule-breaker greatly outweighs th[e] slight probative value").[26]  It also would inevitably lead to confusion as jurors sought to distinguish between evidence that Mr. Martoma obtained *non-public bapi information* and evidence that the Research Analyst obtained *non-bapi public information*.  There can be no doubt that introducing the Research Analyst 404(b) Material "will necessarily result in delay, confusion of the issues, and may mislead the jury to make a determination of guilt based on propensity."  *United States v. Kahale*, 789 F. Supp. 2d 359, 385-86 (E.D.N.Y. 2009).

   *Second*, the Government argues that "the proffered evidence will not significantly increase the length of the trial" because it "will be offered through a witness who is already expected to testify, and testimony on the subject is expected to be brief."  (Mot. at 8.)  That, too, is wrong.  Should the Research Analyst 404(b) Material be admitted, "the Court necessarily would be required to permit [Mr. Martoma] to introduce evidence to put into context, explain, or rebut" the Government's claims.  *Walls v. Shelby*, No. 11 Civ. 174 (KGB), 2012 WL 6569775, at *3 (E.D. Ark. Dec. 17, 2012).  The alleged confidentiality of the Research Analyst 404(b) Material is likely to be hotly contested, opening up otherwise irrelevant issues regarding the scope of information publicly available relating to a company, a drug and a disease not charged in the indictment.  All of this "would provide little . . . to the Court in resolving the material issues" with the result that any probative value would be "substantially outweighed by the undue

---

[26]   *Accord Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 193 (S.D.N.Y. 2008) (holding that the "mere use of the term 'inside information' may lead a juror to believe that the [defendants] engaged in illegal or improper conduct," and thus "any probative value of the term is outweighed by its misleading nature"); *United States v. Cruz*, 343 F. Supp. 2d 226, 232 (S.D.N.Y. 2004) (holding that the admission of the facts underlying prior arrests could lead a jury to "unfairly assume" that the defendant was a "habitual" offender, which is "exactly the kind of character assessment Rule 403 is designed to prevent").

delay and wastefulness that the admission of such evidence would present." *Gray v. Briggs*, 45 F. Supp. 2d 316, 330 (S.D.N.Y. 1999).[27]

**Third**, the Government argues that "evidence admissible under Rule 404(b) is not unduly prejudicial to a defendant, so long as the court gives a limiting instruction to the jury explaining the proper purpose for the other crimes evidence." (Mot. at 8.) Not so. The Second Circuit has observed that, "where the prejudicial spillover [is] so overwhelming," limiting instructions "cannot be presumed to be effective." *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001). In this case, a limiting instruction would not cure the unfair prejudice and confusion as jurors attempted to understand the significance of ***non-bapi*** information that the Government concedes was neither material, non-public, nor the subject of insider trading as proof of the alleged ***bapi*** insider trading. "Even the best instruction may be insufficient: The naïve assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citations omitted).

This Court should exclude the Research Analyst 404(b) Material because it would unfairly prejudice Mr. Martoma and confuse the jury.

## **CONCLUSION**

For the foregoing reasons, Mr. Martoma respectfully requests that this Court exclude the Research Analyst 404(b) Material.

---

[27]   *Accord Levy*, 2013 WL 655251, at *1 (finding inadmissible under Rule 403 evidence of the defendants' fraudulent mass marketing scheme because (*inter alia*) "[t]he introduction of this evidence would lead to a confusing 'mini-trial'" that presents "a significant risk of . . . confusing the issues actually alleged in the Indictment, and misleading a jury that will already be tasked with determining the charged conduct"); *United States v. Graziano*, 558 F. Supp. 2d 304, 324 (E.D.N.Y. 2008) (finding inadmissible under Rule 403 evidence of gambling activity because (*inter alia*) its introduction "would lead to a 'mini-trial' concerning the nature and scope of any gambling activity at Copperfield's and the defendant's knowledge and/or involvement with respect to any such activities").

Dated:   New York, New York
        December 20, 2013

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)
 (rstrassberg@goodwinprocter.com)
John O. Farley (JF4402)
 (jfarley@goodwinprocter.com)
Daniel Roeser (DR2380)
 (droeser@goodwinprocter.com)

The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

Roberto M. Braceras (RB2470)
 (rbraceras@goodwinprocter.com)
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*Attorneys for Defendant Mathew Martoma*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.   I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)