UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MATHEW MARTOMA,

                        Defendant.

No. 12-cr-00973 (PGG)
ECF Case

## DEFENDANT MATHEW MARTOMA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO EXCLUDE EVIDENCE OF HIS FAINTING WHEN APPROACHED BY GOVERNMENT AGENTS (MR. MARTOMA'S MOTION *IN LIMINE* NO. 5)

GOODWIN PROCTER LLP

Richard M. Strassberg (RS5141)
John O. Farley (JF4402)
Daniel Roeser (DR2380)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

Roberto M. Braceras (RB2470)
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

*Attorneys for Defendant Mathew Martoma*

December 23, 2013

## **TABLE OF CONTENTS**

   Page

ARGUMENT..................................................................................................................................1

I.    EVIDENCE OF MR. MARTOMA'S FAINTING IS NOT RELEVANT TO THE
CHARGED OFFENSES......................................................................................................1

II.   EVIDENCE OF MR. MARTOMA'S  FAINTING IS UNFAIRLY
PREJUDICIAL AND CONFUSING...................................................................................3

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bruton v. United States*,
   391 U.S. 123 (1968) ................................................................................................................4

*Farag v. United States*,
   587 F. Supp. 2d 436 (E.D.N.Y. 2008) ....................................................................................1

*State v. Lee*,
   658 N.W.2d 669 (Neb. 2003) ..................................................................................................2

*United States v. Chavez-Valenzuela*,
   268 F.3d 719 (9th Cir. 2001) ...................................................................................................1

*United States v. Cook*,
   557 F.2d 1149 (5th Cir. 1977) .................................................................................................4

*United States v. Massenburg*,
   654 F.3d 480 (4th Cir. 2011) ...................................................................................................1

*United States v. Salzano*,
   158 F.3d 1107 (10th Cir. 1998) ...............................................................................................2

**OTHER AUTHORITIES**

FED. R. EVID. 401, 402, and 403 ......................................................................................................1

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant Mathew Martoma respectfully submits this reply memorandum of law in further support of his motion to exclude any evidence that he fainted when approached by two FBI agents on November 8, 2011.[1]

## ARGUMENT

The Government argues that "Martoma's fainting is an admission by conduct, and properly should be admitted (with appropriate limiting instruction) as evidence of his consciousness of guilt." (Gov't Opp. at 1.)  The inference proposed by the Government is unwarranted as a matter of law and fact.  Mr. Martoma's fainting is no more consistent with guilt than it is with being wrongfully accused.  Evidence of Mr. Martoma's fainting is not probative of his guilt or innocence and would serve only to distract the jury with sensational but irrelevant facts.  This Court should exclude it.

**I.     EVIDENCE OF MR. MARTOMA'S FAINTING IS NOT RELEVANT TO THE CHARGED OFFENSES.**

The Government argues that "[i]t is reasonable to draw the inference of consciousness of guilt from Martoma's fainting." (Gov't Opp. at 4.)  That is false.  Consciousness of guilt is not a reasonable inference to draw from Mr. Martoma's fainting when approached by two FBI agents at his home.

*First*, the Government does not dispute that, time and again, courts have recognized that "most citizens, whether innocent or guilty, are likely to exhibit some signs of nervousness when confronted by the police."  *Farag v. United States*, 587 F. Supp. 2d 436, 459-60 (E.D.N.Y. 2008) (quoting *United States v. Crump*, 62 F. Supp. 2d 560, 565 (D. Conn. 1999)).[2]  Indeed, the

---

[1]   Defined terms have the same meanings as in Mr. Martoma's Opening Memorandum.

[2]   *Accord United States v. Massenburg*, 654 F.3d 480, 489 (4th Cir. 2011) ("Given the complex reality of citizen-police relationships in many cities . . . [n]ervousness . . . when confronted by an armed uniformed police officer does not seem so unusual as to indicate guilt or criminal proclivity." (quoting *State v. Scott*, 412 So. 2d 988, 989 (La. 1982))); *United States v. Chavez-Valenzuela*, 268 F.3d 719, 726 (9th Cir. 2001) ("Encounters with police

1

Government notes that, although "[a] wide range of conduct by defendants has been admitted into evidence by courts in criminal cases as circumstantial evidence of consciousness of guilt, . . . [t]he Government is aware of only *one* reported case that specifically addresses the admission of evidence of fainting by a defendant as evidence of consciousness of guilt." (Gov't Opp. at 2 (emphasis added).) That proves Mr. Martoma's point. There are so few cases that discuss fainting as evidence of consciousness of guilt *precisely* because it is not reliable evidence of anything.

     *Second*, the Government puts great stock in its allegation that Mr. Martoma fainted "not when initially approached by the agents about a former associate, but only when directly told that the agents wanted to talk to him about his involvement in insider trading in 2008." (*Id.* at 4.) The Government concedes that its probe into SAC "was well-known at the time that the FBI approached Martoma"; but it argues that, "[i]f just the possibility of being questioned by the FBI about his former employment at SAC Capital was going to cause Martoma to faint, Martoma presumably would have fainted when the agents identified themselves as being with the FBI" rather than when the FBI began asking about SAC. (*Id.* at 4-5.) That is non-sensical. According to the Government, the FBI agents first told Mr. Martoma that they wanted to speak to him about a former associate whom the Government had successfully prosecuted for fraud after an investigation in which Mr. Martoma assisted. (*Id.* at 1 & n.1.) **There was no reason for Mr. Martoma to think that the Government was investigating him.** When the FBI agents – on his front lawn – later told him that (1) they had lied to him and (2) they wanted to ask about SAC

---

    officers are necessarily stressful for law-abiders and criminals alike."); *United States v. Salzano*, 158 F.3d 1107, 1113 (10th Cir. 1998) ("[I]t is common for most people to exhibit signs of nervousness when confronted by a law enforcement officer whether or not the person is currently engaged in criminal activity." (internal quotation marks and citations omitted)); *State v. Lee*, 658 N.W.2d 669, 678-79 (Neb. 2003) ("'[I]t is common knowledge that most citizens . . . whether innocent or guilty, when confronted by a law enforcement officer who asks them potentially incriminating questions are likely to exhibit some signs of nervousness.'" (quoting *United States v. Hall*, 978 F.2d 616, 621 n.4 (10th Cir. 1992))).

in connection with an investigation into trading involving him (*see id.*), it was only natural that he would have become distressed. Indeed, *that* was the moment at which common sense suggests innocent and guilty people alike would become nervous and uncomfortable, not when the agents "as a pretext" were asking questions about incidents more than ten years earlier that would not implicate Mr. Martoma in any wrongdoing.

*Third*, the Government speculates that, if Mr. Martoma were innocent, there would have been more stress from the "ruse" concerning Mr. Martoma's former associate than from the "mere" knowledge of the FBI's investigation into SAC and trading involving Mr. Martoma. (*Id.* at 5.) But the "ruse" concerning a former associate gave Mr. Martoma no reason to believe that he was the subject of an investigation. The questioning about SAC made clear that he was, which is exactly what would make anybody anxious. More fundamentally, the Government's speculation illustrates the complete lack of probative value of evidence that Mr. Martoma fainted – it is impossible to know what will cause someone to faint and, therefore, impossible to draw any inferences from a fainting spell. Fainting simply does not reflect consciousness of guilt.

In short, evidence of Mr. Martoma's fainting is irrelevant and inadmissible. This Court should exclude it.

## II.   EVIDENCE OF MR. MARTOMA'S FAINTING IS UNFAIRLY PREJUDICIAL AND CONFUSING.

The Government argues that (1) evidence of Mr. Martoma's fainting when approached by two FBI agents at his home "is not unduly prejudicial" and (2) "any concern of supposed juror confusion can be addressed through an appropriate limiting instruction." (Gov't Opp. at 4.) Neither is true.

*First*, the Government argues that "[t]here is nothing about fainting that brings with it an association with a proclivity to commit crimes in general, or insider trading in particular" and

3

that fainting is not inherently "inflammatory." (*Id.* at 6.)[3] That ignores Mr. Martoma's basic point that "it would be virtually impossible for the jury not to be colored by [his] fainting, undermining the jury's ability to act as the objective fact-finder with respect to the charged conduct." (Martoma Mem. at 6-7.) The Government objects that Mr. Martoma "does not explain why this purportedly is so" (Gov't Opp. at 6) but there can be no real doubt. The Government would present the jury "with a simple, common sense question as to whether or not they believed that his fainting, under all the circumstances, tended to indicate consciousness of guilt, or not." (*Id.*) That question in and of itself is unfairly prejudicial because it inherently (and inaccurately) *assumes* that fainting may, in fact, indicate consciousness of guilt when the law, the facts, and life experience show just the opposite.

*Second*, the Government argues that a limiting instruction from the Court could address any concern. (*Id.*) It should go without saying that the better practice is to avoid unfair prejudice in the first place because limiting instructions may be unable to overcome the prejudicial effects of evidence. *See Bruton v. United States*, 391 U.S. 123, 132 n.8 (1968); *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977).

This Court should exclude as unfairly prejudicial and confusing any evidence of Mr. Martoma's fainting when approached by FBI agents.

---

[3] The Government is disingenuous in suggesting that there is nothing inflammatory concerning Mr. Martoma's fainting. Many news articles have in fact focused on his fainting. Indeed, if Mr. Martoma's fainting were not so inflammatory, it is unlikely that the Government would care so much about having it admitted into evidence.

4

## **CONCLUSION**

For the foregoing reasons and those in his Opening Memorandum, Mr. Martoma respectfully requests that this Court exclude any evidence that he fainted when approached by two FBI agents on November 8, 2011.

Dated:  December 23, 2013                                    Respectfully submitted,
        New York, NY

                                                  GOODWIN PROCTER LLP

                                                  By: /s/ Richard M. Strassberg
                                                      Richard M. Strassberg (RS5141)
                                                        (rstrassberg@goodwinprocter.com)
                                                     John O. Farley (JF4402)
                                                        (jfarley@goodwinprocter.com)
                                                     Daniel Roeser (DR2380)
                                                        (droeser@goodwinprocter.com)
                                                   The New York Times Building
                                                   620 Eighth Avenue
                                                   New York, New York 10018
                                                   Telephone:  (212) 813-8800
                                                   Facsimile:  (212) 355-3333

                                                   Roberto M. Braceras (RB2470)
                                                    (rbraceras@goodwinprocter.com)
                                                   53 State Street
                                                   Boston, Massachusetts 02109
                                                   Telephone:  (617) 570-1000
                                                   Facsimile:  (617) 523-1231

                                                  *Attorneys for Defendant Mathew Martoma*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)