

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 31, 2013

**By Facsimile & ECF**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

    Re:    United States v. Martoma, S1 12 Cr. 973 (PGG)

Dear Judge Gardephe:

    The Government submits this letter in response to the request by the Court that the Government advise the Court now with respect to its position on the content of a written juror questionnaire in the event the Court elects to use one. If the Court is inclined to use a written questionnaire, the Government respectfully requests that the Court consider the following proposals in furtherance of efficient process through which potential bias can be identified without unduly prolonging the jury selection process or requiring prospective jurors to make unnecessary personal disclosures.

    As a preliminary matter, the Government suggests that any written jury questionnaire should include in some form questions on the topics identified in the *Government's Proposed Examination of Prospective Jurors*, filed on December 6, 2013. For that reason, the Government does not oppose the questions along the lines of those set forth on pages 3 through 6 of the proposed jury questionnaire submitted by the defendant (the "Defendant's Proposed Questionnaire").[1] With the exception of the question asking jurors to name the historical figure they most admire (which seems unnecessary), the remaining questions are similar to those contained in in the *Government's Proposed Examination of Prospective Jurors*

    The Government submits that there are two categories of questions contained in the Defendant's Proposed Questionnaire which should not be included as proposed: (1) questions about Wall Street and/or Wall Street Executives (pages 7, 10); and (2) a lengthy series of questions relating to a prospective juror's knowledge about hedge funds and/or mutual funds, including identification of the funds in which the prospective juror is invested (pages 7-9). With respect to the first issue, no "Wall Street Executives" or "Wall Street Companies" are parties or

---

[1] Pages 1-2 of the Defendant's Proposed Questionnaire are proposed instructions to jurors and contain no substantive questions.

anticipated witnesses in this case.  Moreover, the Government's proposed *voir dire* includes several questions that *are* relevant to the subject matter of this case.  See *Government's Proposed Examination of Prospective Jurors*, Questions 3-8, 13-16 (Securities Industry & Insider Trading); Questions 17-21 (Pharmaceutical Companies).  With respect to the second issue, the numerous questions related to a prospective juror's knowledge about hedge funds and mutual funds seek specific, personal information from prospective jurors, but are not tailored to identify bias.  The Government believes that its *voir dire* question No. 16 sufficiently balances the need to determine if a prospective investor's investments reveal a potential bias against demanding unnecessarily detailed information from a juror, the compilation of which will undoubtedly delay the jury selection process.  See *Government's Proposed Examination of Prospective Jurors* ("Have any of you invested in securities, meaning financial instruments like stocks and bonds?  If so, would your experience as an investor affect your ability to be fair and impartial in this case?").

In addition, the Government proposes that the questions be presented in a different order than offered by the defendant. The defendant's name appears for the first time on page 10 of the Defendant's Proposed Questionnaire and the first reference to SAC Capital or Steve Cohen appears on page 11.  The Government proposes that prospective jurors be asked early in the questionnaire whether they know anything about the facts of this case, as outlined by the Court during the introduction to *voir dire*.  The questionnaire could then ask the jurors a single specific question as to whether they are familiar with Mathew Martoma, SAC Capital, and/or Steve Cohen.  If the prospective juror answers no, then the questionnaire would instruct the prospective juror not to answer the additional detailed questions on those topics.  If the prospective juror answers yes, the Government proposes that the Court then ask additional follow-up questions orally, outside the presence of the other jurors, rather than include specific follow-up questions in the written questionnaire.  Conducting the questioning orally allows the Court to tailor individually the colloquy to identify potential bias, as opposed to the defendant's more open-ended follow-up questions which maximize the collection of information about a potential juror, whether related to a potential bias or not.

Finally, as a general matter, the Government submits questions should be framed where to possible to require responses only where a potential juror has a view on the subject of the question that would prevent the prospective juror from being fair and impartial.  This, too, will

make the process more efficient and tailored to identifying prospective bias.

                          Respectfully Submitted,

                          PREET BHARARA
                          United States Attorney

By:                /s/
                          Arlo Devlin-Brown
                          Eugene Ingoglia
                          Andrea Griswold
                          Assistant United States Attorneys
                          (212) 637-2506/2690