**Mr. Martoma's Proposed Revisions to the Court's Jury Questionnaire and Voir Dire**
**January 3, 2014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

MATHEW MARTOMA,

          Defendant.

12 Cr. 973 (PGG)

JURY QUESTIONNAIRE

January 6, 2014

JUROR NAME:
JUROR NUMBER:

**JUROR NAME:**_____

**JUROR NUMBER:**_____

**JUROR AGE:**_____

**JUROR BOROUGH OR CITY OF RESIDENCE:**_____

**TO THE PROSPECTIVE JUROR:**

   The purpose of this questionnaire is to provide information to the judge, the prosecutors, the defense attorneys, and the Defendant to assist them in determining whether you can be a fair and impartial juror in this case.  You must give true and complete answers to every question.

   Do not discuss the questions or answers with anyone, including your fellow prospective jurors.  It is extremely important that your answers be your own answers and not influenced by those around you.  During the jury selection process, it is critically important that you not read anything about the case, that you not discuss it with anyone, that you not let anyone talk to you about the case, and that you do not do any research about the case on the Internet or anywhere else.  If you are selected for the jury, I will have more instructions for you later on this topic.

   If you wish your answers to remain confidential and that they not go beyond the judge, counsel, and the Defendant - because the answers will subject you to embarrassment - please so indicate at the end of the questionnaire.

   Please enter your name and juror number on the front page of the questionnaire and at the top of each page.

## INTRODUCTION

**NATURE OF CASE:**

   We are choosing jurors for a criminal case that involves allegations of securities fraud and insider trading.

   The Defendant, Mathew Martoma, was a portfolio manager at CR Intrinsic Investors, LLC, an investment firm.  CR Intrinsic Investors is affiliated with another investment firm, SAC Capital.  The owner of SAC Capital is Steven A. Cohen.

   The Government claims that Mr. Martoma engaged in insider trading by improperly obtaining material, non-public information about the results of a certain clinical trials involving a possible Alzheimer's drug, and causing CR Intrinsic Investors and SAC Capital to

1

**JUROR NAME:**_____
**JUROR NUMBER:**_____

engage in securities transactions based on ~~buy and sell stock in the two companies that owned rights to the drug, on the basis of~~ the inside information ~~improperly obtained~~. [1]

       The Indictment contains three charges or "counts" against Mr. Martoma. Count One charges Mr. Martoma with conspiring - that is, agreeing with others - to violate certain federal statutes and regulations that make it unlawful to commit securities fraud through insider trading. Specifically, Count One charges that Mr. Martoma received material, non-public information from two doctors about the results of a clinical trial involving a drug that might be effective for treating Alzheimer's disease. The drug was being developed by two companies, Elan Corporation, pic (which I will refer to as "Elan") and Wyeth. The Government claims that Mr. Martoma agreed with others to use the information improperly obtained from the two doctors ~~in the buying and selling of~~ to engage in securities transactions involving Elan and Wyeth stock. Counts Two and Three of the Indictment charge that Mr. Martoma actually committed securities fraud by causing CR Intrinsic Investors, LLC, and SAC Capital to trade in Wyeth and Elan stock on the basis of material, non-public information.

       Mr. Martoma has pleaded not guilty to these charges. He denies that he conspired or agreed with anyone to violate the securities laws, and he further denies that he ever committed securities fraud through insider trading.

       Mr. Martoma is presumed innocent, and before he can be found guilty on any charge, the jury must conclude that the Government has proven each element of that crime beyond a reasonable doubt.

       ~~This case has received significant press attention. Accordingly, t~~This questionnaire asks whether you have read, seen, or heard anything about Mr. Martoma, CR Intrinsic Investors, SAC Capital, Steven A, Cohen, or the insider trading charges against Mr. Martoma, and whether you will follow the Court's instruction to decide this case based solely on the evidence that will be presented here in court.

       It is vitally important that the jury's verdict be based solely on the evidence received in the courtroom, and not on what might have been written or said in the press about Mr. Martoma, SAC Capital, or Steven Cohen. Nothing that has been said or written in the press about Mr. Martoma, SAC Capital, or Steven Cohen matters at all for purposes of this trial, In our country, we don't try people in the press. Instead, we rely on people like you to listen carefully to the evidence presented in the courtroom and the judge's instructions on the law, and then come to a verdict based solely on that evidence and that law.

       Please print your answers to the following questions in black ink. Where indicated, please check the space for "Yes" or "No" and, as requested, furnish answers,

---

[1]   **The revisions proposed here and in the next paragraph more closely follow the Government's allegations in the August 22, 2013 Superseding Indictment.**

**JUROR NAME:**_____

**JUROR NUMBER:**_____

explanations or details in the space provided.  If you don't understand any question, please write, "I don't understand." Use the back of the page if necessary to complete your answers,

            Thank you for your service.  Once you complete the questionnaire, you are free to leave for the day.  You must report again tomorrow at 9:30 a.m.

## QUESTIONS

1.      This trial is expected to last for approximately three and a half weeks.  Is there anything that would prevent you from serving as a juror for that period of time? ___ Yes ___ No

        If yes: Please explain what would prevent you from serving as a juror for that period of time.

        _____
        _____
        _____
        _____
        _____
        _____

2.      Have you heard, read, or seen anything - whether from newspapers, television, radio, the internet, friends, family, or any other source - regarding Mathew Martoma and the insider trading charges pending against him? ___ Yes ___ No

        If yes: What generally have you heard, read, or seen and what is the source of your information?

        _____
        _____
        _____
        _____
        _____

3.      Based on what you have read, seen, or heard about this case, would you be able to follow the Court's instruction to put that information out of your mind and decide this case based solely on the evidence presented at trial? ___ Yes ___ No

        If no, please explain:

        _____
        _____
        _____
        _____
        _____
        _____

**JUROR NAME:**_____
**JUROR NUMBER:**_____

4.      Have you heard, read, or seen anything - whether from newspapers, television, radio, the internet, friends, family, or any other source - regarding CR Intrinsic Investors, SAC Capital, or SAC Capital's owner Steven A, Cohen? \_\_\_ Yes \_\_\_ No

        If yes: What generally have you heard, read, or seen, and where did you get your information?

        _____
        _____
        _____
        _____
        _____

5.      Based on what you what you have read, seen, or heard about CR Intrinsic Investors, SAC Capital, or Steven A. Cohen, would you be able to follow the Court's instruction to put that information out of your mind and decide this case based solely on the evidence presented at trial? \_\_\_ Yes \_\_\_ No

        If no, please explain:

        _____
        _____
        _____
        _____
        _____

6.      Have you, either through any experience you have had or anything you may have seen or read, developed any bias or prejudice, in favor of or against, hedge funds or large investment firms that have engaged in transactions involving hundreds of millions of dollars in securities, or those that are alleged to have been involved in insider trading, such that it would make it difficult for you to sit as a fair and impartial juror in this case? ~~This case involves the buying and selling of hundreds of millions of dollars worth of stock in two large companies, the operations of a large investment firm - SAC Capital - and allegations of insider trading, Is there anything about this subject matter that would make it difficult for you to sit as a fair and impartial juror in this case?~~ \_\_\_ Yes \_\_\_ No [2]

        If yes, please explain:

        _____
        _____

---

[2]      **Martoma respectfully submits the more neutral language proposed.**

**JUROR NAME:** _____
**JUROR NUMBER:** _____

_____
_____
_____
_____

7.     The Defendant and some of the witnesses who may testify in this case are of Indian or South Asian extraction.  Have you, either through any experience you have had or anything you may have seen or read, developed any bias or prejudice, in favor of or against, people with this type of background, such that it would be difficult for you to sit as a fair and impartial juror in this case? _____ Yes _____ No [3]

If yes, please explain:

_____
_____
_____
_____
_____
_____

---

[3]   Mr. Martoma submits that asking this question in the questionnaire, rather than in open court, is more likely to result in honest answers.  This is a sensitive issue:  Mr. Martoma is entitled to identify prospective jurors with bias based on his ethnic background.

**JUROR NAME:**_____

**JUROR NUMBER:**_____

~~7.~~8.____If you are chosen to serve as a juror on this case, the Court will order you not to read, listen, or watch any accounts of this case reported by television, radio, or other news media, or to search the Internet for information about the subject matter of this trial. Will you have any difficulty following this order? ____ Yes ____ No

If yes, please explain:

_____

_____

_____

_____

_____

_____

~~8.~~9.____Do you request that the Court maintain your answers to this questionnaire as confidential? ____ Yes ____ No

**JUROR NAME:**_____

**JUROR NUMBER:**_____

**<u>DECLARATION:</u>**

I, _____ declare under penalty of perjury that the foregoing answers set
       (Print Name)

forth in this Jury Questionnaire are true and correct to the best of my knowledge and belief, I

have not discussed my answers with others, or received assistance in completing the

questionnaire.

                     Signed this _____ day of January, 2014

                     _____
                              (Signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

MATHEW MARTOMA,

           Defendant.

12 Cr. 973 (PGG)

**<u>VOIR DIRE</u>**

January 7, 2014

## PRELIMINARY VOIR DIRE REMARKS

**[Clerk swears jury panel again, seats jurors]**

Members of the panel, good morning and welcome to the U.S. District Court for the Southern District of New York.  As I told you yesterday, my name is Paul Gardephe and I will be the judge presiding over this trial.  I want to thank you once again for being here.

As you know, we are here to select a jury in a criminal case.  The jury questionnaire you completed yesterday was the first step in that process.  Through this process we will choose the jurors who will hear and decide this case.

One of the most important features of our system of justice is that when the government accuses someone of a crime, it is not a police officer or a federal agent, or prosecutor or even a judge, or some other official of the government, who decides whether he or she is guilty.  That decision is instead entrusted to a jury of ordinary citizens, the peers of the person accused.  Jury service is one of the most important duties and privileges of citizenship.  Our system of justice depends on you.

Our objective today is to make sure we select a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of or against either side, and who will decide the case only on the basis of the evidence that is presented in court during the trial.  In order to do that, I am going to ask you certain questions about your background, your family, some of your beliefs and attitudes about certain matters, how you are employed, and so forth.  My questioning is not intended to pry into your lives but to make sure that we select fair and impartial jurors, that is, jurors who will be free from pre-conceived notions or prejudices that might prevent them from returning a fair and just verdict based solely on the evidence or the lack of evidence.

## BRIEF SUMMARY OF THE CASE

I want to tell you again about the charges in this case, which appear in a document called an indictment. The Indictment contains the charges that the Government has brought against Mr. Martoma, The Indictment itself is not evidence in this case; it is not proof of anything.

Mr. Martoma was a portfolio manager at CR Intrinsic Investors, LLC, an investment firm. CR Intrinsic Investors, LLC, is affiliated with SAC Capital, another investment firm. The owner of SAC Capital is Steven A. Cohen.

In the Indictment, the Government claims that Mr. Martoma engaged in insider trading by improperly obtaining material, non-public information about the results of a certain clinical trials involving a possible Alzheimer's drug, and causing CR Intrinsic Investors, LLC, and SAC Capital to engage in securities transactions based on the inside information improperly obtained. [4]

The Indictment contains three charges or "counts" against Mr. Martoma. Count One charges Mr. Martoma with conspiring - that is, agreeing with others - to violate certain federal statutes and regulations that make it unlawful to commit securities fraud through insider trading. Specifically, Count One charges that Mr. Martoma received material, non-public information from two doctors about the results of a clinical trial involving a drug that might be effective for treating Alzheimer's disease. The drug was being developed by two companies, Elan Corporation, pic (which I will refer to as "Elan") and Wyeth. The Government claims that Mr. Martoma agreed with others to use the information improperly obtained from the two

---

[4] **The revisions proposed here and in the next paragraph more closely follow the Government's allegations in the August 22, 2013 Superseding Indictment.**

doctors ~~in the buying and selling of~~to engage in securities transactions involving Elan and Wyeth stock.  Counts Two and Three of the Indictment charge that Mr. Martoma actually committed securities fraud by causing CR Intrinsic Investors and SAC Capital to ~~buy and sell stock in~~engage in securities transactions involving Elan and Wyeth on the basis of the inside information ~~improperly obtained~~.

I want to emphasize that Mr. Martoma has pleaded not guilty to these charges. Mr. Martoma denies that he conspired or agreed with anyone to violate the securities laws, and he further denies that he ever committed securities fraud through insider trading.  The Government's charges, and Mr. Martoma's denials, present issues of fact that a jury must decide on the basis of the evidence that will be presented here in court.

Mr. Martoma is presumed innocent, and before he can be found guilty on any charge, the jury must conclude that the Government has proven each element of that crime beyond a reasonable doubt.

<u>**PROCESS**</u>

Let me say a few words about the process.  First, as I told you in the questionnaire, I expect that this trial will last approximately three and a half weeks.  Sometimes a trial lasts longer or shorter than the judge and the lawyers expect, but I wanted to give you some idea of what we expect at this point.  I'll tell you a little more about our schedule once a jury is selected.

I also want to tell you that we will not be sitting on Monday, January 20, which is Martin Luther King day and a federal holiday.

4

In a moment, I'm going to ask you to respond to certain questions.  If you have an answer to any question and you prefer not to give it in public, just let me know and the lawyers and I will hear you up here at the bench.

During the questioning, you may be excused from serving as a juror in this case.  If you happen to be one of those excused, it is no reflection on you.  This is all part of our system of justice, which is intended to provide all parties with a jury that will be fair to them and that they believe will be fair to them.  You will have done your duty by your presence and your readiness to serve if chosen.

## FUNDAMENTAL PRINCIPLES

Before I begin with the general questions, I must give you a few simple rules of law that will guide all of us during this trial.  Please listen carefully, because one of the questions I will ask you in a moment is whether you would be able to follow each of these rules of law if chosen to serve on the jury.

As I just told you, the charges in this case are contained in an indictment.  The Indictment, was voted by a grand jury.  That is the method the Government uses to bring into court people who the Government claims have violated the law.  The indictment itself is not evidence of the guilt of a defendant.  It does not change in any way the presumption of innocence that the law gives every accused person at a trial.

I should also say that the word "defendant" just means a person who the Government has accused of a crime.  There is nothing demeaning or negative about that -that's just referring to Mr. Martoma by his role in the proceedings, in the same way that the lawyers might refer to me as "the judge," or I might refer to one of them as ''the prosecutor" or "defense counsel" instead of by name.

All defendants are, by law, presumed innocent of charges contained in an indictment, and this presumption of innocence remains in a defendant's favor at all times throughout the trial unless and until the Government has proven every element of the charges against a defendant beyond a reasonable doubt. The Defendant, Mr. Martoma, has no burden to prove anything at trial. The burden of proof remains at all times on the Government.

If, after careful consideration of all the evidence presented, and following the rules of law that I will explain to you, you have a reasonable doubt as to the Defendant's guilt, you must acquit the Defendant - that is, find him not guilty. If, however, after careful consideration of all of the evidence presented, and following the rules of law that I will explain to you, you have no reasonable doubt as to the Defendant's guilt, you must convict the Defendant - that is, find him guilty.

It is also an important principle of our law that a defendant in a criminal case has the right not to testify. If a defendant does not testify, the jury may not draw any inference against him based on that decision, and the fact that a defendant did not testify may not enter into the jury's deliberations in any way.

The function of the jury is to decide all questions of fact - that is, to decide any disputed questions about what actually happened in the case. You who are chosen as jurors will be the only judges of the facts and nothing I or the lawyers say or do may in any way intrude on your role as the exclusive fact-finders, based on the evidence presented. In particular, it's not up to me to decide what happened, or even to have an opinion about that. If you get the impression from anything I say or do that I do have an opinion about the facts, you should disregard it. We have juries to decide these things because we trust your common sense. Your collective

common sense is better than mine because the members of the jury will all be working together to reach a just verdict.

When it comes to the law, as distinguished from the facts, however, you must take your instructions from me, and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether the Government has proven Mr. Martoma guilty beyond a reasonable doubt of the charges in the Indictment according to my instructions.

The question of any punishment is for the judge alone and the jury may not consider possible punishment when it is deciding whether the Government has met its burden of proving a defendant guilty beyond a reasonable doubt.

## GENERAL QUESTIONS

I am now going to ask all of you a series of questions. Please raise your hand if your answer to any of the following questions is "yes." If your answer is "no," you don't have to do anything. If you raise your hand but your answer is something that you would rather not discuss in public, just say so, and we'll hear you up here at the bench.

A.   **General Questions**

1.   Does anyone have any hesitation or unwillingness to accept the rules of law that I have just stated?

2.   Does anyone have any ideas or beliefs that would prevent or hinder them from following the instructions that I will give as to the law?

3.   In order for the jury to return a verdict of guilty, the Government must prove beyond a reasonable doubt that a defendant is guilty. A person charged with a crime is presumed innocent and has absolutely no burden to prove that he is not

guilty.  Reasonable doubt can be based not only on evidence, but on a lack of evidence.  Would anyone have any difficulty accepting and applying these rules of law?

4.    Does anyone believe that, even if the Government proved the Defendant's guilt beyond a reasonable doubt, they might be reluctant to return a verdict of guilty?

5.    Does anyone believe that, even if they felt the Defendant's guilt was not proven beyond a reasonable doubt, they might be reluctant to return a verdict of not guilty?

6.    I have instructed you, and will instruct the jury that is chosen, that a defendant in a criminal case has the right not to testify.  Where a defendant does not testify at trial, the jury may not draw any inference against him based on that decision.  The fact that a defendant chooses not to testify may not enter into the jury's deliberations whatsoever.  Would anyone have any difficulty in accepting and applying this rule of law?

7.    As I have told you, the fact that the Government has brought charges against Mr. Martoma cannot be given any weight at all in deciding whether he is innocent or guilty.  Would anyone have any difficulty in accepting and applying this rule of law?

8.    Does anyone have any doubt that they would be able to apply the law as I explain it even if they disagreed with the law or disagreed with my explanation of the law?

9.    Does anyone have any religious or ethical beliefs that would prevent them from passing judgment on another person?

10. We asked you in the Jury Questionnaire whether you had read, seen, or heard anything about this case, and we have your answers to those questions. What I want to ask you now is a different question - whether anyone has any personal, first-hand knowledge about the charges in the Indictment as I have described them. If so, please raise your hand.

11. ~~The Defendant and some of the witnesses who may testify in this case are of Indian or South Asian extraction. Have you, either through any experience you have had or anything you may have seen or read, developed any bias or prejudice, in favor of or against, people with this type of background, such that it would be difficult for you to sit as a fair and impartial juror in this case?~~

12. I have instructed you, and will continue to instruct you, that you must not expose yourself to any information about this case outside of the courtroom. That means that you cannot read about this case in the newspapers or listen to or watch any radio, television or news reports about the case, or do any searches on the Internet on any topics or participants related to this case, whether through search engines such as Google or social media such as Facebook, Twitter, and blogs. You will only be allowed to consider as evidence information that you see and hear in this courtroom. You also won't be able to discuss with anyone what is happening in the courtroom until the trial is over. Would anyone have any difficult in following any of these rules?

13. Does anyone have any doubt that they would be able to decide this case based solely on the evidence presented at the trial here in the courtroom and not based on any other information?

9

14.   Has anyone ever studied or practiced law or worked in any capacity for a law office?

15.   Does anyone have any family member or close friend who is a lawyer?

16.   Mr. Martoma worked as a portfolio manager at an investment firm known as CR Intrinsic Investors, LLC, which is affiliated with an entity known as SAC Capital. SAC Capital is owned by Steve A. Cohen.  Have you, a family member, or close friend had any dealings, whether direct or indirect, with CR Intrinsic Investors, LLC, SAC Capital, or its owner, Mr. Cohen? Does anyone have any association — professional, business, or personal, direct or indirect -with CR Intrinsic Investors, LLC, SAC Capital, or Mr. Cohen, or any employee of CR Intrinsic Investors, LLC or SAC Capital?

16.17.  Has anyone had any experiences, or seen or read anything, that leads them to have any strong feelings against traders, stockbrokers, hedge funds, securities firms, or any other firm or individual involved in buying and selling of stocks, bonds, or other securities? [5]

17.18.  Have you, a family member, or close friend had any dealings, directly or indirectly, with the United States Attorney's Office for the Southern District of New York? Does anyone know, or have any association - professional, business,

---

[5]   The added question is proposed in order to balance the question that follows, which asks about strong feelings against the U.S. Attorney's Office.  There is no corollary question for hedge funds and other associated jobs/companies.  A similar question was asked in *U.S. v. Steinberg*, and several jurors were excused because of it.  (*See* Joint Proposed Examination of Prospective Jurors, at Question 19,  *U.S. v. Steinberg*, No. 12-cr-00121 (RJS) (S.D.N.Y. Nov. 7, 2013), ECF No. 311 ("Do you have any strong impressions, positive or negative, of people who work on Wall Street or in the financial industry, including at investment banks, mutual funds or hedge funds?"); *see also* Transcript of Proceedings, at 52:24-53:2,  *U.S. v. Steinberg*, No. 12-cr-00121 (RJS) (S.D.N.Y. Nov. 19, 2013) ("Do any of you have strong impressions, positive or negative, about people who work on Wall Street or in the financial industry, including at investment pages [*sic*], mutual funds, or hedge funds? Strong feelings, positive or negative.")

or social whether direct or indirect - with any member of the staff of the United

States Attorney's Office for the Southern District of New York?

18.19.  Have you, a family member, or close friend ever applied for a job at the U.S.

Attorney's Office for the Southern District of New York?

19.20.  This case was investigated by the Federal Bureau of Investigation ("FBI").  Have

you, a family member, or close friend had any dealings, either directly or

indirectly, with the FBI? Does anyone have an association - professional,

business, or personal, direct or indirect - with the FBI, or with a member of the

FBI?

20.21.  Have you, a family member, or close friend had any dealings, either directly or

indirectly, with the Securities and Exchange Commission or "SEC"? Does anyone

have an association - professional, business, or personal, direct or indirect - with

the SEC, or with a member of the SEC?

21.22.  Has anyone had any experiences, or seen or read anything, that leads them to have

any strong feelings for or against the United States Attorney's Office, the FBI, or

the SEC?

22.23.  Have you or a family member ever been involved in any legal action or dispute

with the United States or any of its offices, departments, agencies, or employees,

or had any interest in any such legal action or dispute or its outcome?

23.24.  Have you or a family member ever been a business partner in a venture with the

United States or any of its officers, departments, agencies or employees?

24.25.  Have you, a family member, or close friend ever been employed by a law

enforcement agency, or sought employment with a law enforcement agency,

11

whether federal, state or local?

25.26.  Does anyone have such strong feelings about the criminal justice system in

general that it would be difficult for them to be a fair and impartial juror in this

case?

26.27.  Have you, a family member, or close friend ever been employed by, or sought

employment with, an agency that regulates the securities industry and the

financial markets, whether federal, state or local?

27.28.  Some of the evidence admitted at trial may come from searches of, among other

things, locations, computers, email accounts, and other facilities performed by law

enforcement officers.  Does anyone have such strong feelings about searches

conducted by law enforcement officers, or the use of evidence obtained from such

searches, that it would be difficult for them to serve as a fair and impartial juror in

this case?

**B.**      **Prior Contact with Parties, Attorneys, Witnesses**

I want to re-introduce you to the participants at trial.

1.       The defendant in this case is Mathew Martoma.  [Mr. Martoma will stand.] Have

you, a family member, or close friend ever had any dealings, whether direct or

indirect, with Mr. Martoma?

2.       Mr. Martoma is represented by Richard Strassberg and Roberto Braceras of the

law firm Goodwin Procter LLP.  They will be assisted by Ray McLeod, Steve

Paterson, Larkin Morton, and Meghan Spillane, [All will stand.]

Have you, a family member, or close friend ever had any dealings with Mr.

Strassberg, Mr. Braceras, or any other employee of the Goodwin Procter law

firm?  <u>Have you, a family member, or close friend ever had any dealings with Mr. McCloud or Mr. Paterson?</u>

3.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is currently Preet Bharara.  The trial will be conducted by two Assistant United States Attorneys, Arlo Devlin-Brown and Eugene Ingoglia.  Mr. Devlin-Brown and Mr. Ingoglia will be assisted at trial by FBI Special Agent Matthew Callahan and by Ruby Hernandez, a paralegal at the U.S. Attorney's Office.  [All will stand.] Have you, a family member, or close friend had any dealings with Mr. Devlin-Brown, Mr. Ingoglia, Mr. Callahan, or Ms. Hernandez?

4.    I will now read a list of names of people and companies that may be mentioned, or individuals who may testify, during the trial.  At the end of the list I will ask you if you know or have ever heard of any of these people or companies, so please listen carefully.

        **FBI personnel:**


        **Doctors:**


        **SAC Capital/CR Intrinsic employees:**


        **Other Entities or Individuals:**


Has anyone had any contact with, or heard or read anything about, these companies or individuals?

5.      The witnesses in this case will include law enforcement personnel, including special agents of the FBI.  The testimony of law enforcement officers is subject to the same rules, and must be evaluated in the same way, as the testimony of other witnesses.  Does anyone think that they would have any difficulty in following this rule?

6.      You may hear testimony in this case from witnesses who were at one time involved in alleged illegal activity, and who are cooperating with the Government pursuant to agreements that provide that they will not be prosecuted for their conduct.  The use of such cooperating witnesses is lawful.  Does anyone have such strong feelings about such witnesses, or the use of information provided by such witnesses, that it would be difficult for them to sit as a fair and impartial juror in this case?

C.      **Experience as a Witness, Defendant or Crime Victim**

1.      Have you, a family member, or a close friend ever been the subject of, or appeared as a witness in, any investigation by a federal, state, or local grand jury, a Congressional or state legislative committee, a licensing authority, or another government agency, such as the U.S. Department of Justice, the FBI, the SEC, the Commodity Futures Trading Commission, or the Financial Industry Regulatory Authority, which is known as "FINRA"?

2.      Have you, a family member, or a close friend ever been questioned in any matter by a federal, state, or local law enforcement agency?

3.      Have you, a family member, or a close friend ever been the victim of a crime, including crimes that involved fraud or dishonesty in business?

14

4.      Have you, a family member, or a close friend ever been a witness in any criminal

case, federal, state or local, or subpoenaed to testify in any criminal case?

5.      Have you, a family member, or a close friend ever been arrested or charged with a

crime?

**D.      Contact with the Securities Industry**

1.      Have you, a family member, or close friend worked in the securities industry,

whether as a trader, investment advisor, financial planner, financial analyst stock

broker, stock analyst, or in some other capacity?

2.      Have any of you invested in securities, including stocks and bonds? Is there

anything about your experience as an investor that would make it difficult for you

to be fair and impartial in this case?

3.      Have you, a family member, or close friend ever brought a claim against a stock

broker, investment advisor, or other person or firm in the financial industry?

**E.      Difficulties in Understanding or Serving**

1.      Does anyone have a problem with hearing or vision that would prevent them from

following these proceedings and giving attention to all of the evidence at this

trial?

2.      Does anyone have any special medical problems that might interfere with their

service as a juror in this case?

3.      Does anyone have any difficulty understanding or reading English that would

make it difficult for them to follow the evidence in this case?

## QUESTIONS FOR INDIVIDUAL JURORS

I will now ask each of you a few questions about yourself, individually, starting with Juror #1.  Again, this is not done in order to pry into your personal lives.  These questions are necessary to help the lawyers pick a jury that will be fair and impartial and that they believe will be fair and impartial,

I'm going to ask each of you some basic background questions, such as the county in which you live; how long you have lived there; your age; how far you went in school; whether you are employed and, if so, what you do; if you live with anyone, and if so, how they are employed; and what you like to do in your leisure time.

1.   Please state your county of residence.  How long have you lived there?

2.   How old are you?

3.   What is your education?

4.   Are you employed? If so, what do you do? How long have you been working there?

5.   Do you live with anyone? If so, how is he or she employed?

5. 6.   Do you have any children?  If so, how many and what are their ages?

6.   Do you have any grown If any of your children are grown and who are working living outside the home, what do they do? **6**

7.   Have you ever served as a member of a grand jury? If so, when and where?

8.   Have you served on a trial jury? If so, when and where did you serve? Was it a

---

**6**   These proposed revisions more clearly ask jurors whether they have children, the ages of any children, and their occupations, if any.

civil or criminal case? Did the jury reach a verdict? Did you serve as foreman? [7]

9.      What types of magazines, newspapers and books do you commonly read?

10.     Are there any websites or web blogs that you commonly read?

11.     What television shows do you commonly watch?

12.     How do you spend your free time?

**Address any follow up questions related to answers on jury questionnaire.**

## <u>CONCLUDING GENERAL QUESTION</u>

In the jury questionnaire, and in the questioning in this courtroom, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  But only YOU know whether there is some other matter that I did not mention that I should have asked about.  I am going to ask you now to take a moment to search your conscience, put yourself in the position of Mr. Martoma, the lawyers, and myself.  Is there any reason why you could not be fair and impartial in this case? Can you think of any other matter which you should call to my attention that may have some bearing on your qualifications or fairness as a juror? Do you have any feeling, for any reason that we have not covered, that you will not be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict, without fear, favor, sympathy or prejudice, according to the law and the evidence?

---

[7]      **Mr. Martoma requests that the Court add this follow-up question.**