UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:      12 Cr. 973 (PGG)
 - v. -
:
MATHEW MARTOMA,
:
          Defendant.
:

:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DECLARATION OF ARLO DEVLIN-BROWN IN SUPPORT OF THE GOVERNMENT'S OPPOSITION TO DEFENSE *IN LIMINE* MOTIONS TWO AND THREE SEEKING TO INTRODUCE STEVE COHEN'S SEC TESTIMONY

I, Arlo Devlin-Brown, declare under penalty of perjury as follows:

1.     I am an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York, and I represent the Government in the prosecution of this action.  I am familiar with the facts and circumstances set forth herein and submit this declaration based on my personal knowledge.

2.     On May 3, 2012 the United States Securities & Exchange Commission ("SEC") took investigative testimony of Steve Cohen at the SEC's offices in New York, New York (the "Cohen SEC Testimony"). At the time of the Cohen SEC Testimony I was the sole prosecutor assigned to the Government's investigation.

3.     I  was informed in advance of the Cohen SEC Testimony that the SEC would be taking such testimony on May 3, 2012.

4.     At various times in connection the criminal investigation into SAC Capital transactions in Elan and Wyeth securities, representatives of the U.S. Attorney's Office conferred with the SEC about the SEC's parallel investigation.  On April 30, 2012, I met with

representatives of the SEC in the SEC's New York offices to discuss evidence obtained through our parallel investigations, including evidence relating to Steve Cohen and others.

5. At no time prior to the May 3, 2012 deposition did I (or, to the best of knowledge, any other representative of the U.S. Attorney's Office) provide the SEC with direction on questions to ask at the Cohen Investigative Testimony or topics to cover. At no time prior to the May 3, 2012 deposition did I (or, to the best of knowledge, any other representative of the U.S. Attorney's Office) receive from the SEC a preview of questions that the SEC planned to ask Mr. Cohen, an outline of the topics for testimony, or a request for instruction on topics to cover.

6. I was not present at the Cohen SEC Testimony and did not participate in any fashion. At some point during a break prior to the completion of the testimony, I recall receiving a short telephone call (approximately five minutes) in which SEC representatives taking the investigative testimony, who were on a break, provided a short update as to the testimony thus far. I did not provide guidance on questions that should be asked during the remainder of the deposition or provide any other feedback. I received a further update after the deposition concluded and prior to an interview that the U.S. Attorney's Office conducted the following day (without SEC participation) of a former SAC Capital employee for which knowledge of Mr. Cohen's testimony was relevant. The Government subsequently received a transcript of the Cohen SEC Testimony.

_____/s/_____
Arlo Devlin-Brown
Assistant United States Attorney