UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MATHEW MARTOMA,

Defendant.

No. 12-cr-00973 (PGG)
ECF Case

**DECLARATION OF RICHARD M. STRASSBERG REGARDING THE JOINT
INVESTIGATION OF DEFENDANT MATHEW MARTOMA BY THE UNITED
STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF
NEW YORK AND THE SECURITIES AND EXCHANGE COMMISSION**

I, Richard M. Strassberg, declare under penalty of perjury as follows:

1.      I am a member of the law firm of Goodwin Procter LLP, attorneys for Defendant

Mathew Martoma in this action.  I have personal knowledge of, and am fully familiar with, the

facts and circumstances set forth herein by virtue of both my representation of Mr. Martoma and

my review of the case file in this action.

2.      In an order dated January 4, 2014, the Court directed the United States Attorney's

Office for the Southern District of New York ("USAO") to "submit an affidavit by 5:00 p.m. on

January 5, 2014, setting forth the nature of the relationship between the USAO and the SEC with

respect to the investigation of Mathew Martoma."  The Court also invited Mr. Martoma to

"submit an affidavit addressing this issue by 5:00 p.m. on January 5, 2014."  Accordingly, I

submit this declaration regarding the USAO's and the Securities and Exchange Commission's

("SEC") joint investigation of Mr. Martoma.

**I.      Publlic Statements**

3.      The USAO and SEC have both made clear in public statements that they worked

together jointly in the investigation of Mr. Martoma and S.A.C. Capital Advisors, L.P. and its

affiliates (collectively, "SAC").

4.      At a press conference on November 20, 2012, announcing the USAO's criminal

complaint against Mr. Martoma, U.S. Attorney Preet Bharara recognized the assistance of the

SEC:

> I am joined by Robert Khuzami, the Director of Enforcement of
> the Securities and Exchange Commission . . . I would also like to
> thank the following people, many of whom are standing with us.
> They are, from the SEC, George Canellos, Deputy Director of the
> Enforcement Division, Sanjay Wadwha, Associate Director of the
> New York Regional Office and Deputy Chief of the Enforcement
> Division's Market Abuse Unit, Amelia Cottrell, Assistant Director
> of the New York Regional Office, staff attorneys Charles Riely
> and Matthew Watkins, and staff accountant Neil Handelman.

*United States v. Mathew Martoma – Prepared Remarks for U.S. Attorney Preet Bharara*

(Nov. 20, 2012), *available at* http://www.justice.gov/usao/nys/pressconference/martoma/

remarks.pdf.

5.      At a press conference on November 20, 2012, announcing the SEC's complaint

against Mr. Martoma, then-Director of Enforcement of the SEC Robert Khuzami likewise

thanked U.S. Attorney Bharara and his "team": "In closing, I'd like to thank Preet Bharara and

April Brooks and their teams from the U.S. Attorney's Office and the FBI." *Remarks of Robert*

*Khuzami* (Nov. 20, 2012), *available at* http://www.sec.gov/

News/Speech/Detail/Speech/1365171491806.

6.      On November 4, 2013, at a press conference announcing a proposed resolution of

the criminal case against SAC and its related entities, U.S. Attorney Preet Bharara stated: "I also

want to thank the many staff attorneys at the Enforcement Division of the SEC with whom we've

worked closely on so many aspects of this investigation."  *United States v. S.A.C. Capital Advisors, L.P., et al. – Prepared Remarks for U.S. Attorney Preet Bharara* (Nov. 4, 2013), *available at* http://www.justice.gov/usao/nys/pressconference/sac2/remarks.pdf.

## II.     The Criminal Complaint

7.     The SEC and USAO filed complaints one day apart charging Mr. Martoma with the same conduct.  On November 19, 2012, the USAO filed a complaint against Mr. Martoma charging him with securities fraud and conspiracy to commit securities fraud under Section 10(b) and Rule 10b-5 in connection with trades in Elan and Wyeth Securities.  (*See* Sealed Complaint, *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y. filed Nov. 19, 2012) (ECF No. 1) ("USAO Compl.").)  On November 20, 2012, the SEC filed a complaint against Mr. Martoma, also charging him with violations of Section 10(b) and Rule 10b-5 in connection with the same trades in Elan and Wyeth securities.  (*See* Complaint, *SEC v. CR Intrinsic Investors, LLC, et al.*, No. 12 Civ. 8466 (VM) (S.D.N.Y. filed Nov. 20, 2012) (ECF No. 1).)

8.     The criminal complaint demonstrates that the USAO and the SEC were jointly sharing documents and testimony: "The information contained in this affidavit is based upon my personal knowledge, as well as information obtained during this investigation, directly or indirectly, from other sources of information and agents, including, but not limited to: *(a) witness interviews and sworn testimony; (b) information received from the Securities & Exchange Commission* . . . ." (USAO Compl. ¶ 7 (emphasis added).)

9.     The criminal complaint also identifies specific allegations that are based on information jointly shared by the USAO and the SEC:

> a.   "***Based on information provided by the SEC***, I have learned that during the seven trading days preceding the July 29, 2008 ICAD announcement, the Hedge Fund's trading in Elan stock (ADRs) represented over 20% of the reported trading volume in the security and the Hedge Fund's trading in

Wyeth stock represented over 11% of the reported trading volume in that security." (USAO Compl. ¶ 35 (emphasis added).)

b. "Based on Hedge Fund trading data and *information provided by the SEC*, I have learned that the Hedge Fund earned profits and avoided losses of what is currently estimated to be $276 million . . . through sales of Elan and Wyeth stock, short sales, and profitable options activity between July 21, 2008 and the ICAD Presentation." (USAO Compl. ¶ 36 (emphasis added).)

c. "Unless otherwise specifically stated, based on *my interviews with and/or review of transcripts of testimony of current and former Hedge fund employees*, . . . I have learned the following about Hedge Fund trades caused by MATHEW MARTOMA, the defendant, and others at the Hedge Fund, after MARTOMA obtained the negative Drug Trial results from the CW prior to the ICAD presentation." (USAO Compl. ¶ 34 (emphasis added).)

## III. Witness Interviews

10.     As set forth in the paragraphs below, the 3500 material produced by the USAO, as well as documents produced by the SEC, establish that the SEC and USAO jointly conducted numerous interviews of key witnesses in this case.[1]

### A. Sidney Gilman

11.     The SEC and USAO jointly interviewed the two cooperators, Drs. Gilman and Ross, a total of nine times. At three of the joint interviews of Dr. Gilman, three SEC representatives participated in the interview.

12.     All told, the SEC and USAO conducted twenty joint interviews of twelve witnesses (that have been disclosed to the Defense), including all the key Government trial witnesses.

13.     On the following dates, the USAO and the SEC conducted joint interviews of Dr. Sidney Gilman, at which the following USAO and SEC personnel were present:

---

[1]     Indeed, the USAO has represented to this Court that it has reviewed (and therefore presumably is in possession of) all of the SEC memoranda and notes from such interviews. Letter from A. Devlin Brown to R. Strassberg (Dec. 23, 2013) (Exhibit D to the Declaration of Richard M. Strassberg in Support of Defendant Mathew Martoma's Motion to Compel the Production of Brady and Giglio Material, Dkt. No. 151 (Dec. 26, 2013)).

a.      February 2, 2012 (3501-11)

      i.      SEC personnel present:  Amelia A. Cottrell (Assistant Regional Director), Charles D. Riely (Staff Attorney), and Neil Hendelman (Staff Accountant);

      ii.     USAO personnel present:  Avi Weitzman (Assistant United States Attorney) and Arlo Devlin-Brown (Assistant United States Attorney);

      iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

b.      August 17, 2012 (3501-16)

      i.      SEC personnel present:  Amelia A. Cottrell (Assistant Regional Director), Charles D. Riely (Senior Counsel), and Neil Hendelman (Staff Accountant);

      ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

      iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

c.      September 14, 2012 (3501-19)

      i.      SEC personnel present:  Amelia A. Cottrell (Assistant Regional Director), Matthew Watkins (Senior Counsel), and Charles Riely (Senior Counsel);

      ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

      iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

d.      February 28, 2013 (3501-25)

      i.      SEC personnel present:  Charles Riely (Senior Counsel);

      ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

e.     March 1, 2013 (3501-27)

i.     SEC personnel present:  Matthew Watkins (Senior Counsel);

ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

f.     April 4, 2013 (3501-29)

i.     SEC personnel present:  Matthew Watkins (Senior Counsel);

ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

14.     In addition, the circumstances surrounding Dr. Gilman's proffer agreement demonstrates the joint nature of the investigation.  Dr. Gilman entered into his proffer agreement at a meeting which took place at the Office of the SEC on February 2, 2012.  (3501-13)

15.     Dr. Gilman's non-prosecution agreement further shows the joint nature of the investigation.  Dr. Gilman entered into a non-prosecution agreement with the USAO on November 15, 2012.  (3501-24)  It was agreed that Dr. Gilman "shall forfeit to the United States $186,781."  (3501-24)  That agreement also provided that "[a]ny prior disgorgement by Gilman of such fees to the Securities and Exchange Commission shall be credited towards the Money Judgment."  (3501-24)  A judgment was entered in the SEC case six days later.  In that judgment, Dr. Gilman was ordered to be liable for the exact same amount:  "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant [*i.e.*, Dr. Gilman] is liable for

disgorgement of $186,781, representing profits gained as a result of conduct alleged in the Complaint." (3501-35)

**B.      Joel Ross**

16.      On the following dates, the USAO and the SEC conducted joint interviews of Dr. Joel Ross, at which the following USAO and SEC personnel were present:

a.      January 28, 2013 (3502-3)

  i.      SEC personnel present:  Matthew Watkins (Senior Counsel);

  ii.      USAO personnel present:  Arlo-Devlin-Brown (Assistant United States Attorney);

  iii.      FBI personnel present:  Matthew Thomas Callahan (Special Agent).

b.      February 4, 2013 (3502-5)

  i.      SEC personnel present:  Charles D. Riely (Senior Counsel) and Matthew Watkins (Senior Counsel);

  ii.      USAO personnel present:  Arlo-Devlin-Brown (Assistant United States Attorney);

  iii.      FBI personnel present:  Matthew Thomas Callahan (Special Agent).

c.      June 13, 2013 (3502-8)

  i.      SEC personnel present:  Charles D. Riely (Senior Counsel);

  ii.      USAO personnel present:  Arlo-Devlin-Brown (Assistant United States Attorney);

  iii.      FBI personnel present:  Matthew Thomas Callahan (Special Agent).

17.      In addition, Dr. Ross's proffer agreement demonstrates the joint nature of the investigation.

a.     On January 28, 2013, the same day that Dr. Ross met with both the USAO and the SEC for an interview, the SEC and Dr. Ross entered into a proffer agreement confirming "the terms of a January 28, 2013 meeting . . . between [Dr. Ross] and the staff of the Division of Enforcement . . . of the United States Securities and Exchange Commission."  Letter Agreement between A. Cottrell of the SEC and Dr. Ross (Jan. 28, 2013).  Dr. Ross entered into a Proffer Agreement with the USAO on the same date. (3502-1)

b.     On February 4, 2013, the same day that Dr. Ross met with both the USAO and the SEC for an interview, the SEC and Dr. Ross entered into a proffer agreement confirming "the terms of a February, 2013 meeting . . . between [Dr. Ross] and the staff of the Division of Enforcement . . . of the United States Securities and Exchange Commission."  Letter Agreement between A. Cottrell of the SEC and Dr. Ross (Feb. 4, 2013).  Dr. Ross signed a continuation of his Proffer Agreement with the USAO on the same date. (3502-1)

**C.     Kathryn Lyndon**

18.     On the following dates, the USAO and SEC conducted joint interviews of

Kathryn Lyndon, at which the following USAO and SEC personnel were present:

a.     January 31, 2012 (3503-9)

   i.     SEC personnel present (by phone):  Amelia A. Cottrell (Assistant Regional Director) and Charles D. Riely (Staff Attorney);

   ii.     USAO personnel present (by phone):  Arlo Devlin-Brown (Assistant United States Attorney) and Avi Weitzman (Assistant United States Attorney).

b.     February 1, 2012 (3503-1 and 3503-2)

   i.     SEC personnel present (by phone):  Amelia A. Cottrell (Assistant Regional Director) and Charles D. Riely (Staff Attorney);

   ii.     USAO personnel present (by phone):  Avi Weitzman (Assistant United States Attorney) and Arlo Devlin-Brown (Assistant United States Attorney);

        iii.       FBI personnel present (by phone):  Matthew Thomas Callahan (Special Agent) and Andrea Lee Estok (Special Agent).

**D.    Allison Hulme**

19.    On the following date, the USAO and SEC conducted a joint interview of Allison Hulme, at which the following USAO and SEC personnel were present:

    a.    August 6, 2012 (3504-1)

        i.       SEC personnel present:  Charles Riely (Senior Counsel) and Matthew Watkins (Senior Counsel);

        ii.      USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

        iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

**E.    Phillipp Villhauer**

20.    On the following date, the USAO and SEC conducted a joint interview of Phillipp Villhauer, at which the following USAO and SEC personnel were present:

    a.    May 23, 2013 (3505-2)

        i.       SEC personnel present:  Matthew Watkins (Senior Counsel) and Joseph Sansone (Senior Counsel)

        ii.      USAO personnel present:  Antonia Apps (Assistant United States Attorney), John Zach (Assistant United States Attorney), and Arlo Devlin-Brown (Assistant United States Attorney);

        iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

**F.    David Munno**

21.    On the following date, the USAO and the SEC conducted a joint interview of David Munno, at which the following USAO and SEC personnel were present:

    a.    February 15, 2013 (3510-5)

       i.       SEC personnel present:  Amelia A. Cottrell (Assistant Regional Director) and Matthew Watkins (Senior Counsel);

       ii.      USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

       iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

**G.    Jason Karp**

22.    On the following date, the USAO and SEC conducted a joint interview of Jason Karp, at which the following USAO and SEC personnel were present:

      a.     May 8, 2012 (3512-1)

       i.       SEC personnel present:  Amelia A. Cottrell (Assistant Regional Director) and Charles D. Riely (Senior Counsel);

       ii.      USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

       iii.     FBI personnel present:  Matthew Thomas Callahan (Special Agent).

23.    In addition, Mr. Karp's proffer agreement demonstrates the joint nature of the investigation.  On May 8, 2012, the same day that Mr. Karp met with both the USAO and the SEC for an interview, the SEC and Mr. Karp entered into a proffer agreement confirming "the terms of [a] May 8, 2012 meeting … between [Mr. Karp] and the staff of the Division of Enforcement . . . of the United States Securities and Exchange Commission."   Letter Agreement between A. Cottrell of the SEC and Jason Karp (May 8, 2012).  Mr. Karp entered into a Proffer Agreement with the USAO on the very same date.  (3512-3)

**H.    Edmund Debler**

24.    On the following date, the USAO and SEC conducted a joint interview of Edmund Debler, at which the following USAO and SEC personnel were present:

a.      May 23, 2012 (3514-3; 3514-4; 3514-6)

    i.      SEC personnel present:  Charles D. Riely (Senior Counsel);

    ii.     USAO personnel present:  Arlo Devlin-Brown (Assistant United States Attorney);

    iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

**I.      Jerome Goldstein**

25.      On the following date, the USAO and the SEC conducted a joint interview of Jerome Goldstein, at which the following USAO and SEC personnel were present:

a.      July 9, 2013 (3510-10)

    i.      SEC Personnel Present: Charles Rieley (Staff Attorney) and Matthew Watkins (Staff Attorney)

    ii.     USAO Personnel Present:  Arlo Devlin-Brown (Assistant United States Attorney)

    iii.    FBI Personnel Present:  Matthew Thomas Callahan (Special Agent).

**J.      Perry Boyle**

26.      On the following date, the USAO and SEC conducted a joint interview of Perry Boyle, at which the following USAO and SEC personnel were present:

a.      July 26, 2013 (USAO_016187)

    i.      SEC personnel  present:  Dan Marcus (Senior Counsel) and Charles Riely (Senior Counsel);

    ii.     USAO personnel present:  Antonia Apps (Assistant United States Attorney), John Zach (Assistant United States Attorney), and Arlo Devlin-Brown (Assistant United States Attorney);

    iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

### K.   Thomas Conheeney, Jr.

27.     On the following date, the USAO and SEC conducted a joint interview of Thomas

Conheeney, Jr., at which the following USAO and SEC personnel were present:

      a.      June 10, 2013 (USAO_016200)

            i.      SEC personnel  present:  Charles Riely (Senior Counsel);

            ii.     USAO personnel present:  Antonia Apps (Assistant United States Attorney), John Zach (Assistant United States Attorney), and Arlo Devlin-Brown (Assistant United States Attorney);

            iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

### L.   Solomon Kumin

28.     On the following date, the USAO and SEC conducted a joint interview of

Solomon Kumin, at which the following USAO and SEC personnel were present:

      a.      June 5, 2013 (USAO_016212)

            i.      SEC personnel  present:  Charles Riely (Staff Attorney) and Justin Smith (Senior Counsel);

            ii.     USAO personnel present:  Antonia Apps (Assistant United States Attorney), John Zach (Assistant United States Attorney), and Arlo Devlin-Brown (Assistant United States Attorney);

            iii.    FBI personnel present:  Matthew Thomas Callahan (Special Agent).

## IV.   Depositions

29.     Between March and July 2012, the SEC deposed current and former SAC

employees about the events at issue in this case.  During their depositions, those current and

former employees were warned that the SEC "often makes its files available to other

governmental agencies, particularly United States Attorneys. . . .  There is a likelihood that

information supplied by you will be made available to such agencies where appropriate."

Witnesses were also warned that among the "routine uses which may be made of the information

furnished" by their deposition testimony is the coordination of "law enforcement activities

between the SEC and other federal, state, local or foreign law enforcement agencies":

> a.  Transcript of the deposition testimony of Wayne Holman ("Holman Dep."), dated March 20, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, SEC Form 1662 (03-10), Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena ("Form 1662"), at 3; *see also* Holman Dep. at 5:24-6:7.

> b.  Transcript of the deposition testimony of Steven A. Cohen ("Cohen Dep."), dated May 3, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Cohen Dep. at 4:9-18.

> c.  Transcript of the deposition testimony of Phillipp Villhauer ("Villhauer Dep."), dated July 17, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Villhauer Dep. at 4:20-5:4.

> d.  Transcript of the deposition testimony of William Hoh ("Hoh Dep."), dated July 18, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Hoh Dep. at 4:16-25.

> e.  Transcript of the deposition testimony of Benjamin Slate ("Slate Dep."), dated July 18, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Slate Dep. at 4:15-24.

> f.  Transcript of the deposition testimony of Chandler Bocklage ("Bocklage Dep."), dated July 19, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Bocklage Dep. at 4:12-22.

> g.  Transcript of the deposition testimony of Lawrence Gussoff ("Gussoff Dep."), dated July 19, 2012, in *In re Elan Corp., plc*, File No. NY-8152, Ex. 1, Form 1662, at 3; *see also* Gussoff Dep. at 4:11-20.

30.  The Government concedes that the SEC informed AUSA Devlin-Brown in

advance of Steven Cohen's SEC deposition that the SEC would take such testimony on May 3,

2012.  (Declaration of Arlo Devlin-Brown in Support of the Government's Opposition to

Defense *in Limine* Motions Two and Three Seeking to Introduce Steve Cohen's SEC Testimony ("Devlin-Brown Decl."), at ¶ 3, *U.S. v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y.).)

31.     In addition, the Government concedes that, three days before Mr. Cohen's deposition, Mr. Devlin-Brown "met with representatives of the SEC in the SEC's New York offices to discuss evidence obtained through our parallel investigations, including evidence relating to Steve Cohen and others." *Id.* at ¶ 4.  Following that meeting, the SEC took the depositions of Mr. Cohen and five current and former SAC employees regarding the events alleged in this case.   (*See supra* at ¶¶ 9(a) – (c).)

32.     Although Mr. Devlin-Brown claims that he never "provide[d] the SEC with direction on questions to ask" at Mr. Cohen's deposition, he admits that he "recall[s] receiving a short telephone call (approximately five minutes) in which SEC representatives taking the investigative testimony, who were on a break, provided a short update as to the testimony thus far" and then Mr. Devlin-Brown received "a further update after the deposition concluded and prior to an interview that the U.S. Attorney's Office conducted the following day."  (Devlin-Brown Decl., at ¶ 5-6.)

33.     The Government also received a transcript of Mr. Cohen's SEC deposition.  (*Id.* at ¶ 6.)

34.     In addition, SEC attorneys have confirmed that the SEC has not received any documents from SAC that were not also produced to the DOJ.


Executed on January 5, 2014
New York, NY

                                        /s/ Richard M. Strassberg
                                        Richard M. Strassberg (RS5141)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 5, 2014, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/ Richard M. Strassberg
Richard M. Strassberg (RS5141)