# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/2014

January 3, 2014

**MEMO ENDORSED**

*The application is denied. Mr. Singh's proposed testimony relates to the alibi issue. In an order issued yesterday, the Court concluded that the defendant — under Fed. R. Crim. P. 12.1 — should have responded to the Government's request for notice of alibi with respect to the July 19, 2008 Gilman/Martoma meeting in Ann Arbor. Undoubtedly, if the Defendant had responded — and stated that he intended to raise an alibi defense — Mr. Singh would have been listed as a Government witness. In any event, the Defendant has not demonstrated prejudice flowing from Mr. Singh's name being added now. The same is true as to Mr. Casey, who testified at a prior trial about whose testimony is available to the Defendant.*

**SO ORDERED**

*[signature] Paul G. Gardephe, U.S.D.J.*

Dated: Jan. 4, 2014

**BY ECF AND FACSIMILE**

Honorable Paul G. Gardephe
United States District Court for the
 Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of Mathew Martoma to request relief with respect to two prospective Government witnesses, Ranjit Singh and John Casey, disclosed *two weeks late*. Although the Government has added Mr. Singh and Mr. Casey to its witness list, it has not explained whether and under what circumstances it intends to call either of them. Mr. Martoma respectfully requests that this Court preclude the Government from calling Mr. Singh or Mr. Casey in its case-in-chief and allow those witnesses to testify (if at all) *only* in rebuttal. The Government should not be permitted to benefit from gamesmanship relating to its listing of witnesses.

On November 22, 2013, the Government and Mr. Martoma agreed that the Government would provide a witness list on December 13, 2013, and that Mr. Martoma would provide a witness list on December 27, 2013. Although the Government served Mr. Singh with a subpoena on October 21, 2013, and offered Mr. Casey *as a witness* in the same capacity in the trial of SAC portfolio manager Michel Steinberg on November 26, 2013, the Government included neither on its December 13 witness list. But only 30 minutes after Mr. Martoma provided its witness list on December 27, 2013, the Government finally announced: "We are adding both Mr. Singh and Mr. Casey to our witness list, although whether we call them may depend on defenses and/or what evidence is admitted through other witnesses."[1]

---

[1] (Letter from Assistant U.S. Attorney Arlo Devlin-Brown and Eugene Ingoglia to Richard Strassberg dated December 27, 2013.)

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 3, 2014
Page 2

The pre-trial deadlines protect Mr. Martoma's right to a fair trial. "A paramount goal of the Court in managing this case, including rigorously supervising the process of discovery and pretrial disclosure, is to ensure that the defendants obtain a fair trial under the challenging circumstances presented." *United States v. Sierra*, No. 11 Cr. 1032 (PAE), 2012 WL 2866417, at *1 (S.D.N.Y. July 11, 2012). "To ensure that defense counsel can make any challenges to the admissibility" of certain evidence, "the Government should be required to strictly and timely comply" with its pre-trial obligations. *United States v. Willock*, 696 F. Supp. 2d 536, 570 (D. Md. 2010). The Government's attempt to hide the ball for its own tactical advantage should not be allowed. This Court should preclude the Government from calling Mr. Singh or Mr. Casey in its case-in-chief and allow the Government to call those witnesses (if at all) only in rebuttal.

## I.   Ranjit Singh

According to the Government, "[t]he primary function of Mr. Singh, the airport taxi driver, is as rebuttal to alibi or related defenses should the defense take the position that that [sic] Martoma did not meet with Dr. Gilman on July 19, 2008."[2]

"[T]he Government has alleged that on July 19, 2008, the defendant traveled round-trip by plane from New York City to Detroit to meet personally with Dr. Gilman in his office" at the University of Michigan in Ann Arbor, Michigan.[3] The Government has spent a great deal of time and resources the last 2 years in attempting to shore up their narrative that Dr. Gilman and Mathew Martoma met in Ann Arbor on July 19, 2008.

The 3500 materials for Mr. Singh show that the Government interviewed him first on March 1, 2013, and then again on October 21, 2013 – at which time one of the Assistant United States Attorneys *personally* served Mr. Singh with a trial subpoena to appear in this Court on January 13, 2014.[4] Although the Government served Mr. Singh with a trial subpoena in October, it did not include him on its December 13 witness list but instead waited until *after* it had seen Mr. Martoma's witness list to disclose him to the defense. When Mr. Martoma asked for an explanation, the Government gave the following answer:

---

[2]   (E-mail from Assistant U.S. Attorney Arlo Devlin-Brown to Richard Strassberg dated December 28, 2013.)

[3]   (Government's *in Limine* Motion Seeking a Ruling That Certain Evidence Is Admissible at Trial and That the Defense Should Disclose Any Alibi Defense Prior to Trial (ECF No. 100), at 14.)

[4]   (FBI/USAO Interview, Oct. 21, 2013, p. 2 (3516-2).) Notably, there is no suggestion in the 3500 materials that Mr. Singh has *any* knowledge of Mr. Martoma, Dr. Gilman, or driving Mr. Martoma to Dr. Gilman's office on July 19, 2008 (or any other date).

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 3, 2014
Page 3

> We didn't know what position the defense would take, but since we planned to be in the Detroit area anyway in October, and were not sure when we would have another opportunity to make personal service, we thought it prudent to give him a subpoena. As we noted when we provided you with our initial witness list, we reserved to [sic] right to call additional witnesses depending on defenses raised at trial and rulings by the Court on in limine motions (which includes the alibi motion).
>
> We still don't have a lot of clarity as to the defense position and thus are still uncertain about whether we will call Mr. Singh. But given that we may not get such certainty for a while, we decided to provide you with 3500 material now covering the very narrow subject matter of his testimony now as a courtesy.[5]

That answer simply does not hold water. The idea that the **Government** "w[as] not sure when we would have another opportunity to make personal service" on Mr. Singh and simply "thought it prudent to give him a subpoena" because "we planned to be in the Detroit area anyway in October" is incredible. As is the Government's claim that Mr. Singh is an "additional witness" being listed as a result of "defenses raised at trial" or "rulings by the Court on in limine motions" because the trial has not begun and this Court has made no rulings on this in limine motion. Nothing changed between the time that the Government provided its witness list and the time that it added Mr. Singh, and the Government received no new information – *except Mr. Martoma's witness list*.

It is obvious what the Government was trying to accomplish here. The Government *intentionally* chose not to disclose Mr. Singh until it saw Mr. Martoma's witness list. If Mr. Martoma called a witness to explain his whereabouts on July 19, 2008, the Government would have held back Mr. Singh to rebut that witness and give the Government what it apparently hoped would be a "gotcha" moment. If Mr. Martoma did not, the Government would disclose Mr. Singh because it would have no other opportunity to proffer him as a witness. The Government did not lack "clarity" as to Mr. Martoma's position and provide Mr. Singh's 3500 material "as a courtesy." Rather, once the Government had "clarity" that Mr. Martoma was not intending to call such a witness, it provided him with Mr. Singh's 3500 material to avoid preclusion. This Court should not tolerate the Government's gamesmanship.

---

[5] (E-mail from Assistant U.S. Attorney Arlo Devlin-Brown to Richard Strassberg dated December 28, 2013.)

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 3, 2014
Page 4

## II. John Casey

According to the 3500 materials, it appears that the Government may call Mr. Casey to testify about compliance policies and procedures at S.A.C. Capital Advisors, LLC and its affiliates (collectively, "SAC"). It also appears that Mr. Casey's testimony may be substantially similar to the testimony that he provided at Mr. Steinberg's trial on November 26, 2013.

The Government has been aware of Mr. Casey for some time. The 3500 material shows that the Government met with him on October 29, 2013, and November 24, 2013, before his testimony in Mr. Steinberg's trial. (The Government also met with him on December 30, 2013, in connection with Mr. Martoma's trial.) There appears to be no legitimate excuse for the Government's failure to include Mr. Casey on its witness list on December 13, 2013, when the Government had been aware of him for one and one-half months and had watched him testify – on the same topics – more than two weeks prior to the deadline in this case to list witnesses.

\* \* \*

In sum, this Court should preclude the Government from calling Mr. Singh or Mr. Casey in its case-in-chief. The Government should be allowed to call those witnesses (if at all) only in response to specific testimony elicited by Mr. Martoma in his own case. The Government should not be permitted to disregard the agreed-upon pre-trial schedule for its own tactical advantage.

Respectfully submitted,

Richard M. Strassberg

cc: Arlo Devlin-Brown (by e-mail)
Eugene Ingoglia (by e-mail)
Roberto Braceras (by e-mail)