USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v.-

MATHEW MARTOMA,

                Defendant.

ORDER

S1 12 Cr. 973 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant Mathew Martoma is charged with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and with two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5 and 240.10b5-2, and 18 U.S.C. § 2. (Superseding Indictment (Dkt. No. 61))  Jury selection in this matter began on January 7, 2014.

        On January 8, 2014 at 10:35 p.m., Martoma informed this Court that he intended to file a petition for rehearing en banc concerning the Second Circuit's January 8, 2014 order dismissing his appeal of this Court's December 28, 2013 order, arguing that the Second Circuit's Order is inconsistent with the prior binding precedent of S.E.C. v. TheStreet.Com, 273 F.3d 222 (2d Cir. 2001).  The Second Circuit found the collateral order doctrine to be inapplicable to Martoma's appeal and dismissed the appeal for want of jurisdiction.  United States v. Martoma, No. 13-4807 (2d Cir. January 8, 2014).  Martoma requests that this Court hold its January 8, 2014 order in abeyance pending the Second Circuit's ruling on his petition for en banc review.

        Under Fed. R. App. P. 35, "An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless:  (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance."  The Second Circuit rarely grants en banc review.  Ricci v. DeStefano,

530 F.3d 88, 89-90 (2d Cir. 2008) (Katzmann, J. concurring) ("Throughout our history, we have proceeded to a full hearing en banc only in rare and exceptional circumstances.")

The issue of whether the collateral order doctrine is applicable here is governed in large part by Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 105 (2009), discussed by the Second Circuit in its January 8, 2014 order. Under Mohawk, "an order is appealable if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." Id. However, "even if an order . . . satisfies [the requirements of the collateral order doctrine], courts have leeway to determine whether the issue on appeal is an important issue of law, the resolution of which may have relevance for future cases." Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 241 (2d Cir. 2006).

Here, the Court of Appeals considered carefully the alleged prejudice that Martoma would suffer if the sealed materials were disclosed. United States v. Martoma, No. 13-4807 (2d Cir. January 8, 2014). As to his claim that his right to a fair trial would be violated, the Court of Appeals found that that issue could be effectively reviewed on appeal. (Id.) As to Martoma's argument that he would suffer embarrassment if the sealed materials were disclosed, the panel explicitly considered and rejected that argument, concluding that "that interest is not 'sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes,' Mohawk, 558 U.S. at 107, particularly in light of the public's strong countervailing interest in open criminal proceedings." (Id.)

S.E.C. v. TheStreet.Com, 273 F.3d 222 (2d Cir. 2001), cited by Martoma, is distinguishable on several grounds, including that it is a civil case. In any event, this Court does

not read TheStreet.Com to announce that the Circuit will invariably exercise jurisdiction over every appeal involving a district judge's unsealing order.

Given the "leeway" that the panel enjoyed under Kensington Int'l in weighing the competing interests here, this Court concludes that a petition for en banc rehearing would likely be denied. Accordingly, the Defendant's application for a stay is denied.

Dated: New York, New York
January 8, 2014

SO ORDERED.

*Paul G. Gardephe* (signature)
Paul G. Gardephe
United States District Judge