# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

## REQUEST TO FILE UNDER SEAL

December 6, 2013

**BY SEALED HAND DELIVERY**

Hon. Paul G. Gardephe
U.S. District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2014

Re:  *United States v. Mathew Martoma*, No. 12 Cr. 973 (PGG)

Dear Judge Gardephe:

    We write on behalf of Mathew Martoma in the above-referenced action and hereby request to seal: (i) this letter, ("Request to Seal"); (ii) Mr. Martoma's enclosed motion *in limine* to exclude from trial all evidence concerning events unrelated to the charged offenses and preceding Mr. Martoma's employment at S.A.C. Capital Advisors, LLC and its affiliates (collectively, "SAC") (as well as any opposition and reply papers); and (iii) any Government motion *in limine* (as well as any opposition and reply papers) seeking to admit such evidence (collectively, the "motion *in limine* and related papers"). We also request that the Court close from the public any hearing on either this Request to Seal or the motion *in limine* and related papers.

    The Government does not oppose this request.

    The matters at issue are unrelated to the allegations in this case. They relate to Mr. Martoma's dismissal from Harvard Law School ("HLS") more than a decade ago and his related work at a forensic computer company that submitted a report in connection with the dismissal proceedings. More specifically, the evidence—which would be hotly contested and would, in essence, spark a trial within a trial—involves, among other things, an HLS Administrative Board's finding that Mr. Martoma submitted altered transcripts in judicial clerkship applications and gave untruthful answers to HLS administrators when confronted. Suffice to say, the Administrative Board's findings and the related broader unsubstantiated allegations—concerning something that happened almost 15 years ago—are a source of great embarrassment to Mr. Martoma. More importantly, this information would risk tainting prospective jurors and biasing them against Mr. Martoma.

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 6, 2013
Page 2

### I. Good Cause to Seal Exists: The Allegations Are Inflammatory, Irrelevant, Highly Prejudicial, Contain Confidential Information, Are Inadmissible at Trial, and Would Attract Significant Media Attention.

When considering a request to seal a motion or take other protective measures, the Court enjoys "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in courts." *Geller v. Branic Int'l Realty Corp.*, 212 F. 3d 734, 738 (2d Cir. 2000). The Court also has great latitude in fashioning appropriate relief. *See Standard Inv. Chartered, Inv. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Cv. 2014 (SWK), 2008 WL 199537, at *2 (S.D.N.Y. Jan. 22, 2008) ("Protective orders can take on a variety of forms in order to fit the circumstances of the case."). Among other things, in fashioning this appropriate relief, a court may, and should, allow a request to seal *itself be submitted under seal*. *See U.S. v. Shehadeh*, 857 F. Supp. 2d 290, 293 n.2 (E.D.N.Y. 2012) (motion to prevent disclosure of certain information submitted *ex parte* under seal).

The risk of prejudicial pretrial publicity affecting a defendant's right to a fair trial constitutes good cause to seal court documents. *See U.S. v. McVeigh*, 940 F.Supp. 1541, 1545, 1567 (D. Colo. 1996) (granting motion to file motion *in limine* under seal where the motion papers "include references and attachments describing facts which are not now and may never be in evidence . . . to avoid any possible prejudicial effect of pre-trial publicity"); *see also U.S. v. Bulger*, 283 F.R.D. 46, 48 (D. Mass. 2012) (court entered a protective order sealing documents to "guard against prejudicial pretrial publicity affecting the 'defendant's and the government's rights to a fair trial'").

Here, documents relating to or arising from Mr. Martoma's dismissal from HLS, if made known to the public by a motion to exclude such material, would undoubtedly garner great media attention and unfairly prejudice Mr. Martoma as he prepares to defend himself from criminal charges, thereby interfering with his right to a fair trial. *See Schiller v. City of New York*, No. 04 Civ. 7922 (KMK) (JCF), 2007 WL 1299260, at *2 (S.D.N.Y. May 4, 2007) (a party can establish good cause for a protective order "by demonstrating that such an order is required to ensure a fair trial" (citation omitted)).

Indeed, the allegations, findings, and related innuendo surrounding the HLS disciplinary proceedings would trump every other aspect of this case. The voyeuristic interest in Mr. Martoma's 15-year old problems at HLS would needlessly escalate the media's interest in an already high-profile case and shifting the media's (and the jury pool's) attention to irrelevant, prejudicial and inflammatory information. Worse yet, the publicity would take this case out of the business pages and put it on Page Six. Mr. Martoma's right to a fair trial must be safeguarded. "[T]he right to a fair trial, both in civil and criminal cases, is one of our most cherished values, and [] a trial judge should have the authority to adopt reasonable measures to

GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 6, 2013
Page 3

avoid injuries to parties by reason of prejudicial or inflammatory publicity." *Id.* (citation omitted). Sealing this Request and the related motion papers are "reasonable measure[s] to avoid injuries to the parties by reason of prejudicial or inflammatory publicity." *Id.* While the right to a fair trial is indeed important in both the civil and criminal contexts, *see id.*, it is of paramount importance in the criminal context.

An order sealing this letter and the related motion papers is particularly appropriate here because, in addition to being highly prejudicial, these unrelated and stale allegations are irrelevant to and not probative of the Government's allegations against Mr. Martoma. As such, and as discussed in more detail in the motion *in limine* and related papers, they are inadmissible at trial. *See U.S. v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993) (interpreting Federal Rules of Evidence 401 and 403 and holding that certain irrelevant, prejudicial and inflammatory materials should not have been admitted at trial).

Most important, this Request to Seal must be granted or else it would preempt the motion *in limine* and related papers and risk rendering those Motions moot. It would turn on its head the purpose of a motion *in limine* to exclude irrelevant and prejudicial material from trial to have those very motion papers result in extensive news coverage prejudicing and embarrassing an individual facing criminal charges.

II.  **This Request and the Motion *in Limine* and Related Papers Overcome The Presumption of Public Access.**

The motion *in limine* and related papers should be filed under seal, as the very purpose of Mr. Martoma's Motion *in Limine* would be undermined if they were made public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (stating that "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power . . . . Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance" (citation omitted)). Mr. Martoma's Motion *in Limine* argues that the evidence at issue is irrelevant. If the Court agrees, then these papers would have no bearing on what "directly affect[s] an adjudication" of the allegations against Mr. Martoma, which would satisfy Defendant's burden in overcoming the presumption of public access. *See id.*

Moreover, courts must also "balance competing considerations against [allowing public access]." *Id.* at 120. Competing considerations "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks omitted). The privacy interests here, in addition to the prejudice to Mr. Martoma and the risk that he would not get a fair trial, further favor filing this Request to Seal and the motion *in limine* and related papers under seal.

GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 6, 2013
Page 4

### III. A Hearing on This Request to Seal or on the Motion *in Limine* and Related Papers Should Be Closed to the Public to Protect Mr. Martoma's Right to a Fair Trial.

The First Amendment guarantees the public and the press a *"qualified"* right of access to some criminal proceedings. *See Waller v. Georgia*, 467 U.S. 39, 44-45 (1984) (emphasis added). This right of access is thus not absolute, but "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Id.* at 45.

Mr. Martoma's request for closed hearings is based on his right to a fair trial. Thus, he need show only that "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent, and second, that reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 14 (1986) (citations omitted). Public disclosure of the facts surrounding Mr. Martoma's dismissal from HLS will result in unnecessary, negative, and widespread media attention that will hinder his ability to receive a fair trial. Exposure of these matters to the public would subject Mr. Martoma to premature public judgment based on unrelated events from many years ago.

Because a public hearing on this Request to Seal and/or the motion *in limine* and related papers would necessarily lead to public disclosure of these inflammatory matters, any such hearing, if made open to the public, would risk defeating the purpose of excluding these matters from trial, if that is what the Court ultimately does. As the Supreme Court has explained, "[t]he whole purpose of such a [suppression] hearing is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury. Publicity concerning the proceedings at a pretrial hearing, however, could influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979). The Court may address this problem by conducting a hearing "*in camera* but with counsel present and on the record ... [p]arties are thus afforded the opportunity to resolve their disputes in court without automatically destroying the confidentiality of certain information." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071-72 (3d Cir. 1984).

A hearing open to the public on this Request to Seal and/or the motion *in limine* and related papers would reveal to the public the very matters that Mr. Martoma seeks to have excluded from trial. In light of the intense media scrutiny this case has garnered, there are no viable alternatives to closure of hearings on these motions. Moreover, in *Gannett* the Supreme Court specifically recognized that closure of pretrial proceedings "is often one of the most effective methods" of ensuring that prejudicial information about a defendant is not exposed to the public. *Gannett Co.*, 443 U.S. at 379.

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 6, 2013
Page 5

\*\*\*

    For the foregoing reasons, Mr. Martoma respectfully requests that the Court: (i) seal this Request to Seal and the motion in limine and related papers; (ii) close any public hearings on these motions; and (iii) return this Request to Seal and the motion in limine and related papers to Mr. Martoma upon disposition of the motion or other proceeding for which they were submitted.

Respectfully,

Richard M. Strassberg

Enclosures

Cc:    (by sealed hand delivery)
        Arlo Devlin-Brown
        Eugene Ingoglia
        Roberto Braceras