USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-9-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                     :

            - v. -                           :            S1 12 Cr. 973 (PGG)

MATHEW MARTOMA,                              :

                Defendant.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE
CONCERNING EVENTS UNRELATED TO THE CHARGED OFFENSES AND
PRECEDING MR. MARTOMA'S EMPLOYMENT AT SAC

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

Arlo Devlin-Brown
Eugene Ingoglia
Megan L. Gaffney
Assistant United States Attorneys

Mathew Martoma (the "defendant") moved on December 5, 2013 to exclude evidence (the "Harvard Evidence") relating to his forging of a law school transcript in connection with judicial clerkship applications and subsequent efforts to cover up the forgery through phony forensic evidence (the "Defense Harvard Motion").  The Government filed a motion the same day (the "Government Harvard Motion") to admit such evidence if responsive to defenses raised at trial, such as defense arguments about the lack of electronic forensic evidence establishing that Martoma possessed a PowerPoint presentation containing the results of the bapineuzumab trial (the "Drug Trial") or to rebut defense evidence or arguments that other computer forensic evidence affirmatively establishes that Martoma possessed the results only after the announcement.[1]  The Government will not reiterate the arguments in its own motion but instead identify and respond to particular arguments made in the Defense Harvard Motion.[2]

As an initial matter, the Government has no intention to offer the Harvard Evidence other than to rebut particular arguments made by the defendant.  The Government agrees that the fact that the defendant forged a transcript in connection with clerkship applications and doctored evidence to support false claims of innocence is not properly considered in evaluating whether the defendant engaged in insider trading in Elan and Wyeth in 2008.  Any argument that the Harvard Evidence demonstrates criminal propensity with respect to insider trading would be entirely improper and the Government would not seek to advance such an argument.  Instead, the

---

[1]    As the Government noted in its own motion, it is impossible to know in advance of trial all of the scenarios in which the defendant could offer evidence, make arguments, or call witnesses that make at least some of the Harvard Evidence relevant.  For example, if the defendant were to seek affirmatively to put his character in evidence or call witnesses involved in the Harvard proceeding (including the defendant and certain family members who testified in support of the defendant's claims) the Government would also seek to offer evidence from the Harvard proceedings, including for impeachment purposes.  *See* Fed. R. of Evid. 608(b); *United States* v. *Desposito*, 704 F.3d 221, 233-34 (2d Cir. 2013).

[2]    This Memorandum will not be publicly filed as the defendant has made a sealing application, which is pending.

1

Government's position is that while the Harvard Evidence is irrelevant to insider trading generally, it is quite relevant to and probative of the defendant's knowledge of the importance of minimizing electronic evidence that could establish his guilt and his capacity to alter such evidence to fit his version of events. If the defendant places the lack of forensic electronic evidence at issue in his defense — or affirmatively argues that other forensic evidence of questionable province establishes his innocence — the Harvard Evidence is a highly relevant counterpoint necessary to enable the jury to evaluate fairly these defenses.

The defendant acknowledges that the Government does not seek to offer the Harvard Evidence to prove that Martoma engaged in insider trading (Def. Mem. at 7) but bases much of the ensuing Rule 404(b) argument on the fact, not disputed here, that altering transcripts and e-mails is different in nature from the core activities inherent in insider trading. (*See* Def. Mem. at 9 ("The pre-SAC Material has nothing to do with confidential information, trading securities, Dr. Gilman or SAC.")). The defendant correctly cites authority that there must be similarities "between the charged and uncharged transactions," *United States* v. *Stein*, 521 F. Supp 2d 266, 270 (S.D.N.Y. 2007), and it is certainly possible to envision a trial in which the Harvard Evidence has little bearing on the evidence and arguments presented.

But it is also possible to envision a defense strategy that puts the Harvard Evidence much more in play, and the defense hints at this strategy in the motion, arguing that the "Government's failure to find and produce a supposed e-mail from Dr. Gilman to Mr. Martoma attaching the phase II bapi results" is a "failure that tends to exculpate Martoma." (Def. Mem. at 9). The Harvard Evidence bears directly on just how "exculpatory" this lack of forensic evidence is to *this* particular defendant: not very exculpatory at all. Indeed, the Government submits that given the role that computer forensic evidence played in Martoma's expulsion from law school, it

would be extraordinarily unlikely for Martoma to have asked Dr. Gilman to e-mail what
Martoma would have known to be an incredibly damning piece of evidence to his work e-mail
address, or any readily traceable e-mail address for that matter, in advance of the public
announcement of the Drug Trial results.[3]  And, given Martoma's demonstrated capacity to alter
electronic evidence (to say nothing of this operation of a computer forensics company created to
falsify exculpatory evidence for him), in the unlikely event that Martoma received this
presentation in a form that could be traced to him, he would have applied his skills to destroying
the forensic evidence, altering it to make it appear inculpatory (such as by altering the date he
received it), or otherwise leaving an electronic version of a paper trail to support a defense that
he possessed it only when the PowerPoint presentation was publicly presented.  Thus, while the
Harvard Evidence is not directly relevant to whether Martoma committed Insider Trading, it is
highly relevant to the weight a reasonable jury might place on the lack of forensic evidence
establishing he possessed the PowerPoint presentation five years after the fact.[4]  To the extent
that the defendant argues that this fact is exculpatory, the Harvard Evidence becomes relevant.
*See United States* v. *Desposito*, 704 F.3d 221, 225, 233-34 (2d Cir. 2013) (upholding district
court decision to admit evidence of the defendant's plan to obstruct justice in an unrelated state
proceeding because "[w]hen a defendant offers an exculpatory explanation for the government's

---

[3]      While such an e-mail might theoretically still exist in the sender's account, the University of Michigan did
not retain e-mail going back to 2008.

[4]      The Defense Harvard Motion makes much of *United States* v. *Hatfield*, 685 F. Supp. 2d 320 (E.D.N.Y.
2010), using it to argue that even evidence of prior insider trading may not be sufficiently related to a securities
fraud prosecution to be admissible under 404(b).  (*See* Def. Mot. at 3, 10).  In *Hatfield*, however, the court excluded
evidence that the defendant had failed to supervise an employee engaged in insider trading fifteen years before the
"manifestly different" charged securities fraud at issue in the case.  *Id.* at 325.  The court concluded that the
defendant's past conduct was too attenuated and prejudicial to be admitted.  *Id.*  The Harvard Evidence, by contrast,
is directly on point, as it demonstrates the defendant's knowledge of techniques to alter or obscure electronic
evidence.  This falls squarely within the permitted uses of other act evidence under Rule 404(b)(2).

evidence, he 'opens the door' to impeachment of his credibility, even by previously inadmissible evidence").

A second claim in the Defense Harvard Motion also requires correction.  The defendant attempts to dissuade the Court from admitting the Harvard Evidence by arguing that it would "create[] the danger of confusing the jury through complex and lengthy 'mini-trials' concerning conduct almost 15 years ago." (Def. Mot. at 14).  This is simply not the case.  Much of the evidence is based on the defendant's own admissions, including written statements. Additionally, the core facts surrounding the backdating of the e-mail are not in dispute: (a) Martoma offered in his defense an e-mail dated February 1 and (b) Harvard records show that the e-mail was sent on February 2 as a reply to an e-mail Martoma had received on February 2.  *See* Govt. Harvard Motion Exhibit B (the copy of the e-mails and metadata) and Exhibit A at 4-5 (reflecting that Martoma did not challenge the accuracy of the Harvard server data).[5]  Finally, with respect to the defendant's creation of a bogus computer forensics firm to provide a report backing Martoma's story in the Harvard appeal process, the defendant admitted the most important facts — that Martoma was behind the forensics company and that the supposed forensic examiners who signed the "report" were untrained hires from a temp agency — to an FBI agent in 2000 who could testify to Martoma's statements.  The Government has further evidence it could offer with respect to the Harvard conduct if necessary (including testimony from one of the "forensic examiners" who signed the report for Martoma), but the most relevant facts the defendant has already admitted.

---

[5]     Although Martoma did not concede the ultimate fact—that he had doctored the e-mail to make it appear that it had been sent on February 1—the uncontested facts speak plainly enough and the Government would not seek to admit any evidence beyond them with respect to the e-mail.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court permit the Government to offer such portions of the Harvard expulsion evidence under Rule 404(b) as are made relevant by the defense that is ultimately presented.

Dated: December 20, 2013
       New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____

Arlo Devlin-Brown
Eugene Ingoglia
Megan L. Gaffney
Assistant United States Attorneys