

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 14, 2013

**By Hand**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-9-14

Re:   <u>United States</u> v. <u>Martoma</u>, S1 12 Cr. 973 (PGG)

Dear Judge Gardephe:

The Government writes in response to defendant Mathew Martoma's December 6, 2013 letter (the "Sealing Request") seeking an order sealing the Government and defendant's respective *in limine* motions relating to the circumstances of the defendant's dismissal from Harvard Law School ("HLS") (collectively, the "HLS *in limine* motions"); and (2) closing from the public any hearing on either the request to seal or the substantive HLS *in limine* motions. For the reasons set forth below, the Government respectfully submits that the defendant has not overcome the presumption that the public and press have a constitutional right of access to criminal trials and court documents sufficient to justify the complete sealing of all documents and proceedings in this matter. Accordingly, the broad Sealing Request should be denied. The Government would not oppose a more limited sealing order, to the extent deemed necessary by the Court, that would provide for the limited redaction of material in public filings and that would be limited in duration.[1]

Applicable Law

It is well settled that the public and the press have a right of access to criminal trials and court documents that is grounded in the First Amendment and in federal common law. *See Globe Newspaper Co.* v. *Superior Court for the County of Norfolk*, 457 U.S. 596, 603 (1982) ("[T]he press and general public have a constitutional right of access to criminal trials."); *In the Matter of the Application of the New York Times Company to Unseal Wiretap and Search Warrant Materials*, 577 F.3d 401, 405 (2d Cir. 2009) ("[T]here is a qualified common law 'right to inspect and copy public records and documents, including judicial records and documents." (quoting *Nixon* v. *Warner Communications*, 435 U.S. 589, 597 (1978)). These rights, however,

---

[1]   The Government is submitting this letter directly to the Court and not filing it publicly given the defendant's pending request.

are not absolute, and will yield when confronted with a compelling interest in favor of privacy. *Globe Newspaper*, 457 U.S. at 606-607. Courts may seal filings made in a criminal trial only if "specific, on the record findings are made demonstrating that [sealing or] closure [are] essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 13-14 (1986) (quotation omitted). The types of information that courts have found to justify sealing include: issues of national security; identities of juveniles; grand jury proceedings, personal identifying information such as social security numbers; and information that would reveal an ongoing criminal investigation. *See Robert Timothy Reagan, Sealing Court Records and Proceedings* 5-11 (Federal Judicial Center 2010), available on Westlaw, FJC-MISC-2010-18 (describing types of information found by federal courts to be properly protected by sealing); *see also Waller* v. *Georgia*, 467 U.S. 39, 45 (1984) (sealing may be appropriate to protect sensitive personal information and defendant's right to a fair trial); *United States* v. *Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (sealing may be appropriate to protect ongoing criminal investigations). Finally, to the extent a filing contains certain portions that would justify sealing, Federal Rule of Criminal Procedure 49.1 further provides that certain identifiers be redacted.

In addition, the Supreme Court in *Waller* set forth the following four-factor test for closure of a courtroom in a criminal proceeding: (1) "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced;" (2) "the closure must be no broader than necessary to protect that interest;" (3) "the trial court must consider reasonable alternatives to closing the proceeding;" and (4) "it must make findings adequate to support the closure." 467 U.S. at 48; *see also United States* v. *Doe*, 63 F.3d 121, 128 (2d Cir. 1995). The presumption against closing a courtroom in a criminal proceeding is even stronger than that applied to determine whether documents should be sealed or redacted. *See Haller*, 837 F.2d at 88 (affirming district court order, entered after public plea hearing, redacting portions of plea agreement that might alert targets to ongoing investigation); *In re Application of Times-Union, Gannet Co., Inc.*, 1990 WL 6605, at *1, *3-4 (W.D.N.Y. January 26, 1990) (denying request to close courtroom for initial appearance but permitting sealing of documents that would reveal the potential targets in the direction of an ongoing investigation).

Discussion

The defendant asserts that allowing the HLS *in limine* motions to be part of the public record in this case would be unduly prejudicial because the prior bad acts alleged to have been committed by the defendant while a student at HLS (1) are generally embarrassing to the defendant; (2) may be inadmissible under Federal Rules of Evidence 403 and/or 404(b); and (3) may risk tainting the prospective jury pool. None of these arguments support sealing in this case.

With respect to the first claim, the fact that material filed or discussed in a public court proceeding may be embarrassing is not, standing alone, a ground for sealing. Indeed, the defendant offers no authority that a defendant's general embarrassment over prior bad acts qualifies as the type of "higher values" that justify sealing. *Press-Enterprise Co.*, 478 U.S. 1 at 13-14. Indeed, at least one court has expressly held this type of generalized concern insufficient to warrant sealing. *Siedle* v. *Putnam Invs.*, Inc., 147 F.3d 7, 10 (1st Cir. 1998) ("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient

reason to block public access."). Moreover, while a court may choose to exercise its discretion to seal motions concerning baseless or speculative allegations – which by their very nature serve to embarrass – here, much of the prior conduct at issue is established through the defendant's admissions and uncontested facts described in the Harvard Law School Administrative Board ("Ad Board") findings in the case (attached Exhibit A to the Government's Motion *In Limine*). In particular, the defendant admitted in those proceedings that he used computer software to generate a forged HLS transcript, and that he interviewed with federal judges knowing that they had received the forged transcript and never contested the irrefutable fact that an e-mail that the defendant claimed he had sent on February 1, 1998 was in fact sent on February 2, 1998 as a *reply* to another February 2, 1998 e-mail. Similarly, the defendant admitted to the FBI when he was interviewed in a separate matter in 2000 that the computer company that had submitted the "forensic report" about the February 1 e-mail in connection with an appeal of the Ad Board decision was in fact a company the defendant had created.

The defendant's second argument is that the evidence from the Harvard proceedings should be sealed because such evidence should be excluded under Federal Rules of Evidence 404(b) and 403, pointing to the competing *in limine* motions. But this argument proves too much: the inquiry with *every* Rule 404(b) motion concerning a defendant's purported prior bad acts is whether the prior bad acts are relevant and whether the danger of undue prejudice outweighs the probative value of the evidence. The same is true here. If sealing was warranted based on the mere possibility that certain evidence might be deemed irrelevant and/or unduly prejudicial – and therefore inadmissible – every *in limine* motion concerning a prior bad act of a defendant would need to be sealed, at least until the court made a determination as to admissibility. The law compels the opposite result: documents should be publicly filed absent a compelling and particularized finding as to why such sealing is essential here.

The defendant's most particularized argument appears to be that sealing and closure are necessary to avoid "the risk [of] tainting prospective jurors and biasing them against" the defendant due to the attention this case has received in the press. But the press interest in the case cuts both ways; it means that that curtailment of the public right of access is not simply of theoretical consequence but will deprive journalists of what would otherwise be public court filings that would be of interest. And the risk that jurors could be tainted by such information can be addressed through several means, including *voire dire*. As the Supreme Court recognized in *Press-Enterprise Co.*,

> This risk of prejudice does not automatically justify refusing public access to hearings on every motion to suppress. Through *voir dire*, cumbersome as it is in some circumstances, a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict.

478 U.S. 1 at 15. Where, as here, a large and diverse jury pool exists from which impartial jurors can be selected, negative pretrial publicity does not raise sufficient prejudice to justify sealing. *See Skilling v. U.S.*, 561 U.S. 358 (2010) (holding that in light of the large, diverse jury pool, "the suggestion that 12 impartial individuals could not be empaneled is hard to sustain" and a change of venue was unnecessary). Moreover, the jurors, once selected would be instructed to

follow the Court's instructions to judge the case only on the evidence submitted, and there is little risk that a juror exposed to detailed evidence on the serious allegations charged in the indictment would base their verdict instead on press reports about the defendant's long-ago conduct (assuming it was not admitted in evidence) in defiance of the Court's instructions. *See e.g.*, *Zafiro* v. *United States*, 506 U.S. 534, 540-41 (1993) (holding that limiting "instructions suffice to cure any possibility of prejudice" from not severing trial of co-defendants); *United States* v. *LaFlam*, 369 F.3d 153, 157 (2d Cir.2004) (holding, in an armed robbery case, that the district court did not abuse its discretion in admitting evidence of the defendant's uncharged drug use because the district court properly balanced probative value against prejudice and "also gave a limiting instruction to the jury that reduced any potential prejudice that introduction of the uncharged other act evidence might have caused"); *United States* v. *Downing*, 297 F.3d 52, 59 (2d Cir. 2002) (holding that "we must presume that juries understand and abide by a district court's limiting instructions.").

Finally, the defendant ignores that there are less drastic means available to address the concerns raised than sealing all filings on the subject and closing the courtroom in connection with any judicial proceeding involving the Harvard evidence. *See Waller*, 467 U.S. at 45 (restriction of access must be no broader than necessary to protect articulated higher interest). In particular, a redacted versions of the motions would block the public from access to certain facts (such as those with lesser relevance, greater salaciousness, or those that go beyond the defendant's prior admissions) while allowing the public to know of the core issues presented. Similarly, any sealing could be more limited in time, such as until the Court rules on the motions or until trial begins, which would limit information that could impact the jury pool until the jury itself – which will be instructed to ignore news stories through the trial generally – is selected. Finally, the request to close the Courtroom to proceedings relating to these motions is a still-greater restriction on the public right of access and could be avoided even if certain of the material is not publicly filed at this stage.

Notably, the cases cited by the defendant do not support the sealing request. Indeed, they do not even articulate the correct standard. In particular, the defendant cites seven cases in support of its argument that "good cause" exists to seal the HLS *in limine* motions (Sealing Request, Point I at 2-3), but good cause is the standard applied to *discovery* protective orders under Civil Rule of Procedure 26(e), not the higher presumption of public access applied to documents filed with the court. Three of the seven cases – *Geller* v. *Brancic Int'l Realty Corp.*, *Standard Inv. Chartered Inv.* v *Nat'l Ass'n of Sec Dealers, Inc.*, and *Schiller* v. *City of New York*, are all in this inapposite context of disputes about the protective orders for civil discovery. Further, three of the four criminal cases are also inapposite, either because they do not even deal with sealing (*U.S.* v. *Harvey*), they involve the Classified Information Access Procedures Act (*U.S.* v. *Shehadeh*) or because the sealing related to discovery documents not filed with the court (*U.S.* v. *Bulger*). In the only case cited by the defendant in which any court sealed filings on the basis of publicity concerns, *U.S.* v. *McVeigh*, a court in the District of Colorado did so without citation to any authority other than reference to a 1996 Memorandum Opinion on Media Motions, the details of which were not provided.[2]

---

[2]    In the portion of the defendant's argument addressing the *applicable* standard of presumptive public access (*see* Sealing Request, Point II at 3), the defendant quotes from one

       Accordingly, the Government respectfully requests that the Court deny the defendant's motion to Seal the HLS *in limine* motions and related papers and close from the public any hearing on either the request to seal or the substantive HLS *in limine* motion. The Government would not oppose a more narrowly tailored limitation deemed necessary by the Court.

                           Respectfully Submitted,

                           PREET BHARARA
                           United States Attorney

By:

                           Arlo Devlin-Brown
                           Eugene Ingoglia
                           Andrea Griswold
                           Assistant United States Attorneys
                           (212) 637-2506/2690

cc: Richard Strassberg, Esq.
    (via electronic mail)

---

case, *U.S. v. Lugosch v. Pyramid Co. of Onondaga*, arguing that if the Court agrees that the evidence from the HLS proceedings is irrelevant, the defendant has overcome the presumption. 435 F.3d 110, 119 (2d Cir. 2006). This is not the holding of *Lugosch*. The portion of the *Lugosch* opinion cited by the defendant was, as the court in *Lugosch* explicitly states, dicta from a 1993 Second Circuit case and pertained to whether exhibits to a summary judgment motion even constitute "judicial documents" to which the presumption of public access would apply.