# GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

## REQUEST TO FILE UNDER SEAL

December 20, 2013

**BY SEALED HAND DELIVERY**

Hon. Paul G. Gardephe
U.S. District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-9-14

Re: *United States v. Mathew Martoma*, No. 12 Cr. 973 (PGG)

Dear Judge Gardephe:

    We write on behalf of Mathew Martoma in response to the letter from the Government dated December 14, 2013 (the "Government Letter"), and in further support of Mr. Martoma's Request to Seal.[1] Mr. Martoma reiterates his request to seal, and to close from the public any hearing on, this Request to Seal and/or the motion *in limine* and related papers. Unsealing the Request to Seal and/or the motion *in limine* and related papers, or opening the courtroom for any hearing on them, would defeat their purpose by revealing to the public the very matters that Mr. Martoma seeks to exclude from trial. Disclosure of the materials that are the subject of the Request to Seal and motion *in limine* and related papers would result in unnecessary, widespread, negative media attention that would lead prospective jurors to pre-judge Mr. Martoma based on disputed allegations of unrelated events that occurred almost 15 years ago. This Court must not permit such prejudice. Mr. Martoma's right to a fair trial is paramount.

    In its Letter, the Government concedes that the public's right of access to criminal trials and court documents must "yield when confronted with a compelling interest in favor of privacy." (Government Letter at 1-2 (citing *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 606-07 (1982)).) Mr. Martoma has just such a compelling interest: the right to a fair trial by impartial jurors. *See Waller v. Georgia*, 467 U.S. 39, 45 (1984) (sealing may be appropriate to protect sensitive personal information and the defendant's right to a fair trial) (cited in Government Letter at 2). Indeed, the Government does *not* dispute that the information contained in this Request to Seal and/or the motion *in limine* and related papers would risk tainting prospective jurors and biasing them against Mr. Martoma due to the press coverage that

---

[1] All defined terms have the same meanings as in our letter dated December 6, 2013.

# GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 20, 2013
Page 2

this case has received. (*See* Government Letter at 3.) Not can it. The evidence is sensational and would incite the media and the public. With Mr. Martoma's right to a fair trial at stake, this Court should seal the papers and close the courtroom. *See United States v. McVeigh*, 940 F. Supp. 1541, 1545, 1567 (D. Colo. 1996) (sealing a motion *in limine* where the papers "include references and attachments describing facts which are not now and may never be in evidence . . . to avoid any possible prejudicial effect of pre-trial publicity").[2]

The Government claims that "the risk that jurors could be tainted by such information can be addressed" through *voir dire*. (Government Letter at 3.) The Government, however, ignores the many concerns about *voir dire* of prospective jurors exposed to extensive pre-trial publicity. For example, there is the risk that prospective jurors will not be candid because they are embarrassed or unwilling to acknowledge biases in open court or afraid that their answers will be reported by the media. *See, e.g., United States v. Bruno*, 700 F. Supp. 2d 175, 178-79 (N.D.N.Y. 2010); *United States v. Stewart*, 317 F. Supp. 2d 432, 435 (S.D.N.Y. 2004). The Government dismisses such concerns and argues that, "[w]here, as here, a large and diverse jury pool exists from which impartial jurors can be selected, negative pretrial publicity does not raise sufficient prejudice to justify sealing." (Government Letter at 3.) Predictably, the Government glosses over the fact that extensive pre-trial publicity increases the difficulty of finding an objective jury pool, as well as the practical consideration that selecting an impartial jury in a highly publicized case will require a more extensive examination of a larger pool of prospective jurors. *See United States v. Rahman*, 189 F.3d 88, 121-22 (2d Cir. 1999); *Bruno*, 700 F. Supp. 2d at 178-79; *Stewart*, 317 F. Supp. 2d at 435. *Voir dire* will not address the risk that prospective jurors could be tainted; it will only unnecessarily (and unduly) burden the Court.

The Government next contends that "the risk that jurors could be tainted by such information can be addressed" through Court instructions to the jurors once seated. (Government Letter at 3-4.) Courts, however, have recognized the obvious truth that jurors may fail to follow instructions and instead may consider information available in the press and other out-of-court sources: "Regardless of the presumption that the jurors are heeding the Court's instructions to bypass any media coverage of this case, the media coverage of [a] trial [can be] so pervasive that there is a danger that jurors might inadvertently come upon a news report of this case on television, the Internet or in print." *U.S. v. Bulger*, No. 99-10371-DJC, 2013 WL

---

[2] *Accord United States v. Bulger*, 283 F.R.D. 46, 48 (D. Mass. 2012) (sealing documents to "guard against prejudicial pretrial publicity affecting the 'defendant's and the government's rights to a fair trial'"); *United States v. Mathur*, No. 2:11-cr-00312-MMD-PAL, 2012 WL 3135548, at *2 (D. Nev. June 8, 2012) (finding the avoidance of public scandal and the protection of a defendant's right to a fair trial to be "compelling reasons" to seal a motion to dismiss); *United States v. Rajaratnam*, 708 F. Supp. 2d 371, 375 n.3, 377 (denying the Government's motion to disclose wiretap materials that were potentially inadmissible because "[s]hielding such material from the public eye is often critical to protect defendants' fair trial and privacy interests," which are "compelling interests").

3338749, at *6 (D. Mass. July 1, 2013). As the Supreme Court explained, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States*, 391 U.S. 123, 135 (1968). Court instructions will not address the risk that selected jurors could be tainted; Mr. Martoma will still face the danger that seated jurors will (intentionally or inadvertently) pre-judge him based on information excluded from the trial.

The Government finally argues that "there are less drastic means available to address the concerns." (Government Letter at 4.) The Government proposes redacting "certain facts . . . while allowing the public to know of the core issues presented," sealing the motion *in limine* and related papers only "until the Court rules on the motions or until trial begins," and/or keeping court proceedings on the papers open "even if certain of the material is not publicly filed at this stage." (*Id.*) None of those is sufficient. What the Government considers to be "core issues" is precisely what would taint prospective jurors. Sealing the motion *in limine* and related papers (as well as the Request to Seal) only until decisions on the motions or the beginning of trial does not address the concerns about pre-trial publicity and/or jurors' inability to follow Court instructions and avoid information from the media. (*See supra* at 1-2.) Opening court proceedings on the Request to Seal and motion *in limine* and related papers would defeat the purpose of excluding the evidence at issue. *See Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979) ("The whole purpose of such a [suppression] hearing is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury. Publicity concerning the proceedings at a pretrial hearing, however, could influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial."). In this instance, there are no adequate alternatives to sealing and court closure.

The Government's motion to admit evidence concerning Mr. Martoma's dismissal from Harvard Law School (the "Government Motion") underscores the importance of granting this Request to Seal. As the Government concedes, "a court may choose to exercise its discretion to seal motions concerning baseless or speculative allegations – which by their very nature serve to embarrass." (Government Letter at 3.) The Government Motion asserts that the "uncontested and readily established facts" show that Mr. Martoma submitted to Harvard Law School (1) "phony e-mail evidence . . . to bolster a false defense" and (2) "a phony report from a supposed computer forensics firm . . . to provide additional forensic evidence supporting Martoma's claims." (Government Motion at 1.) If the Government Motion were unsealed, the press would report those "facts" and jurors would accept them as true even though the materials that are the subject of this Request to Seal and the motion *in limine* and related papers show that the Government's "facts" are actually nothing more than ***disputed and unproven allegations.***

GOODWIN | PROCTER

Hon. Paul G. Gardephe
December 20, 2013
Page 4

(Martoma Opposition at 5-8.)[3] Indeed, the motion *in limine* and related papers describe at length the sort of "baseless or speculative allegations" that courts seal. Filing them publicly would unfairly (and inaccurately) embarrass Mr. Martoma and taint the views of jurors.

\* \* \*

Sadly, but predictably, the Government is more interested in inciting publicity than in ensuring that Mr. Martoma receives a fair trial. Thus, this Court must protect and preserve Mr. Martoma's right to a fair trial. For the foregoing reasons, Mr. Martoma respectfully requests that the Court: (1) seal this Request to Seal and the motion *in limine* and related papers, (2) close any public hearings on them, and (3) return this Request to Seal and the motion *in limine* and related papers to Mr. Martoma upon the disposition of the motions for which they were submitted.

Respectfully submitted,

Richard M. Strassberg

Enclosures

Cc: (by sealed hand delivery)
Arlo Devlin-Brown
Eugene Ingoglia
Roberto Braceras

---

[3] Defendant Mathew Martoma's Memorandum of Law in Opposition to the Government's Motion to Admit Evidence Concerning Events Unrelated to the Charged Offenses and Preceding Mr. Martoma's Employment at SAC, filed December 20, 2013.