**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

―――――――――――――――――――――――――――――――――――――――――――

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 16, 2014

**By Hand, Email and ECF**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

   Re:   <u>United States v. Martoma, S1 12 Cr. 973 (PGG)</u>

Dear Judge Gardephe:

   The Government writes in response to the defendant's January 16, 2014 letter, moving this Court to preclude the Government from "offering bolstering character evidence" of Dr. Sidney Gilman.  (Def. Let. at 1).  The Government intends to offer no such evidence in its direct examination and defendant's letter reflects a position that the Government has never taken.

   During the lunch break, defense counsel inquired of the Government whether the Government intended to offer evidence of various charitable activities by Dr. Gilman.  The Government stated that it did not intend to introduce this evidence and planned only a single question to Dr. Gilman even marginally related to this area.  In particular, at the outset of the examination, in connection with eliciting Mr. Gilman's background information, and his resignation from the University of Michigan in 2012, the Government intends to ask Dr. Gilman what he has been doing since his resignation, to which Dr. Gilman is expected to respond that he has been volunteering at a medical clinic.  At the end of the lunch break, the defendant handed up a pre-written letter entirely unrelated to the evidence the Government stated it would offer.  The Government has no intention of asking Dr. Gilman in its direct case to read from any biographical sketches or otherwise describe a history of good works.

   Accordingly, the cases cited by the defendant are inapposite.  The defendant cites one case from the Second Circuit in support of its motion to preclude.  *See United States v. Paccione*, 949 F.2d 1183 (2d Cir. 1991).  In *Paccione*, the district court permitted the defendant to call four character witnesses to testify that the defendant was an honest man.  *Id.* at 1201.  The court did not permit, however, the defendant to introduce evidence that his teenage son had been born with cerebral palsy and the defendant had spent his life caring for his son in support of the argument that the defendant would not do anything to jeopardize his ability to be present in his son's life.  *Id.*  Noting that the admissibility of character evidence "rests in the sound discretion of the trial

judge," the Second Circuit concluded it was "well within the court's discretion to draw the line to exclude testimony that had no bearing on his honesty and integrity and that could well cause the jury to be influenced by sympathies having no bearing on the merits of the case." *Id. Paccione* is inapposite to the single piece of information at issue here, and not only because *Paccione* concerns improper sympathy to a defendant on trial (which Dr. Gilman is not). The fact that Dr. Gilman volunteers at a clinic will not cause jurors to be influenced by sympathy, nor draw the type of improper inference at issue in *Paccione*.

The simple question the Government intends to ask is routine and appropriate, and is not being offered to demonstrate good character under Fed. R. Evid. 404(a)(1). It is being offered simply so the jury is not left to wonder what Dr. Gilman has done since his forced resignation in 2012. Should Dr. Gilman not be permitted to answer that question, the jury might assume, among other adverse possibilities, that Dr. Gilman, then 80, was ready to retire in any event and thus suffered no hardship from being forced to retire at all. The false impression that Dr. Gilman was no longer interested in working in any event could serve the defendant's argument, advanced in opening, that Dr. Gilman admitted to something he did not do (provide illegal inside information to Mr. Martoma) in order to allegedly obtain a non-prosecution agreement, at no cost.

In any event, the limited question the Government intends to pose is a routine background question asked of many witnesses and is neither prejudicial to the defendant nor improper character argument. *See United States v. Blackwell*, 853 F.2d 86 (2d Cir. 1988) (stating that "the trial court is entitled to wide discretion concerning the admissibility of background evidence. Although it may be true that evidence [at issue] may be of relatively low probative value, it is nevertheless something that the trier of the fact has a right to know in gauging the credibility of a witness; s*ee also United States* v. *McVeigh*, 153 F.3d 1166, 1201 (10th Cir. 1998) *abrogated on other grounds by Hooks* v. *Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999) ("[R]easonable background information about a witness is always admissible, precisely because it allows the jury to make better informed judgments about the credibility of a witness and the reliability of that witness' observations"); McCormick on Evidence § 184, at 541 ("considerable leeway is allowed even on direct examination for proof of facts that do not bear purely on the legal issues, but merely fill in the background of the narrative....").

Dr. Gilman's work at the clinic is not offered as evidence of his character or character trait. *See* Fed. R. Evid. 404(a)(1).  The Government has no intention of going beyond this simple query that on direct examination.[1]  The Government therefore respectfully submits that this limited query should be permitted.

Respectfully Submitted,

PREET BHARARA
United States Attorney

By:  _____/s/_____
Arlo Devlin-Brown
Eugene Ingoglia
Assistant United States Attorneys
(212) 637-2506/2690

cc: Richard Strassberg, Esq.
    (via electronic mail)

---

[1] The Government reserves the right to use additional biographical information of Dr. Gilman on redirect examination depending on the subjects of the defendant's cross-examination.