GOODWIN | PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

January 31, 2014

**BY ECF AND HAND DELIVERY**

Honorable Paul G. Gardephe
United States District Court for the
    Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 1007

Re:     *United States v. Martoma*, **No. 12 Cr. 973 (PGG) (S.D.N.Y.)**

Dear Judge Gardephe:

We write on behalf of Mathew Martoma in connection with this Court's draft jury charge.  We intend to provide most of our comments on the draft jury instructions during this afternoon's charge conference, but we wanted to raise two requested instructions in advance of the conference: (1) an instruction that confidential information is not synonymous with material, non-public information and (2) an instruction that a conspiracy to commit securities fraud requires proof of an agreement to trade securities on inside information.

**I.      Confidential Information Is Not Synonymous with Material, Non-public Information.**

The draft jury charge contains the following instruction: "An 'insider' is one who comes into possession of material, ***confidential***, non-public information about a security or stock by virtue of a relationship that involves trust and confidence."  (Draft Jury Charge at 30 (emphasis added).)[1]  The Government proposed this instruction.  (Government's Proposed Instructions at 16.)  That is not surprising.  From its opening through its witness examinations – including especially the examinations of Dr. Gilman and Dr. Ross – the Government has ***repeatedly*** conflated "confidential" information with material, non-public information.  (*See, e.g.*, Government Opening, Tr. at 33:4-8 ("[Mr. Martoma] got important confidential information from someone who had a duty to keep it secret, and he used that information to buy and sell stock or securities. Insider trading is illegal."); Testimony of Dr. Gilman, Tr.

---

[1]      In addition to the relief requested below, Mr. Martoma requests that the word "confidential" be struck from this instruction.

GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 31, 2014
Page 2

at 1376:16-1377:1; Tr. at 1380:13-1381:8 (asking Dr. Gilman whether, during a proffer to the FBI in the summer of 2012, he recalled disclosing "confidential information" to Mr. Martoma); Testimony of Dr. Ross Tr. at 584:3-16; 588: 2-6; 631:15-632:2; 633:23-634:6 (asking Dr. Ross to read clauses from his confidentiality agreements with Elan and Wyeth and immediately following up with questions about his consultations and emails with Mr. Martoma)).

Mr. Martoma requests that the Court add the following jury instruction as the second paragraph of B.3.c.iii (Draft Jury Charge at 34) in order to address the significant difference between "confidential" information and material, non-public information:

> Confidential information is not necessarily the same as material, non-public information. Information may be confidential that is neither material nor non-public. Evidence that Dr. Gilman and Dr. Ross violated confidentiality agreements is not necessarily evidence that Dr. Gilman and Dr. Ross disclosed material, non-public information. The Government must prove beyond a reasonable doubt that Dr. Gilman and Dr. Ross disclosed material, non-public information – not simply confidential information.

This instruction has been necessitated by the Government's statements during trial. The Government has attempted to supplant the standard of material, non-public information under Section 10(b) with the amorphous standard of "confidential" information untethered to any statute. In so doing, the Government has confused and lowered its burden of proof. To see this, consider the confidentiality agreements in evidence in this case. Those agreements have *different* definitions of "confidential" information. (*Compare* GX-2 ¶¶ 1, 3, 4; GX-4 ¶ 9; GX-20 ¶ 5; GX-801 ¶¶ 1, 3, 4.) Therefore, the jury would be required to parse the agreements to determine which definition of "confidential" applied to which information in order to determine whether any information was even "confidential."

More importantly, under any of those different definitions, not all of the information that Elan and Wyeth disclosed to Dr. Gilman and Dr. Ross was material, non-public information. Take, for example, the dates of the SMC meetings that were a focus of the Government's examination of Dr. Gilman. According to Dr. Gilman, those dates were supposedly "confidential" to Elan and Wyeth (Testimony of Dr. Gilman, Tr. at 1196:1-2); but dates of SMC meetings were not material, non-public information. As another example, consider the enrollment information for Dr. Ross's Phase II site. He claimed that such information was allegedly "confidential" information (Testimony of Dr. Ross, Tr. at 644:24-645:9.), but he himself admitted that it was not material, non-public information (Testimony of Dr. Ross, Tr. at 755:15-756:1).

As a result of the Government's questions, there is now a substantial risk of jury confusion and the very real danger that the jury could convict Mr. Martoma based on a belief that he received only

GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 31, 2014
Page 3

"confidential" information – without properly assessing whether that information was also material and non-public, as the law requires.  Indeed, this Court has already recognized just such a danger in a related context.  When the Government tried to blur the distinction between "confidential" information and material, non-public information by introducing non-bapi information, this Court held: "The fact that the doctors shared confidential information with the Defendant does not lead to an inference that they possessed, or shared with him, material, non-public information that Martoma could trade on." (1/6/2014 Order (ECF No. 184) at 8.)

The same reasoning applies here.  That Dr. Gilman and Dr. Ross might have been subject to confidentiality agreements with Elan and Wyeth does not mean that all of their information about bapineuzumab and the Phase II trial was material, non-public information.  Mr. Martoma submits that his proposed jury instruction would address the risk of jury confusion that the Government has created.

## II.    A Conspiracy to Commit Securities Fraud Requires Proof of an Agreement to Trade Securities on Inside Information.

The draft jury charge contains the following instruction:

> The second part of the first element relates to the object, or objective, of the conspiracy. According to the Indictment, the object of the conspiracy charged in Count One was to commit securities fraud – in particular, insider trading by Mr. Martoma on the basis of material non-public information obtained from Dr. Sidney Gilman and Dr. Joel Ross.  I have already explained to you the elements of securities fraud through insider trading.  If you find that Mr. Martoma agreed to accomplish the illegal object charged in the conspiracy count – namely, insider trading – the illegal purpose element will be satisfied.  Whether or not the alleged conspiracy existed is a fact issue for you to decide.

(Draft Jury Charge at 48.)

Mr. Martoma requests that the Court add the following jury instruction before the last sentence of the paragraph in B.4.c.ii (Draft Jury Charge at 48) in order to explain to the jury that the conspiracy charge against Mr. Martoma requires an agreement with Dr. Gilman and Dr. Ross to commit insider trading:

> The Government must prove beyond a reasonable doubt that Mr. Martoma agreed with Dr. Gilman and Dr. Ross to trade securities based on material non-public information.

GOODWIN | PROCTER

Hon. Paul G. Gardephe
January 31, 2014
Page 4

It is well-established that the ***agreement*** is the cornerstone of a conspiracy charge.  The Government must establish beyond a reasonable doubt that "that there was a conspiracy to commit a particular offense and not merely a vague agreement to do something wrong."  *See United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2003) (internal quotation marks omitted).  "Proof of the essential nature of the plan is required because the gist of the offense remains the agreement, and it is therefore essential to determine what kind of agreement or understanding existed as to each defendant. . . . Nobody is liable in conspiracy except for the fair import of the concerted purpose or agreement as he understands it."  *United States v. Rosenblatt*, 554 F.2d 36, 39 (2d Cir. 1977) (internal quotation marks omitted) (finding that the defendant could not have been validly convicted of conspiracy to commit fraud because "he had no knowledge of such a plan [and] he neither intended nor agreed to commit that offense").  Indeed, the Government ***itself*** has acknowledged that a count charging conspiracy to commit insider trading requires "proof of . . . an agreement to conduct such trading."  (Government Bill of Particulars Opposition at 11.)

To sustain a conviction on Count One, therefore, the Government must prove beyond a reasonable doubt that Mr. Martoma had a specific agreement with Dr. Gilman and Dr. Ross to commit the substantive offense of ***insider trading***.  Mr. Martoma submits that his proposed jury instruction would help the jury understand the elements of the conspiracy charge against him.

\*        \*        \*

For the foregoing reasons, Mr. Martoma requests the charges proposed above.  In addition to those requested instructions that we are raising now, we intend to provide most of our comments on the draft jury instructions during this afternoon's charge conference.

Respectfully submitted,

Richard M. Strassberg

cc:   Arlo Devlin-Brown (by e-mail)
      Eugene Ingoglia (by e-mail)
      Roberto Braceras (by e-mail)