
MANDATE

Case 1:12-cr-00973-PGG   Document 275   Filed 03/05/14   Page 1 of 3

SDNY-NYC
12-cr-973
Gardephe, J.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand fourteen.

PRESENT:   DENNIS JACOBS,
           DENNY CHIN,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

-----------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

v.

MATHEW MARTOMA,

       *Defendant-Appellant.*

-----------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 05, 2014

<u>ORDER</u>
No. 13-4807

Defendant-Appellant Mathew Martoma appeals from an interlocutory order of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*), dated December 28, 2013, denying Martoma's request that certain motions <u>in limine</u> concerning the admissibility of prior-act evidence be filed under seal and that the courtroom be closed when the motions <u>in limine</u> are discussed. Martoma moves for a stay of the district court's decision pending appeal, and for leave to file his appeal and associated motions under seal. The Government opposes Martoma's motions and moves to dismiss the appeal for want of jurisdiction. For the reasons that follow, the Government's motion is GRANTED, and the appeal is DISMISSED. Martoma's motion to stay is therefore DENIED as moot.

Although he acknowledges that the district court's December 28, 2013 order is not a "final order" such as would vest this Court with jurisdiction under 28 U.S.C. § 1291, Martoma asserts that we have appellate jurisdiction pursuant to the

MANDATE ISSUED ON 03/05/2014

collateral order doctrine.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).  We disagree.

The collateral order doctrine provides appellate jurisdiction for a "small class" of orders that are deemed "final" because, on a categorical review, they "(1) conclusively determine[ ] the disputed question; (2) resolve[ ] an important issue completely separate from the merits of the action; and (3) [are] effectively unreviewable on appeal from a final judgment." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 105-06 (2009) (internal quotation marks omitted).  Further, "even if an order . . . satisfies Cohen, courts have leeway to determine whether the issue on appeal is an important issue of law, the resolution of which may have relevance for future cases." Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 241 (2d Cir. 2006).  The Supreme Court has stressed that the collateral order exception "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered," because "[p]ermitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." Mohawk, 558 U.S. at 106 (internal quotation marks omitted).

Even assuming that the order Martoma challenges satisfies the first two prongs of the collateral order doctrine, it does not satisfy the third.  "An order is 'effectively unreviewable' where 'the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" United States v. Punn, 737 F.3d 1, 5 (2d Cir. 2013) (quoting Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 498-99 (1989)).  To the extent Martoma argues that the unsealing order would generate adverse publicity and prejudice the jury pool in contravention of his constitutional fair-trial rights, those interests are reviewable after final judgment.  See, e.g., United States v. Sabhnani, 599 F.3d 215, 232-34 (2d Cir. 2010) (evaluating on post-judgment appeal whether adverse publicity unfairly prejudiced the venire).

It is true that Martoma's personal interest in the privacy of embarrassing information is an interest that, as a practical matter, cannot be vindicated after disclosure.  Nonetheless, we conclude that, under the circumstances of this case, that interest is not "sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes," Mohawk, 558 U.S. at 107, particularly in light of the public's strong countervailing interest in open criminal proceedings.  The authorities on which Martoma relies are distinguishable and do not persuade us otherwise.  Martoma's appeal is therefore dismissed for want of appellate jurisdiction.

2

When an appeal is dismissed for want of jurisdiction, we may, in our discretion, treat it in the alternative as a petition for a writ of mandamus.[1] See In re Zyprexa Prods. Liab. Litig., 594 F.3d 113, 118 (2d Cir. 2010); Kensington, 461 F.3d at 242. Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes . . . . [O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." In re Zyprexa, 594 F.3d at 118 (quoting Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004)). We see no adequate basis in fact or in law for concluding that the district court exceeded the bounds of its power or clearly abused its discretion in denying Martoma's motion to seal. Accordingly, to the extent his appeal can be construed as a mandamus petition, the petition is denied.

For the foregoing reasons, this appeal is DISMISSED for want of jurisdiction and, to the extent it may be construed as a petition for a writ of mandamus, the petition is DENIED. The pending motion to stay the district court's order is DENIED as moot.

On January 3, 2014, this Court ordered that Martoma's appeal and related motions be filed under seal pending panel consideration. In light of our disposition of the appeal as set forth above, the Clerk of Court is directed to docket all of the documents filed with this Court in connection with this appeal at or after noon on the first business day following the day on which the district court lifts its stay of the December 28, 2013 order.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] When doing so, we generally give the district judge notice and an opportunity to respond. See Fed. R. App. P. 21(b). Here, however, because "the inappropriateness of mandamus relief is clear on the face of the record," such notice is unnecessary. Kensington, 461 F.3d at 242.

3