# GOODWIN PROCTER

Richard M. Strassberg
212.813.8859
rstrassberg@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

September 5, 2014

**VIA ECF AND FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge for the Southern
District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   **United States v. Mathew Martoma, No. 12 Cr. 973 (PGG)**

Dear Judge Gardephe:

      Defendant Mathew Martoma respectfully submits this letter in response to the Government's August 11, 2014 submission regarding its position with respect to forfeiture (ECF No. 297). Mr. Martoma contends that the amount subject to forfeiture is limited to $6,505,181.50 – the total amount of his 2008 bonus, net of tax withholdings and other adjustments. *See* Decl. of Special Agent Gregory A. Coleman in Supp. of Prelim. Order or Forfeiture as to Specific Property/Money Judgment (ECF No. 297-3) ("Coleman Decl.") ¶ 6.

      Forfeiture is limited to property that "constitutes or is derived from proceeds traceable" to the charged conduct. 18 U.S.C. § 981(a)(l)(C). "In determining the amount of forfeiture, the Court must consider the amount of proceeds gained by Defendant from his illegal activity." *United States v. Kalish*, No. 06 Cr. 656 (RPP), 2009 WL 130215, at *4 (S.D.N.Y. Jan. 13, 2009), *aff'd* 626 F.3d 165, 170 (2d Cir. 2010) (criminal forfeiture focuses on the disgorgement by a defendant of his "ill-gotten" gains). As Mr. Martoma explained in his initial sentencing submission, the proceeds he received from the charged conduct are limited to the amount of his 2008 bonus, net of taxes. *See* Def. Mathew Martoma's Sentencing Mem. (ECF No. 287) at 27 & n.11.[1]

      The Government contends that the entire, gross amount of Mr. Martoma's 2008 bonus – $9,380,322 – is subject to forfeiture. As Special Agent Coleman's declaration makes clear, however, Mr. Martoma never actually received the gross bonus amount of $9,380,322, but instead was paid the net bonus amount of $6,505,181.50. Coleman Decl. ¶ 6 ("Martoma's 2008 bonus was paid in two

---

[1]  Mr. Martoma previously estimated that he received $6.3 million on his 2008 bonus, net of taxes. *See id.* Special Agent Coleman's declaration explains that the exact amount that Mr. Martoma received was $6,505,181.50. Coleman Decl. ¶ 6.

GOODWIN | PROCTER

Honorable Paul G. Gardephe
September 5, 2014
Page 2

installments. . . . The total amount of these payments, which were made after tax withholdings and were subject to other adjustments, was $6,505,181.50."). The approximately $2.9 million withheld from Mr. Martoma's bonus payments for taxes and other adjustments was never under Mr. Martoma's "control," and is thus not subject to forfeiture. *See United States v. Contorinis*, 692 F.3d 136, 147 (2d Cir. 2012) ("While property need not be personally or directly in the possession of the defendant, his assignees, or his co-conspirators in order to be subject to forfeiture, the property must have, at some point, been under the defendant's control or the control of his co-conspirators in order to be considered 'acquired' by him." (internal quotation marks and citation omitted)).

Mr. Martoma acknowledges that 18 U.S.C. § 981 states that the "direct costs" which may be excluded from the calculation of the defendant's proceeds "shall not include . . . any part of the income taxes paid by the entity." 18 U.S.C. § 981(a)(2)(B). However, § 981(a)(2)(B) also provides that "proceeds" is defined as "the amount of money *acquired* through the illegal transactions resulting in the forfeiture." *Id.* (emphasis added). Here, the $2.9 million in taxes and adjustments was withheld from Mr. Martoma's bonus before Mr. Martoma ever received any portion of his bonus. Since Mr. Martoma neither "acquired" nor "controlled" the taxes and adjustments withheld from his bonus, these amounts are not subject to forfeiture. 18 U.S.C. § 981(a)(2)(B); *Contorinis*, 692 F.3d at 147.

Accordingly, Mr. Martoma respectfully submits that the amount subject to forfeiture is limited to $6,505,181.50, the amount that he actually received from his 2008 bonus.[2]

Respectfully submitted,

Richard M. Strassberg

cc: Arlo Devlin-Brown, AUSA
    Eugene Ingoglia, AUSA
    Roberto Braceras, Goodwin Procter LLP

---

[2] The amount subject to forfeiture is also subject to third-party claims under 21 U.S.C. § 853. For example, Mr. Martoma's wife Rosemary has an interest in the real property located at 2464 W. Maya Palm Drive, Boca Raton, Florida, which she intends to assert in an ancillary proceeding. *See* 21 U.S.C. § 853(n)(2); *Pacheco v. Serendensky*, 393 F.3d 348, 355 (2d Cir. 2004) (partial forfeiture under 21 U.S.C. § 853 "may occasionally make for strange bedfellows—such as making the government co-owners of real property with the spouse of a criminal defendant").