USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/14

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA          PRELIMINARY ORDER OF
                                   :   FORFEITURE AS TO SPECIFIC
      - v. -                      PROPERTIES/MONEY JUDGMENT
                                   :   S1 12 Cr. 973 (PGG)
MATHEW MARTOMA,
                                   :
       Defendant.
                                   :
- - - - - - - - - - - - - - - - X

        WHEREAS, on or about August 22, 2013, MATHEW MARTOMA (the "Defendant") was charged in a three-count Superseding Indictment, S1 12 Cr. 973 (PGG) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2 (Counts Two and Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Three of the Indictment, including but not limited to a sum of money of at least

$9,300,000 in United States currency representing the proceeds obtained as a result of the offenses alleged in the Indictment, and all right, title and interest in the following specific property:

    a.    the real property and appurtenances, with all improvements and attachments thereon, located at 2464 W. Maya Palm Drive, Boca Raton, Florida, more particularly described as Parcel ID 06-43-47-29-10-005-0020;

    b.    up to $3,246,320.62 in funds on deposit in account number 1512369446 at American Express Bank, held in the name of Mathew C. Martoma;

    c.    up to $245,000 in funds on deposit in account number 146674626 at ING Direct, held in the name of Rosemary Martoma; and

    d.    up to $934,897.77 in funds or other assets in account number 88047594915 at Vanguard, held in the name of Mathew and Rosemary Martoma Foundation;

(collectively, the "Specific Properties");

WHEREAS, on or about September 24, 2013, the Court entered a Post-Indictment Consensual Protective Order Pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Title 21, United States Code, Section 853, restraining the Specific Properties;

WHEREAS, on or about February 6, 2014, following a trial, a jury in the Southern District of New York found the Defendant guilty of Counts One through Three of the Indictment;

WHEREAS, on September 8, 2014, the Defendant was sentenced and ordered to forfeit: (i) $9,380,322 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Three of the Indictment, and (ii) all of his right, title and interest in the Specific Properties;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Indictment, of which the Defendant was found guilty, a money judgment in the amount of $9,380,322 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Three of the Indictment, of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United

States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment. Any person, other than the Defendant in this case, claiming an interest in any of the Specific Properties must file a petition

4

within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in any of the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

5

9. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew"s Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

10. Upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific

Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Sharon Cohen Levin, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       September 8, 2014

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE