

| | |
|---|---|
| Richard M. Strassberg<br>212.813.8859<br>rstrassberg@goodwinprocter.com | Goodwin Procter LLP<br>Counselors at Law<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>T: 212.813.8800<br>F: 212.355.3333 |

October 3, 2014

**VIA ECF AND FACSIMILE TO (212) 805-7986**

Honorable Paul G. Gardephe
United States District Judge for the Southern
District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:     **United States v. Mathew Martoma, No. 12 Cr. 973 (PGG)**

Dear Judge Gardephe:

      Defendant Mathew Martoma respectfully submits this letter and moves this Court pursuant to 18 U.S.C. § 3143(b) to stay his November 10, 2014 surrender date and to grant his release pending appeal.

      Section 3143(b) provides that a district court "shall order the release" of a defendant on bail pending appeal if he establishes (1) by clear and convincing evidence that he is not likely to flee or pose a danger to public safety, and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in," *inter alia*, "reversal, an order for a new trial," or "a reduced sentence to a term of imprisonment less than the . . . expected duration of the appeal process." If the defendant makes the required evidentiary showing, then release follows as a matter of course: "the statute establishes a right to liberty that is not simply discretionary but mandatory." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004).

      As set forth below, Mr. Martoma has made the required showing and is therefore entitled to release while his appeal proceeds.[1]

---

[1] Mr. Martoma filed his notice of appeal on September 18, 2014. This Court, however, retains jurisdiction to rule on a request for bail pending appeal. *See United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000); *United States v. Catino*, 562 F.2d 1, 3-4 (2d Cir. 1977); *Rosa v. McCray*, No. 03-cv-4643, 2004 WL 2827638, at *7 (S.D.N.Y. Dec. 8, 2004) (Lynch, J.).

GOODWIN | PROCTER

Honorable Paul G. Gardephe
October 3, 2014
Page 2

I.     Mr. Martoma Is Not A Flight Risk And Poses No Danger To The Community

Mr. Martoma is neither a flight risk nor a danger to the community. Mr. Martoma was born in the United States and has lived here his entire life. His wife, three children, parents, siblings, and wife's parents all live in the United States. The Government consented to Mr. Martoma's release pending trial on bail, which included travel restrictions and regular pretrial supervision. That release was observed without incident. Mr. Martoma appeared when required for every pre-trial conference, every court appearance, and every day of trial.

Following the jury verdict on February 6, 2014, the Court continued Mr. Martoma's release pending sentencing. Since that time, the only adjustments to Mr. Martoma's bail have been made with the parties' consent—i.e., increasing the frequency of Mr. Martoma's pretrial services reporting and adding two co-signors to the existing bond. Those conditions also have been observed without incident. In the Presentence Report ("PSR"), the Probation Officer confirms that there have been no issues with Mr. Martoma's pretrial supervision. PSR at ¶ 7. And the same conditions and supervision would be sufficient during the appeal process.

II.    The Appeal Will Raise Substantial Questions

Because Mr. Martoma presents no risk of flight or danger to the community, he is entitled to bail if his appeal raises a "substantial question of law or fact" that, if decided in his favor, would likely lead to reversal, a new trial, or reduction in sentence to less than the duration of his appeal. As the Second Circuit has explained, this standard does *not* require the district court to find that it erred or predict that its "own judgment is likely to be reversed on appeal." *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985). Rather, a "substantial" question is simply "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 125 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Mr. Martoma has already extensively briefed several grounds for reversal in his post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33.[2] In light of this Court's ruling on those motions, and to avoid repetition, Mr. Martoma incorporates those arguments by

---

[2] *See* Mr. Martoma's Memorandum of Law in Support of His Renewed Motion for a Judgment of Acquittal or, Alternatively, for a New Trial ("Def. Mem."), filed on February 27, 2014 (Dkt. No. 271); Mr. Martoma's Reply Memorandum of Law in Further Support of His Renewed of His Renewed Motion for a Judgment of Acquittal or, Alternatively, for a New Trial ("Def. Reply Mem."), filed on April, 4, 2014 (Dkt. No. 283); Letter from Richard Strassberg to the Hon. Paul G. Gardephe in Further Support of Mr. Martoma's Renewed Motion for a Judgment of Acquittal or, Alternatively, for a New Trial, filed on August 14, 2014 ("Def. Supp. Letter") (Dkt. No. 299).

GOODWIN | PROCTER

Honorable Paul G. Gardephe
October 3, 2014
Page 3

reference and submits that they present several questions for appeal that are at the very least debatable or "close." *Rendell*, 761 F.2d at 125.

In addition, Mr. Martoma's appeal will raise several other close questions that will require reversal and a new trial or a substantially reduced sentence if decided in his favor, including, among other things, that evidence was improperly excluded and his sentence was both procedurally and substantively unreasonable.

                    *       *       *

For the foregoing reasons, this Court should stay Mr. Martoma's impending November 10, 2014 surrender date and grant him release pending the resolution of his appeal. In the alternative, Mr. Martoma respectfully requests that the Court extend his surrender date by 21 days until December 2, 2014, to allow his appellate counsel to file a motion for bail pending appeal in the Court of Appeals.

Thank you for your consideration.

Respectfully Submitted,

Richard M. Strassberg

cc:    Arlo Devlin-Brown, AUSA
       Eugene Ingoglia, AUSA
       Roberto Braceras, Goodwin Procter LLP