

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 10, 2014

**By ECF & Hand**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Centre Street
New York, NY 10007

   Re:   United States v. Martoma, 12 Cr. 973 (PGG)

Dear Judge Gardephe:

   The Government writes to address the letter submitted by Mathew Martoma (the ("defendant") dated October 3, 2014 (the "October 3 Letter") seeking to stay his court-ordered surrender date of November 10, 2014, and to grant his release pending appeal. For the reasons set forth below, the defense application should be denied.

**Applicable Law**

   The standards governing release pending appeal are set forth in Title 18, United States Code, Section 3143(b), which provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released," *and* "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in — (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

   That provision gives effect to Congress's view that "once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." *United States* v. *Miller*, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). Indeed, following a guilty verdict and sentencing, there is a "presumption in favor of detention." *United States* v. *Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). It is the defendant's burden to "rebut that presumption with clear and convincing evidence." *Id.* There is no exception to this rule for defendants convicted of white-collar crimes.

Under this standard, a "substantial question" is "a 'close' question or one that very well could be decided the other way." *United States* v. *Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (quoting *United States* v. *Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985)). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* at 125 (quoting *United States* v. *Miller*, 753 F.2d at 23). With respect to these issues, "the burden of persuasion rests on the defendant." *Id.*

**Discussion**

**1. Martoma Has Failed to Identify a Substantial Appellate Issue**

Martoma has failed to identify any legal issue that is likely to result in the vacatur of his judgment of conviction. In fact, he does not even attempt to do so. Instead, he simply refers to his previously filed post-trial motions (for a judgment of acquittal and for a new trial), which this Court already has found unpersuasive and has rejected, and asserts without support that they present "several questions" that are "at the very least debatable or 'close.'" October 3 Letter at 3 (citing *Randell*). That exercise falls far short of satisfying his burden. Martoma cannot meet his burden under Section 3143(b) simply by listing a series of challenges and asserting that the Second Circuit might see things differently from this Court; he must demonstrate that these are close questions that "could be decided the other way," and that if they are decided the other way, vacatur of the conviction is likely. *United States* v. *Randell*, 761 F.2d at 125. His application falls well short of the mark.

In addition, Martoma asserts that his as yet unfiled appeal will raise "several other close questions" and mentions specifically an anticipated argument that unspecified evidence "was improperly excluded" and, without elaboration, that his sentence was "both procedurally and substantively unreasonable." October 3 Letter at 3. Here too, Martoma does nothing to support his burden to show that something about these vague, unspecified issues would raise close questions that make reversal of the conviction likely. Therefore, his application should be denied.

**2. Martoma Has Failed to Demonstrate that He Presents No Risk of Flight**

Martoma also argues that he does not present a risk of flight because he (i) has not yet fled the jurisdiction, (ii) has thus far complied with the terms of his pre-trial release, and (3) is a life-long U.S. citizen. (October 3 Letter at 2). Those arguments do, in fact, weigh in Martoma's favor, but they are outweighed by the reality that he now faces an actual (as opposed to hypothetical) serious sentence that has been imposed, the defendant's established capacity for self-interested deceit, and the defendant's ability to flee, if desired. Given the above, the Government submits that Martoma has failed in what the law makes clear is his burden to prove: that clear and convincing evidence establishes that Martoma will not flee. On this record, he cannot do so.

### 3. No extension of the Surrender Date Should Be Granted

Martoma requests, in the event that the Court denies his application seeking bail pending appeal, that the Court extend his surrender date by 21 days until December 2, 2014, to allow his appellate counsel to file a motion for bail pending appeal in the Court of Appeals. This application should be denied.

The jury returned a guilty verdict on all counts in this case on February 6, 2014, more than eight months ago. Sentencing was twice adjourned from the original date of June 10, 2014, ultimately taking place on September 8, 2014. There has been ample time for the defendant to prepare whatever he wished to prepare in order to make the current application, over the more than eight months since his conviction. Moreover, based on the defendant's submission to this Court, which fails to identify any substantial appellate issue, there is no basis to believe that the Second Circuit is likely to order bail pending appeal. Finally, with one month remaining before the surrender date, the defendant has ample to time to file an appeal in the Second Circuit and apply for whatever emergency relief that the defendant wishes to seek. Accordingly, the application should be denied.

Respectfully Submitted,

PREET BHARARA
United States Attorney

By: _____
Arlo Devlin-Brown
Eugene Ingoglia
Assistant United States Attorneys

cc: Richard Strassberg, Esq.
    Roberto Braceras, Esq.