UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    -against-<br><br>MATHEW MARTOMA,<br><br>                           Defendant. | No. 12-cr-00973 (PGG)<br>ECF Case<br><br>**THIRD PARTY PETITION OF ROSEMARY MARTOMA FOR HEARING ON FORFEITURE PROCEEDINGS PURSUANT TO 21 U.S.C. § 853** |

Rosemary A. Martoma, by her counsel, Goodwin Procter LLP, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, for her Petition for a Determination of Third Party Interest in Specific Properties Subject to Forfeiture ("Petition") states as follows:

## I.    FACTUAL BACKGROUND

1. This Petition arises out of the criminal forfeiture proceedings that are ancillary to the criminal proceedings against Mathew Martoma (the "Defendant").

2. The Petitioner is Rosemary A. Martoma, the wife of the Defendant. They were married on or about July 5, 2003, in Coral Gables, Florida.

3. Mrs. Martoma claims an interest in the property that is the subject of these criminal forfeiture proceedings. Under federal and Florida state law, Mrs. Martoma holds the sole interest or a vested spousal interest in a tenancy by the entirety, is a bona fide purchaser for value, and holds a constructive trust in the property.

4. Mrs. Martoma was a practicing pediatrician when she married the Defendant in 2003 and contributed her salary to the family income by depositing it into bank

accounts that she held jointly with the Defendant. But when their first child was born in 2005, Mrs. Martoma and the Defendant jointly agreed that she would give up her career in medicine so that Mrs. Martoma could take on a larger role in caring for their children and managing household affairs. Mrs. Martoma gave up her career based on the promise of equal ownership interest, possession, and control over all of the Defendant's income – including the family income derived from the Defendant's work outside of the household – regardless of the bank account or asset into which it was deposited or invested over the duration of their marriage.

       5.       Mrs. Martoma and the Defendant purchased their home at 234 Causeway Street, #1102, Boston, Massachusetts ("Boston Apartment"), and title to the property was duly recorded on or about March 29, 2004, both of their names appearing on the title and mortgage at the time of conveyance. Mrs. Martoma and the Defendant intended to have equal ownership interest, possession, and control over the Boston Apartment. The family moved to Connecticut in 2006, when the Defendant was hired to work at SAC Capital Advisors, L.P. ("SAC Capital"). After they moved out of their Boston Apartment, Mrs. Martoma and the Defendant managed, and continue to manage, the renting and maintenance of the property. Rental income from the Boston Apartment was part of the family income and contributed to the family accounts.

       6.       Mrs. Martoma and the Defendant purchased another property at 500 Atlantic Avenue, Unit 15G, Boston, Massachusetts ("Boston Rental Property"), and title to the property was duly recorded on or about November 17, 2006, both of their names appearing on the title and mortgage at the time of conveyance. Mrs. Martoma and the Defendant intended to have equal ownership interest, possession, and control over the Boston Rental Property. Mrs. Martoma and the Defendant managed the renting and maintenance of the property. Rental income from the Boston Rental Property was part of the family income and contributed to the

family accounts. In 2012, Mrs. Martoma and the Defendant arranged the subsequent sale of the Boston Rental Property. The proceeds of the sale were part of the family income and contributed to the family accounts.

7.  The Defendant received a bonus from SAC Capital in 2008. That bonus was paid into account number 22972552 at USAA Bank, which was held in the name of Mrs. Martoma and the Defendant (the "USAA Account").

8.  Mrs. Martoma and the Defendant filed joint tax returns every year since 2008. In those joint tax returns, Mrs. Martoma and the Defendant declared the entirety of the bonus payment from SAC Capital as their joint income and paid taxes on it as such.

9.  Mrs. Martoma has a joint ownership interest in the family home located at 2464 W. Maya Palm Drive, Boca Raton, Florida ("Florida Home"). Mrs. Martoma is on the title to the Florida Home and has appeared on the title to the Florida Home since that title was duly recorded on or about December 30, 2010, at the time of conveyance. Mrs. Martoma agreed to use her funds to purchase the Florida Home based on the promise that she would have equal ownership interest, possession, and control over the Florida Home.

10. Mrs. Martoma has a joint ownership interest in the account at American Express Bank with account number 1512369446 ("Amex Account"), which was opened on or about December 14, 2010, and held in the name of the Defendant. Mrs. Martoma agreed to transfer her funds into the Amex Account based on the promise that she would continue to have equal ownership interest, possession, and control over those funds.

11. Mrs. Martoma has the sole ownership interest in the account at ING Direct with account number 146674626 ("ING Account"), which was opened on or about June 17, 2011, and held in the name of Mrs. Martoma.

12. Mrs. Martoma has a joint ownership interest in the account at Vanguard with account number 88047594915 ("Vanguard Account"), which was opened on or about February 2, 2011, and held in the name of the Mathew and Rosemary Martoma Foundation, by reason of Mrs. Martoma being President of the Vanguard Account.

13. Mrs. Martoma contributed to the acquisition and subsequent enhancement of each of the Florida Home, Amex Account, ING Account, and Vanguard Account by, among other things, working at home as a wife and mother throughout the course of the marriage.

14. On November 26, 2012, the Defendant was arrested, and on December 21, 2012, an indictment was filed against him by the United States Attorney's Office ("USAO") charging securities fraud and conspiracy to commit securities fraud.

15. The original indictment filed on December 21, 2012, sought the forfeiture of "all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses."

16. On August 22, 2013, the USAO filed a superseding indictment, which sought the forfeiture of:

> all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not

limited to a sum of money of at least $9,300,000 in United States currency representing the proceeds obtained as a result of the charged offenses alleged in this Indictment, and all right, title and interest in the following specific property:

   a. The real property and appurtenances, with all improvements and attachments thereon, located at 2464 W. Maya Palm Drive, Boca Raton, Florida, more particularly described as Parcel ID 06-43-47-29-10-005-0020;

   b. Up to $3,246,320.62 in funds on deposit in account number 1512369446 at American Express Bank, held in the name of Mathew C. Martoma;

   c. Up to $245,000 in funds on deposit in account number 146674626 at ING Direct, held in the name of Rosemary Martoma; and

   d. Up to $934,897.77 in funds or other assets in account number 88047594915 at Vanguard, held in the name of Mathew and Rosemary Martoma Foundation.

(collectively, the "Specific Properties").

17. On or about September 24, 2013, the Court entered a Post-Indictment Consensual Protective Order pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461, and 21 U.S.C. § 853, restraining the Specific Properties.

18. After a month-long jury trial, the Defendant was convicted on February 6, 2014. The Defendant has since filed an appeal.

19. On September 8, 2014, the Defendant was sentenced and ordered to forfeit (i) $9,380,322 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in the August 22, 2013, superseding indictment, and (ii) all of **his** right, title and interest in the Specific Properties. The forfeiture order was entered on the docket on September 9, 2014, and deemed final **as to the Defendant**.

20. On September 12, 2014, Mrs. Martoma received correspondence from the USAO instructing her to file a petition for a hearing to adjudicate the validity of her interest in the Specific Properties within thirty-five days of the date of the letter. (Exhibit A).

## II.     LEGAL STANDING OF THE PETITIONER

21. Mrs. Martoma opposes the forfeiture of the Specific Properties, as she has a specific ownership interest in (1) the Florida Home, (2) the funds on deposit in the Amex Account, (3) the funds on deposit in the ING Account, and (4) the funds or other assets in the Vanguard Account for the reasons set forth below. The Amex Account and Vanguard Account collectively are referred to herein as the "Joint Bank Accounts."

22. The Government cannot seize Mrs. Martoma's ownership interest in the Specific Properties because forfeiture in federal criminal proceedings is **in personam**: it is designed to punish the offender and thus cannot be imposed upon Mrs. Martoma. Under § 853, the government's interest is coextensive with that of the defendant, because it is entitled **only** to the forfeiture of property of the defendant.

## III.     LEGAL POSITION OF THE PETITIONER

23. Mrs. Martoma claims an ownership interest in the Specific Properties, which arises from her joint ownership interest in the Florida Home and Joint Bank Accounts, and her sole ownership interest in the ING Account. Under federal and Florida state law, Mrs. Martoma holds the sole interest or a vested spousal interest in a tenancy by the entirety, is a bona fide purchaser for value, and holds a constructive trust in each of these Specific Properties.

24. Mrs. Martoma has a legal right, title, and interest in the Specific Properties pursuant to 21 U.S.C. § 853(n)(6)(A), rendering the forfeiture of the Specific Properties invalid.

Under Florida law, Mrs. Martoma holds a tenancy by the entirety property interest in the Florida Home and Joint Bank Accounts. As a tenant by the entirety, Mrs. Martoma holds an indivisible right to own and occupy the entirety of each of the Florida Home and Joint Bank Accounts. Indeed, property held in tenancy by the entirety is not unilaterally severable, and neither spouse can sell, forfeit, or encumber any part of the property without the consent of the other. In addition, Mrs. Martoma holds the sole property interest in the ING Account. The legal right, title, and interest in the Specific Properties were vested in Mrs. Martoma at the time of the commission of the acts that gave rise to the forfeiture of the Specific Properties.

25. Mrs. Martoma is a bona fide purchaser for value of the right, title, and interest in the Specific Properties pursuant to § 853(n)(6)(B), rendering the forfeiture of the Specific Properties invalid. At the time that Mrs. Martoma and the Defendant received the income used to purchase the Florida Home, and open the Joint Bank Accounts, and the ING Account, Mrs. Martoma was reasonably without cause to believe that the Specific Properties were subject to any forfeiture constraints. Indeed, the Defendant was not arrested until November 2012 – after the Specific Properties were acquired.

26. Mrs. Martoma has a constructive trust with regard to each of the Specific Properties because she agreed to give up her career, and care for the household and children, based on the promise that she would have equal, joint ownership of all income derived from the Defendant's work outside of the household. Similarly, she relied on the promise of continued equal, joint ownership of the Florida Home and Joint Bank Accounts, and sole ownership of the ING Account, when she agreed to each transfer of her funds, including the family income

derived from the Defendant's work outside of the household, into an asset or bank account. Because the Government is entitled to seize only the Defendant's property interest, any taking of Mrs. Martoma's property interest would work an unjust enrichment.

**WHEREFORE**, Mrs. Martoma respectfully prays the Court to set a Hearing and to allow and permit the Petitioner to set forth testimony and evidence that the Petitioner is the rightful owner of her interest in the Specific Properties, thereby granting the relief sought herein.

Dated: October 14, 2014
New York, NY

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/Richard M. Strassberg
    Richard M. Strassberg (RS5141)
     (rstrassberg@goodwinprocter.com)
    Daniel Roeser (DR2380)
     (droeser@goodwinprocter.com)
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    Roberto M. Braceras (RB2470)
     (rbraceras@goodwinprocter.com)
    53 State Street
    Boston, Massachusetts 02109

*Attorneys for Rosemary A. Martoma*

## VERIFICATION

Under penalty of perjury, I acknowledge these allegations to be true to the best of my knowledge.

_____
Rosemary A. Martoma
Dated: October 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2014, I caused a true and correct copy of the foregoing to be served by electronic mail and hand delivery on all counsel of record.

/s/ Richard M. Strassberg\
Richard M. Strassberg (RS5141)