USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/21/2014_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MATHEW MARTOMA,

Defendant.

**ORDER**

12 Cr. 973 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On February 6, 2014 – after a month-long trial – a jury convicted Defendant

Mathew Martoma of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and

of two substantive counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17

C.F.R. §§ 240.10b-5 and 240.10b5-2, and 18 U.S.C. § 2.  The Superseding Indictment charges

that between summer 2006 and July 29, 2008, Martoma caused his employer, the hedge fund

S.A.C. Capital Advisors, LLC ("SAC Capital"), to trade on the basis of material non-public

information.  (Superseding Indictment (Dkt. No. 61) ¶¶ 1, 8, 14)  The evidence at trial showed

that Martoma obtained material, non-public information from two doctors – Sidney Gilman and

Joel Ross – about the Phase II clinical trial of bapineuzumab, a drug it was thought might be

useful in treating Alzheimer's disease.  Elan Corporation, plc and Wyeth owned rights to the

drug and were responsible for the clinical trial.  The charges against Martoma relate to trading in

the securities of these companies.

On September 8, 2014, this Court sentenced Martoma to, inter alia, 9 years'

imprisonment.  (Dkt. No. 315)  Martoma was ordered to surrender on November 10, 2014.  (Id.)

In an October 3, 2014 letter, Martoma moves for bail pending appeal.  (Dkt. No.

321)  Martoma argues that bail pending appeal is warranted based on the "grounds for reversal

[raised] in his post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33" and because his appeal "will raise several other close questions . . . including, among other things, that evidence was improperly excluded and his sentence was both procedurally and substantively unreasonable." (Id. at 2-3)  In the event that this Court denies his application, Martoma requests that this Court extend his surrender date to December 2, 2014, to allow him to file a motion for bail pending appeal in the Court of Appeals.  (Id. at 3)

> Under 18 U.S.C. § 3143(b)(1),
>
> [a] judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> >
> > > (i) reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or
> > >
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person [pending appeal] . . .

18 U.S.C. § 3143(b)(1) (emphasis added).

> Accordingly,

before a district court may grant bail pending appeal, it must find:

> "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed."

United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (quoting United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985)). "[A] substantial question 'is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way.'" Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

The statute thus creates a "presumption that a defendant who has received a sentence of imprisonment will be detained pending appeal," United States v. Ciccone, No. 07 Cr. 399 (DLC), 2008 WL 2498242, at *1 (S.D.N.Y. June 19, 2008), and "[t]he defendant bears the burden of establishing that he is entitled to release pending appeal." United States v. Archer, 813 F. Supp. 2d 339, 343 (E.D.N.Y. 2010); see Randell, 761 F.2d at 125 ("[O]n all the criteria set out in subsection (b), the burden of persuasion rests on the defendant.").

As set forth in this Court's (1) September 4, 2014 order denying Martoma's Rule 29 and Rule 33 motions (Dkt. No. 303); (2) September 5, 2014 order addressing Martoma's objections to the Probation Department's calculation of gain under the Sentencing Guidelines (Dkt. No. 306); and (3) remarks at sentencing, the evidence of Martoma's guilt at trial was overwhelming. None of Martoma's arguments regarding the sufficiency of the evidence or legal error at trial are persuasive. Nor has Martoma articulated any basis for finding that his sentence was procedurally or substantively unreasonable.

Because Martoma has not demonstrated that his appeal is likely to raise a substantial question of law or fact, his motion for bail pending appeal, or alternatively for an extension of his surrender date, is denied.

Dated: New York, New York
       October 20, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge